IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) No. 21-cv-06243 |
| | ) |
| v. | ) Judge Jeffrey I. Cummings |
| | ) |
| JUSTO RODRIGUEZ #17897, | ) |
| THOMAS J. DART, | ) |
| and COOK COUNTY, et al | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Now before the Court is defendants' Motion to Stay. (Dckt. #85). For the following reasons, the motion is denied.

### I. BACKGROUND

In his amended complaint, plaintiff Christian Gonzalez brings three claims under 42 U.S.C. §1983 asserting that: (1) he was subjected to excessive and unnecessary force by three defendant correctional officers in an elevator in Cook County Jail on May 7, 2020; (2) eleven other defendant correctional officers failed to intervene to prevent the violation of his constitutional rights; and (3) the violation of his constitutional rights was caused by a widespread practice at Cook County jail of correctional officers using elevators that lack security cameras to beat detainees that defendant Sheriff Dart knew of, approved, and/or deliberately turned a blind eye to. (Dckt. #84). Plaintiff filed this lawsuit on November 22, 2021.

On July 22, 2020, the State's Attorney of Cook County indicted plaintiff on two counts of aggravated battery to a peace officer (defendant correctional officer Sacuta) in connection with an incident that occurred in plaintiff's cell on May 7, 2020, prior to when plaintiff was removed

1

from his cell by correctional officers and placed into the elevator where the alleged attack which led to the claims in this case occurred. (Dckt. #85 at 1-2; Dckt. #92 at 2). Despite the fact that these criminal charges were filed against plaintiff over three years ago, the criminal case – one of six criminal cases pending against plaintiff in Cook County (Dckt. #92 at 11) – has not yet been set for trial.

Defendants now seek to stay this civil case pending the disposition of plaintiff's criminal case on the grounds that the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), warrants a stay, or, in the alternative, that the interests of justice require this Court to exercise its inherent power to stay this civil matter. (Dckt. #85 at 2-6). The Court disagrees.

## II. ANALYSIS

### A. *Younger* abstention is inapplicable because the litigation of plaintiff's Section 1983 claims will not undermine his ongoing state criminal prosecution.

As a general matter, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" and "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976). Abstention may be appropriate in certain narrow and exceptional circumstances, *Id.*, at 813, such as those articulated by the Supreme Court in *Younger v. Harris*. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). "*Younger* abstention originally required federal courts to abstain when a criminal defendant seeks a federal injunction to block his state court prosecution on federal constitutional grounds." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018). The "doctrine has been expanded and now applies to federal claims for damages when the federal claims 'are potentially subject to adjudication' in the state criminal proceeding." *Hill v. City of Hammond, Ind.*, No. 2:10-CV-393-JTM-PRC, 2012 WL 5304177, at *3 (N.D.Ind. Oct. 25, 2012), *quoting Simpson v. Rowan*, 73 F.3d 134, 138

(7th Cir. 1995).[1]  For example, the Seventh Circuit held in *Simpson* that *Younger* abstention was appropriate because the "federal judgment might undermine the [state] court's consideration of [plaintiff's] constitutional defenses to his criminal conviction" if plaintiff "prevail[ed] on his federal damages action before the conclusion of the state . . . court proceedings."  *Simpson*, 73 F.3d at 138 (noting that plaintiff sought damages for injuries caused by the warrantless search of his apartment and his arrest that led to his felony murder charge and conviction).

The Court's first consideration in determining whether to abstain under the *Younger* doctrine is to ascertain "whether the federal relief sought would in fact interfere in some manner in the state court litigation."  *Bembenek v. Donohoo*, 355 F.Supp.2d 942, 957 (E.D.Wisc. 2005); *see FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) ("*Younger* and its progeny require federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances – like bias or harassment – exist which auger against abstention.") (internal quotation marks omitted).  Indeed, "[i]f the federal action is unlikely to interfere with the state proceeding, abstention serves no useful purpose." *Bembenek*, 355 F.Supp.2d at 957.

