**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 6243 |
| | ) | |
| vs. | ) | |
| | ) | Judge Cummings |
| J. RODRIGUEZ, #17897, D. RASIC, | ) | |
| A. SACUTA, #17496, J. CARDEN #17367, | ) | |
| E. DURAN, #3214, S. STROH #17809, | ) | |
| J. CHAVEZ, T. BEYER, B. CONTORNO | ) | |
| A. DUHARKIC, J. VAN GIESEN, | ) | |
| M. KRZEMINSKI, W. FILIPIAK, | ) | |
| SERGEANT SHEEHAN, | ) | |
| THOMAS J. DART, and COOK COUNTY | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Rasic, Sacuta, Carden, Duran, Stroh, Chavez, Beyer, Contorno, Duharkic, Van Giesen, Krzeminski, Rodriguez, Filipiak, Sheehan, Thomas J. Dart ("Sheriff's Office") and Cook County (collectively, "Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, Johnson & Bell, Ltd., respectfully move this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Count II (Failure to Intervene) against Defendant Sheehan and Count III (*Monell*) against Defendants Thomas J. Dart and Cook County.

**INTRODUCTION**

On December 6, 2021, Plaintiff, a pre-trial detainee, filed a civil rights action under 42 U.S.C.§1983 alleging unreasonable use of force and failure to intervene against Cook County Sheriff Correctional Officers Rodriguez, Sacuta, Carden, Durant, Stroh, Rasic, Beyer, Chavez, Duharkic, Contorno, Van Giesen, Krzeminski and Filipiak, based on an incident which is alleged

1

to have occurred in an elevator on May 7, 2020. (Dkt. #6, Cmplt.) On August 21, 2023, more than two years after the alleged incident at issue, Plaintiff filed a First Amended Complaint. (Dkt. #84, Am. Cmplt.) In the amendment, Plaintiff seeks to name an additional party, Sergeant Sheehan, to his failure to intervene claim (Count II). *Id.* Additionally, Plaintiff's First Amended Complaint alleges for the first time that Plaintiff's rights were violated on account of the unconstitutional policies and practices put in place by Defendant Dart in his Official Capacity as the Cook County Sheriff. *Id.*

Plaintiff's claims regarding a violation of Plaintiff's constitutional rights pursuant to *Monell* (Count III), and Plaintiff's claim regarding failure to intervene as it relates to Defendant Sheehan (Count II) are time-barred by the two-year statute of limitations and should be dismissed. Alternatively, if this Court finds Plaintiff's *Monell* claim (Count III) is not barred by the statute of limitations, it should nevertheless be dismissed because of Plaintiff's failure to sufficiently plead a viable *Monell* claim against Defendants.

**FACTUAL ALLEGATIONS**

The following pertinent facts are taken from the First Amended Complaint and are presumed to be true solely for the purpose of this motion to dismiss. On May 7, 2020, Plaintiff was in the custody of the Cook County Department of Corrections ("CCDOC"), and alleges he was assaulted after being escorted to an elevator on his way to the dispensary by Officers Rodriguez, Rasic and Duharkic. (Am. Cmplt. at ¶¶29-39.) Plaintiff further alleges that several of the Defendant officers were present, or in the vicinity of the Plaintiff at the time the alleged unreasonable force was being used and failed to intervene. (*Id.* at ¶¶64-72.) Finally, Plaintiff alleges that there is a widespread practice of Cook County jail officers beating detainees in

elevators that lack security cameras and that a failure to investigate, discipline, train and supervise these officers was the moving force behind Plaintiff's injury. (*Id.* at ¶¶51-55, 74-75.)

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss "challenges a complaint for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the Court accepts as true all well-pleaded facts in the Plaintiff's complaint and must construe the complaint in the 'light most favorable to the' plaintiff.' However, the Court is not 'obliged to accept as true legal conclusions or unsupported conclusions of fact.'" *Stewart v. JP Morgan Chase Bank, N.A.*, No. 18 C 7584, 2020 WL 433888, at *2 (N.D. Ill. Jan. 28, 2020) (internal citations omitted). The court will dismiss for failure to state a claim where the face of the complaint reveals obvious, "built in" affirmative defenses, such as statute of limitations. *Xechem, Inc., v. Bristol-Meyers Squibb Co.,* 372 F.3d 899, 901 (7th Cir 2004).