In this case, plaintiff does not seek to enjoin, declare invalid, or otherwise terminate the criminal prosecution pending against him in state court.  To the contrary, he denies that litigation of this civil case will interfere in any way with the criminal case.  (Dckt. #92 at 6).

For their part, defendants assert that "this case fits squarely within the *Younger* abstention doctrine" because the incident in plaintiff's cell and the incident in the elevator "were close in

---

[1] *Younger* abstention also applies where federal jurisdiction "would intrude into certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions, or into civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts."  *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 816 (7th Cir. 2014) (internal quotation marks omitted).

time" and involve the same witnesses whose depositions in this civil case would "have a direct bearing on the outcome of the criminal case." (Dckt. #96 at 2-5). However, the facts regarding the timing of the incidents and the identity of the witnesses do not mandate abstention under *Younger* because "'the pendency of an action in [a] state court is no bar to proceedings concerning the *same* matter in the Federal court having jurisdiction.'" *Sprint*, 571 U.S. at 73, *quoting Colorado River*, 424 U.S. at 817 (emphasis added). Instead, defendants must fit this case within the narrow confines of *Younger* by showing that proceeding with discovery in this case would "undermine" the state court's consideration of the criminal charges against plaintiff. *Simpson*, 73 F.3d at 138.

Defendants have not made this showing. Plaintiff's alleged criminal activity took place while he was in his cell. What happened later when he was in the elevator *after* his removal from the cell has no bearing on what *previously* occurred in his cell. Consequently, the focal point of this case (namely, what happened in the elevator) does not implicate the previously completed actions which are the focus of the criminal trial. *Cf. Cady v. S. Suburban Coll.,* 152 Fed.Appx. 531, 533 (7th Cir. 2005) (citing *Simpson* for the proposition that "a civil suit seeking damages for an illegal search should be stayed when the legality of the search is at issue in the state criminal proceeding."). For these reasons, plaintiff's continued litigation and potential success in this civil case will not undermine the state's criminal case.

**B. The interests of justice do not favor a stay of this civil case.**

This Court also has the inherent power to stay civil proceedings "when the interests of justice so dictate." *Doe v. City of Chicago*, 360 F.Supp.2d 880, 881 (N.D.Ill. Jan. 18, 2005) (citing cases). In determining whether to stay civil proceedings when a parallel criminal case exists, courts consider the following factors: "(1) whether the two actions involved the same subject matter, (2) whether the two actions are brought by the government, (3) the posture of the

4

criminal proceeding, (4) the public interests at stake, (5) the plaintiff's interests and possible prejudice to the plaintiff, and (6) the burden that any particular aspect of the proceedings may impose on the defendants." *Id*. For many of the same reasons explained above, each of the *Doe* factors weigh against a stay.

First, the criminal prosecution and the instant civil litigation do not involve the same subject matter. To reiterate, the criminal prosecution centers on what occurred in plaintiff's cell whereas plaintiff's Section 1983 claims arise out what subsequently occurred in the elevator. Although defendants attempt to merge the incidents in plaintiff's cell and the jail elevator into a single episode, those incidents were separated by the intervening acts of correctional officers subduing, detaining, and moving plaintiff from his cell to the elevator. *Cf. Doe*, 360 F.Supp.2d at 881 ("The state criminal charges pertain to the same time period and same general sets of allegations made in the Plaintiff's civil suit."). Thus, unlike situations where the "same events" form the basis of the criminal and civil actions, proof of the criminal charges against plaintiff would not dictate the outcome of his Section 1983 claims against defendants, and vice-versa.

Second, as defendants concede in their reply, the government did not bring both the criminal prosecution and this civil litigation. Thus, the "danger that the government may use civil discovery to obtain evidence and information for use in its criminal prosecution, and by doing so, circumvent the Fifth Amendment rights against self-incrimination" is not present because plaintiff initiated this civil litigation. *Cruz v. County of DuPage*, No. 96 C 7170, 1997 WL 370194, at *3 (N.D.Ill. June 27, 1997); *Lee v. City of Chicago*, 09 C 3409, 2009 WL 10739927, at *2 (N.D.Ill. Oct. 9, 2009).