Courts "must also consider 'documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'" *Jafri v. Chandler LLC,* 970 F. Supp. 2d 852, 855 (N.D. Ill. 2013) (quoting *Geinosky v. City of Chi.,* 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

## ARGUMENT

The Court should dismiss Count II (Failure to Intervene) against Defendant Sheehan and Count III (*Monell*) against Defendants Dart and County because the newly added claims are time-barred. Alternatively, Plaintiff's *Monell* claim (Count III) must be dismissed because it fails to adequately state a claim.

## I.     PLAINTIFF'S NEWLY ADDED CLAIMS AND PARTIES ARE BARRED BY THE APPLICABLE TWO-YEAR STATUTE OF LIMITATIONS

The time limit for bringing a lawsuit under Section 1983 is governed by state law, and

3

drawn from the limitations period provided by the forum state's personal injury statute. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Hatch v. Gilmore*, 1998 U.S. App. Lexis 9883 at *6 (7th Cir. May 15, 1998); *Johnson v. McCollum*, 2009 U.S. Dist. LEXIS 62424, 2009 WL 2176054 at *2. Section 1983 claims are governed by the two-year statute of limitations period in Illinois. *Dixon v. Chrans*, 986 F. 2d 201, 203 (7th Cir. 1993); *also see Hatch,* 1998 U.S. App. at *6. Federal courts apply the forum state's tolling rules, but federal law determines the date of accrual for Section 1983 claims. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); *also see Hatch,* 1998 U.S. App. at *7. The statute of limitations begins to run when a plaintiff knew or should have known that his or her constitutional rights were violated. *Savory v. Lyons*, 469 F.3d 667, 672 (7th 2006).

### A. Plaintiff's Failure to Intervene Claim (Count II) against Sgt. Sheehan is Time-Barred

In this case, the statute of limitations began to run on May 7, 2020, the date of the alleged assault in the Division 9 elevator. (Am. Cmplt., ¶23.) This is further substantiated by the handwritten grievance that was attached to Plaintiff's original complaint filed on December 6, 2021. (Cmplt. at p.13.) Plaintiff knew the names of the officers involved and listed each of them in a grievance on May 13, 2020, and in his original pro se complaint filed on December 6, 2021. *Id.* Notably, however, Plaintiff failed to name Defendant Sergeant Sheehan as an involved party until the First Amended Complaint was filed, over three years after the purported injury was sustained. (Am. Cmplt. at ¶68.)

Defendants acknowledge that "an amended pleading will relate back to the original pleading, 'if the amendment alleges events close in time and subject matter to those previously alleged, and if they led to the same injury.'" *Billups-Dryer v. Vill. of Dolton*, 2023 U.S. Dist. LEXIS 172727, at *14 (N.D. Ill. Sep. 27, 2023) citing *In re Safeco Ins. Co. of Am.*, 585 F.3d 326,

331 (7th Cir. 2009); Fed. R. Civ. P. 15(c). The key question in determining whether a new claim will relate back is "whether the original pleading furnishes the defendant with notice of the events that underlie the new contention." *Id.* Plaintiff's failure to intervene claim against Sgt. Sheehan does not relate back to the date of his initial complaint. As stated previously, the original complaint and corresponding grievance make no mention of Defendant Sheehan or his involvement on the date of the incident, much less his alleged failure to intervene. The original complaint carefully lays out six officers by name who may have been present for the incident and failed to intervene, but excludes Sgt. Sheehan. (Cmplt. at pp. 6-7.) Moreover, Plaintiff has failed to serve the complaint and summons on Defendant Sheehan within 90 days after the complaint's filing as required under Rule 4(m). In light of this, Plaintiff cannot satisfy the relation-back doctrine of Fed. R. Civ. P. 15(c)(1)(C). As such, any claims against Defendant Sheehan should be dismissed with prejudice as untimely.