Third, defendants argue that a stay is warranted because plaintiff's criminal proceeding has been pending for over three years. (Dckt. #85 at 6; Dckt. #96 at 6). This fact, standing

5

alone, does not provide the Court with sufficient information to determine whether the posture of the criminal case warrants a stay under the circumstances here. Defendants (who are represented by the Cook County State's Attorney's Office) provide no information as to the status of the criminal case aside from the fact that an indictment was returned against plaintiff. Moreover, plaintiff asserts in his response – without contradiction by defendants in their reply – that the State's Attorney's Office has elected to proceed first with the other criminal cases pending against plaintiff before turning to the criminal case at issue here. (Dckt. #92 at 10).

Fourth, the parties agree that "the public has an interest in the prompt disposition of civil litigation." *See, e.g.*, *Robinson v. Wood*, No. 2:20-cv-02341-SLD-JEH, 2021 WL 354460, at *3 (C.D.Ill. Feb. 2, 2021). Although the Court agrees with defendants that the public also has an interest in the unhindered prosecution of a defendant who is indicted for a violent crime against a peace officer, this case has not hindered the state's ability to prosecute plaintiff. Indeed, plaintiff was indicted sixteen months *before* he filed this civil lawsuit. There is no stated or apparent explanation for why the state did not try plaintiff on the criminal charges during that time. Defendants have likewise offered no explanation for why plaintiff was not tried on the criminal charges during the additional two-year time period after he filed this lawsuit.

Fifth, "plaintiff has a significant interest in having his case resolved and obtaining compensation if he proves he is entitled to it." *Fick v. Parker*, No. 20 CV 50070, 2020 WL 4815904, at *6 (N.D.Ill. Aug. 18, 2020). Plaintiff also raises a legitimate concern of prejudice created by the prospect that memories of witnesses may fade and the individual defendants may change jobs or move away during an indeterminate stay of this action. *See Stoner v. Graddick*, 751 F.2d 1535, 1544 (11th Cir. 1985) ("Over a greater period of time witnesses are more likely to die, documents may well disappear or be destroyed, and memories are much more likely to

fade."); *Covert v. Cellco Partnership*, 563 F.Supp.3d 767, 772 (M.D.Tenn. 2021) ("Prejudice occurs where the passage of time leads to missing or unavailable evidence or the possibility of [witnesses'] faded memories.") (internal quotation marks omitted).

Finally, defendants assert that "should Plaintiff assert his Fifth Amendment privilege throughout his deposition, such a tactic will unquestionably impede Defendants' ability to gather information and negatively affect Defendants' defense in this civil rights lawsuit." (Dckt. #85 at 6). The Court is not persuaded. Plaintiff indicates that he will only assert his Fifth Amendment privilege in response to questions that concern whether he assaulted defendant Sacuta. (Dckt. #92 at 11). To the extent that defendants' theory of defense in this case is that plaintiff suffered the injuries he complains of in his jail cell (and not in the elevator), plaintiff's invocation of his Fifth Amendment privilege in response to questions about what occurred in the cell might *benefit* defendants because the jury here would be permitted to draw an inference that the answers to those questions would be adverse to plaintiff. *See Daniels v. Pipefitters' Ass'n Local Union No. 597*, 983 F.2d 800, 802 (7th Cir. 1983). Thus, the party facing potential harm by plaintiff's invocation of the Fifth Amendment in this civil case is plaintiff himself.

In sum, each of the *Doe* factors weigh against a stay of the proceedings in this case.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay proceedings, (Dckt. #85), is denied.

**Date: November 17, 2023**

_____
**Jeffrey I. Cummings
United States District Court Judge**