**B. Plaintiff's Monell Claim (Count III) Against Sheriff Dart and Cook County is Time-Barred**

It is well established that a *Monell* claim is subject to a two-year statute of limitations. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). The incident at the center of Plaintiff's Amended Complaint occurred on May 7, 2020. (Am. Cmplt. at ¶23.) Plaintiff filed his First Amended Complaint adding a *Monell* claim on August 21, 2023, over one year after the statute of limitations had expired. *Id.* Consequently, this claim should be dismissed in its entirety.

In this new count, Plaintiff alleges that there is a widespread practice of Cook County jail officers beating detainees in elevators that lack security cameras. (*Id.* at ¶¶51-54, 74-75.) Plaintiff also claims that the Sheriff's Office failed to train, discipline, investigate and supervise officers which perpetuated this unlawful use of force. (*Id.* at ¶¶55, 75.) Plaintiff's new *Monell* allegations do not relate back to the date of his initial complaint because his original filing contained no

5

references to a custom or practice of detainees being assaulted by staff in elevators without cameras or to a lack of training, supervision or investigation of officers by the Sheriff's Office. *See Mann v. Gibbs*, 2017 U.S. Dist. LEXIS 152013, at *14-15 (S.D. Ill. Sep. 19, 2017) (Court found that Plaintiff's *Monell* claim, as pled in his Amended Complaint did not relate back to the date of the initial complaint where the original complaint contained no references to Jackson County's unconstitutional policies and/or procedures).

Moreover, the original pleading did not put Sheriff Dart on notice of this newly added policy claim. *See Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 741 (7th Cir. 2018) ("The central inquiry under Rule 15(c) is whether the original complaint 'gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.'") (quoting *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006)); *see also Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010) (explaining that the purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits"). Here, new claims related to a policy or practice of beating detainees in elevators without cameras and the alleged failure to train/investigate staff on their use of force are claims that do not relate back to Plaintiff's original complaint and should be barred.

## II. PLAINTIFF FAILS TO STATE A *MONELL* CLAIM (COUNT III) AGAINST DEFENDANTS SHERIFF DART AND COOK COUNTY

Should this Court determine that Plaintiff's *Monell* claim is timely, his policy claim must still be dismissed because of his failure to plead sufficient facts in his Amended Complaint to hold the

Defendants liable under §1983. In *Monell v. Dep't of Soc. Servs. of City of New York*, the Supreme Court stated that "a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Id.* at 691 (1978). To state a *Monell* claim then, Plaintiff must allege that his constitutional injury was caused by: "(1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well-settled that it constitutes a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused a constitutional injury." *Hutton v. City of Chicago*, No. 2021 WL 809731, at *2 (N.D. Ill. Mar. 3, 2021) citing *Rossi v. City of Chi.*, 790 F.3d 729, 737 (7th Cir. 2015). Under *Monell,* Defendants may be liable for any deprivation of Plaintiff's constitutional rights only if they caused the deprivation. *Monell*, 436 U.S. at 691-692.

Here, Plaintiff's amended complaint appears to be relying on the third approach, alleging that Plaintiff's injury was caused by Defendant's widespread practices of: 1) assaulting detainees in elevators lacking security cameras; 2) failing to investigate or discipline officers who repeatedly beat detainees in elevators that lack security cameras; and 3) failing to train correctional staff on use of force. (Am. Cmplt. at ¶75.)

Although the Seventh Circuit has not adopted any bright-line rules for establishing what constitutes a widespread custom or practice, "it is clear that a single incident – or even three incidents – do not suffice." *Wilson v. Cook Cty.*, 742 F.3d 775, 780 (7th Cir. 2014). To sufficiently allege the existence of a widespread practice, Plaintiff must set forth some facts that his incident was not an isolated or random occurrence. *Turner v. City of Chicago*, 2020 WL 1548957, at *2-3 (N.D. Ill. Mar. 31, 2020). ("Turner's threadbare assertion that other instances similar to his have occurred in some manner, by some unspecified officers, during an unspecified time period, does

not raise Turner's claim for relief above speculation."); *Flores v. City of S. Bend*, 2021 WL 1903225 at *733 (7th Cir. May 12, 2021) ("Allegations that officers sometimes drive at high rates of speed do not show a sufficiently specific pattern of conduct to support the general allegation of a custom or policy. Finding otherwise would stretch the law too far, opening municipalities to liability for noncodified customs in all but the rarest of occasions, as long as a plaintiff can find a few sporadic examples of an improper behavior.")(citations omitted).

For the reason stated below, Defendants' motion to dismiss Plaintiff's *Monell* claim against Defendants should be granted because no facts are presented that would, if proven, establish that any of these "practices" were "widespread".

### A. Plaintiff's Amended Complaint Does Not Adequately Plead Facts of A Widespread Practice of Assaulting Detainees In Elevators That Lack Security Cameras

Plaintiff's claim in this case does not involve an allegation that Defendants' practice of having Sheriff staff transport inmates in Division 9 elevators lacking security cameras is unconstitutional on its face. Afterall, it does not violate the U.S. Constitution to transport detainees in elevators without security cameras. Rather, what is being alleged in the amended complaint is that there is a widespread practice of Sheriff staff taking advantage of the fact that there are no cameras in certain elevators in Division 9 by using those spaces to assault detainees out of view. (Am. Cmplt. at ¶51.)

Plaintiff has not alleged sufficient facts that raise the plausible inference that such a specific pattern or practice exists. In an effort to substantiate this allegation, Plaintiff's amendment lays out four lawsuits (all filed prior to May 7, 2020 with occurrences ranging in span from 2009-2018) where a detainee alleged that he was assaulted by correctional staff in an elevator that lacked security cameras. (*Id.* at ¶52.) Two of these cases are easily distinguishable, however. In *Jackson*, there were no allegations in the complaint that related to a lack of security cameras in the elevator,

or any suggestion that a lack of security cameras encouraged the unlawful assault on the detainee by the correctional staff. *Jackson v. Stubenvoll,* No. 16-cv-05746 (N.D. Ill. filed May 31, 2016) at Dkt. #1; 12. In *Hudson,* the complained of "elevator ride" occurred in Division 10, as opposed to Division 9 which is the Division complained of in the instant case. *Hudson v. Preckwinkle,* No. 13-cv-8752 (N.D. Ill. filed Dec. 6, 2013) at Dkt. #12, ¶109. As such, Plaintiff's Amended Complaint offers only two examples, one in 2018 and one in 2009 where beatings of detainees were alleged to have taken place in Division 9 elevators without cameras. (Am. Cmplt., ¶52(a),(e) respectively.)

Plaintiff does not offer any accompanying facts to allow this Court to plausibly infer that detainee assaults in unsecure elevators is a systemic issue and not just a random series of events. When a plaintiff complains of customs, widespread practices, or omissions in policies that allegedly cause a constitutional violation, the plaintiff must establish that "there is a true municipal policy at issue, not a random event" or an "isolated incident." *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). Here, pleading facts which demonstrate two similar occurrences within a decade is insufficient to establish a widespread practice. As such, Plaintiff fails to meet his burden at the pleading stage and his *Monell* claim alleging a pattern of Sheriff staff assaulting detainees in Division 9 elevators lacking security cameras, should be dismissed.

### B. Plaintiff's Amended Complaint Does Not Adequately Plead a Failure to Train Claim

In the Amended Complaint, Plaintiff further alleges that the Sheriff's widespread practice of failing "to train and supervise officers" was the proximate cause of his injury. (Am. Cmplt. ¶75.) While generally, *Monell* claims such as failure to train and improper hiring are not subject to a heightened pleading standard, given the complexity of these claims, a relatively high level of factual specificity is required at the pleading stage to make a failure to train claim facially

plausible. *Swanson v. Citibank*, N.A., 614 F.3d 400, 405 (7th Cir. 2010) ("a more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected."); *Winchester v. Marketti*, 2012 U.S. Dist. LEXIS 82761, 10 (N.D. Ill. June 8, 2012) ("a relatively high level of factual specificity is required at the pleading stage to make a failure to train claim facially plausible"). To demonstrate deliberate indifference in the failure to train context, a plaintiff typically must prove a pattern of similar constitutional violations by untrained employees. *Id.* citing *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011).

In an attempt to satisfy the pleading requirement, Plaintiff offers the following stand-alone allegation:

> 55. The practice of officers beating detainees in elevators without security cameras has also flourished due to Defendant Dart's failure to adequately train and supervise officers with respect to the appropriate use of force, including inside of the elevators at Cook County Jail to ensure the adequate supervision of detainees and officers and to ensure the safety of detainees. (Am. Cmplt., ¶55.)

This conclusory, speculative, and threadbare allegation falls woefully short of establishing that a broader pattern or practice of inadequate training exists. Here, Plaintiff's formulaic recitation that the Sheriff's Office had a policy of failing to train and supervise its employees is not enough to impose liability under *Monell* based upon a widespread custom or practice. Plaintiff's complaint does not plausibly allege adherence to a pattern of tortious conduct such that the Sherriff should have been put on notice of a need to provide additional training. *Winchester v. Marketti*, 2012 U.S. Dist. LEXIS 82761, 13 (N.D. Ill. June 8, 2012) (holding that even in a failure to train claim, Plaintiff must give details concerning other similar constitutional violations that have occurred at defendant jail such that Defendants' deliberate indifference to the consequences of a failed training program can be plausibly inferred). Likewise, pleading facts that demonstrate two instances of

excessive force in a Division 9 elevator (lacking security cameras) over the course of a decade does not adequately show a known pattern of tortious behavior by all employees, such that it would constitute deliberate indifference on behalf of the Sheriff's Office. *Doe v. Vigo County,* 905 F.3d 1038, 1045 (7th Cir. 2018) (holding that a "handful of incidents of misconduct," including three incidents of sexual contact, two incidents of inappropriate comments, and two allegations of harassment over two decades "is not enough to establish a custom or practice"); *Harvey v. Dart*, No. 2023 U.S. Dist. LEXIS 45235, at *29-31 (N.D. Ill. Mar. 17, 2023)(holding that six examples over two years is not sufficient to establish a widespread practice of constitutionally deficient dental care). Accordingly, Plaintiff's *Monell* claim against Defendants alleging a widespread practice of inadequate training of its employees should be dismissed.

### C. Plaintiff's Amended Complaint Does Not Adequately Plead Facts of A Widespread Practice of Failing to Investigate or Discipline Officers Who Repeatedly Beat Detainees In Elevators That Lack Security Cameras

Finally, Plaintiff alleges that his injury was caused by a widespread practice in which the Sheriff's Office failed to investigate or discipline officers who repeatedly beat detainees in elevators that lack security cameras. (Am. Cmplt. at ¶75(b)). However, Plaintiff fails to set forth facts of how this applied in his own case, much less examples to show that it was a pervasive or systemic issue. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1444 (7th Cir. 1990) (stating "It must be proven that the deficiency in the investigation actually caused the police officer's conduct. Here, there is no allegation or evidence that more complete investigations would have prevented the alleged physical abuse in this instance.") Consequently, his *Monell* claim alleging a pattern or practice of failing to investigate or discipline officers who repeatedly beat detainees in elevators that lack security cameras should also be dismissed.

## CONCLUSION

WHEREFORE, Defendants respectfully request this Court enter an order dismissing the claims in Plaintiff's Amended Complaint against Sgt. Sheehan (Count II-Failure to Intervene) and Count III (*Monell*) and grant whatever other relief the Court deems equitable and just.

Dated:  January 12, 2024

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

*/s/ Monica Burkoth*
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Tel: (312) 372-0770
Fax: (312) 372-9818