IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 6243 |
| | ) | |
| vs. | ) | |
| | ) | Judge Cummings |
| J. RODRIGUEZ, #17897, D. RASIC, | ) | |
| A. SACUTA, #17496, J. CARDEN #17367, | ) | |
| E. DURAN, #3214, S. STROH #17809, | ) | |
| J. CHAVEZ, T. BEYER, B. CONTORNO | ) | |
| A. DUHARKIC, J. VAN GIESEN, | ) | |
| M. KRZEMINSKI, W. FILIPIAK, | ) | |
| SERGEANT SHEEHAN, | ) | |
| THOMAS J. DART, and COOK COUNTY | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Rasic, Sacuta, Carden, Duran, Stroh, Chavez, Beyer, Contorno, Duharkic, Van Giesen, Krzeminski, Rodriguez, Filipiak, Sheehan, Thomas J. Dart ("Sheriff's Office") and Cook County (collectively, "Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, Johnson & Bell, Ltd., respectfully file this reply in support of their motion to dismiss Count II (Failure to Intervene) against Defendant Sheehan and Count III (*Monell*) against Defendants Thomas J. Dart and Cook County.

**I.    PLAINTIFF'S NEWLY ADDED CLAIMS AND PARTIES ARE BARRED BY THE APPLICABLE TWO-YEAR STATUTE OF LIMITATIONS**

  **A. Plaintiff's Failure to Intervene Claim (Count II) against Sgt. Sheehan is Time-Barred**

In his response, Plaintiff argues that his failure to intervene claim against Sgt. Sheehan relates back to the date of his initial complaint. Dkt. #144, Pl. Resp. at pp. 4-8. Plaintiff argues that Sgt. Sheehan should have known that the Plaintiff, had it not been for a mistake, intended to

1

include all officers who were involved in escorting him from his cell to the holding cell. *Id.* at 5. However, Plaintiff's response fails to explain how the omission of Sheehan from the original complaint was a mistake and not just ignorance, or a lack of information. *Shuhaiber v. Dec*, 2020 U.S. Dist. LEXIS 214912, at *13-14 (N.D. Ill. Nov. 17, 2020).

Plaintiff's assertion that he should be able to conduct discovery on the question of what Sheehan knew or should have known should be disregarded where it is abundantly clear that Plaintiff's omission of Sgt. Sheehan was not a "mistake" under the Civil Rules, but rather a lack of knowledge. Dkt. #114, Pl. Resp. at p. 7.; *Shuhaiber v. Dec*, 2020 U.S. Dist. LEXIS 214912, at *7 (N.D. Ill. Nov. 17, 2020). Because no discovery is needed, a dismissal on statute of limitations grounds can and should be granted as, in effect, a judgment on the pleadings under FRCP 12(c). *Id.* at *4-5 (N.D. Ill. Nov. 17, 2020)

Next, Plaintiff contends that his new claim against Sheehan is timely under the equitable tolling doctrine, arguing that the statute of limitations should have been tolled until the end of July 2023 when Defendants produced Sheehan's body worn camera footage which showed Sheehan's involvement in the escort. Dkt. #114, Pl. Resp. at p. 9. However, if Plaintiff's intention was to sue everyone involved in the escort, as alleged in his response, then Sheehan's involvement in the escort became known to him as early as October 14, 2022, when Defendants responded to Plaintiff's first request for production. Part of the document production included the Incident Report that was prepared in response to this event (CCSAO Gonzalez 180-182) as well as the OPR file which was opened in response to Plaintiff's grievance (CCSAO Gonzalez 186-245). Both mention Sergeant Sheehan by name and star number as having been involved in the incident in some capacity on the date in question. Because Plaintiff cannot satisfy the relation-back doctrine of Fed. R. Civ. P. 15(c)(1)(C) by showing that the omission was a mistake and where Plaintiff has

2

not demonstrated reasonable diligence in prosecuting his claim and identifying all parties involved in the escort, any new claim against Defendant Sheehan should be dismissed with prejudice as untimely.

### B. Plaintiff's Monell Claim (Count III) Against Sheriff Dart and Cook County is Time-Barred

As with Defendant Sheehan, Plaintiff has failed to demonstrate how his omission of Sheriff Dart and Cook County from the original complaint was a "mistake" as defined by Federal Rule 15(c)(1)(C)(ii). In the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of Rule 15(c)(1) whether or not the purported substitute party knew or should have known that the action would have been brought against him. *Pierce v. City of Chi.*, No. 09 C 1462, 2010 U.S. Dist. LEXIS 118356, at *13 (N.D. Ill. Nov. 8, 2010) citing *Baskin v. City of Des Plaines,* 138 F.3d 701 at 704. Nevertheless, Defendants have demonstrated in their motion that they were not put on notice of a policy claim against them and as such Count III must be dismissed.

Plaintiff's response incorrectly argues that Defendants failed to offer any legal authority to support the conclusion that the Sheriff was not put on notice of a policy claim. Dkt. #114, Pl. Resp. at p. 11. In their motion, Defendants cited to *Mann v. Gibbs*, 2017 U.S. Dist. LEXIS 152013, at *14-15 (S.D. Ill. Sep. 19, 2017) which found that Plaintiff's *Monell* claim, as pled for the first time in his Amended Complaint, did not relate back to the date of the initial complaint where the original complaint contained no references to the County's unconstitutional policies and/or procedures. The *Mann* court, distinguishing *Joseph v. Elan Motorsports Technologies Racing Corp.,* 638 F. 3d (555) (7th Cir. 2011) in its analysis, found that Plaintiff's amended complaint did not relate back because there was no mistake in identity of the proper party, just a failure to bring a *Monell* claim originally. *Id.* at *11. Here, Plaintiff fails to argue that the omission of Sheriff

Dart or Cook County from his original complaint was the result of a misunderstanding or mistake of identity and therefore the *Monell* claim should be dismissed as time-barred.

Plaintiff's assertion that dismissal of the *Monell* claim would be premature without knowing whether Sheriff Dart had adequate notice of the *Monell* claim should too be disregarded where Plaintiff has failed to meet the threshold requirement that his failure to name Sheriff Dart and the County in the initial complaint was a "mistake" as contemplated by the Civil Rules. *Shuhaiber v. Dec*, 2020 U.S. Dist. LEXIS 214912, at *7 (N.D. Ill. Nov. 17, 2020). Because no discovery is needed, a dismissal on statute of limitations grounds can and should be granted as, in effect, a judgment on the pleadings under FRCP 12(c). *Id.* at *4-5 (N.D. Ill. Nov. 17, 2020)

**II. PLAINTIFF FAILS TO STATE A *MONELL* CLAIM (COUNT III) AGAINST DEFENDANTS SHERIFF DART AND COOK COUNTY**

**A. Plaintiff's Amended Complaint Does Not Adequately Plead Facts of A Widespread Practice of Assaulting Detainees In Elevators That Lack Security Cameras**

In the event this Court finds that Plaintiff's *Monell* claim is timely, it should still be dismissed because Plaintiff's Amended Complaint fails to allege a systemic pattern of assaulting detainees on Division 9 elevators. Plaintiff's Amended Complaint offers only two relevant examples, one in 2018 and one in 2009, where a detainee was alleged to have been beaten by staff in a Division 9 elevator without a camera. (Am. Cmplt., ¶52(a),(e) respectively.) In his response, Plaintiff points to an article to further develop his purported widespread practice claim. Dkt. #144, Pltf. Resp. at pp. 13-14. Upon a closer look at the cited article, the inmate quoted by Plaintiff in his amended complaint, admits in the article that he has personally never experienced physical abuse and that, "the staff, they treat us pretty good. . ."[1] Moreover, his claim that "a lot of guys get physically

---

[1] Valerie Kiebala, *Sheriff Tom Dart says Cook County Jail is the first to end solitary confinement. Here's what it looks like from the inside.* THE CHICAGO REPORTER (Dec. 17, 2019), https://www.chicagoreporter.com/sheriff-tom-dart-says-cook-county-jail-is-the-first-to-endsolitary-confinement-heres-what-it-looks-like-from-the-inside/.

assaulted in the elevator" does not provide any specifics (who, when, where, etc.) which would allow this Court to infer a systemic practice of elevator assaults in Division 9.[2] In sum, none of the additional facts pointed out by Plaintiff assist in alleging that a broader pattern or practice existed at the time of Plaintiff's injury. Accordingly, Plaintiff's *Monell* claim against the Sheriff alleging a widespread practice of assaulting detainees in Division 9 elevators that lack security cameras should be dismissed.

### B. Plaintiff's Amended Complaint Does Not Adequately Plead a Failure to Train Claim

Plaintiff's failure to train claim is insufficient where it does not establish a pattern of similar constitutional violations by untrained employees. *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011). In his response, Plaintiff argues that the examples referenced in the amended complaint are sufficient to support a failure to train claim. Dkt. #114, Pl. Resp. pp. 14-15. The case law suggests otherwise. Two instances of excessive force in a Division 9 elevator over the course of a decade does not adequately show a known pattern of tortious behavior by all employees, which would establish that policymakers knew or should have known that training was deficient. *See Doe v. Vigo County,* 905 F.3d 1038, 1045 (7th Cir. 2018); *Harvey v. Dart*, No. 2023 U.S. Dist. LEXIS 45235, at *29-31 (N.D. Ill. Mar. 17, 2023). Since Plaintiff has not alleged sufficient facts to make his failure to train claim facially plausible, it should be dismissed. *Swanson v. Citibank*, N.A., 614 F.3d 400, 405 (7th Cir. 2010).

### C. Plaintiff's Amended Complaint Does Not Adequately Plead Facts of A Widespread Practice of Failing to Investigate or Discipline Officers Who Repeatedly Beat Detainees In Elevators That Lack Security Cameras

Finally, Plaintiff's claim alleging a failure to investigate and discipline officers also falls woefully short of the pleading standards and should be dismissed. In his response, Plaintiff argues

---

[2] *Id.*

(without any factual or legal support) that it is reasonable for this Court to infer that a policy of failing to investigate and discipline officers allowed the elevator assaults to perpetuate. Dkt. #114, Pl. Resp. at p. 15. However, Plaintiff has failed to put forth any facts which would allow this Court to infer that investigations did not take place and/or that more complete investigations would have prevented the alleged physical abuse here. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1444 (7th Cir. 1990). Consequently, Plaintiff's *Monell* claim alleging a pattern or practice of failing to investigate or discipline officers who repeatedly beat detainees in elevators that lack security cameras should also be dismissed due to its factual deficiency.

## CONCLUSION

WHEREFORE, Defendants respectfully request this Court enter an order dismissing the claims in Plaintiff's Amended Complaint against Sgt. Sheehan (Count II-Failure to Intervene) and Count III (*Monell*) and grant whatever other relief the Court deems equitable and just.

Dated: March 1, 2024

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

*/s/ Monica Burkoth*
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Tel: (312) 372-0770
Fax: (312) 372-9818

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-cv-6243 |
| | ) | |
| COOK COUNTY SHERIFF THOMAS DART, COOK COUNTY, AND SHERIFF'S OFFICERS SERGEANT SHEEHAN, JUSTO RODRIGUEZ, DAMIR RASIC, ALEN DUHARKIC, JOHN CHAVEZ, ANDREW SACUTA, JOHN CARDEN, ELIUD DURAN, STEVEN STROH, TIMOTHY BEYER, DOUGLAS CONTORNO, JUSTIN VAN GIESEN, MACIEJ KRZEMINSKI; AND WILLIAM FILIPIAKAS, | ) ) ) ) ) ) ) ) ) ) | Honorable Jeffrey I. Cummings Mag. Judge Maria Valdez |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I am one of the attorneys representing Defendants in this matter, and that on the 1st day of March, 2024, I served Defendants' Reply in Support of Their Motion To dismiss Plaintiff's First Amended Complaint on the following person(s) via email:

Andrew W. Vail
Jacob Patrick Wentzel
Kaitlin Mary Leskovac
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
312-222-9350
avail@jenner.com
jwentzel@jenner.com
kleskovac@jenner.com

/s/ *Monica Burkoth*
Attorney for Defendants
Monica Burkoth (burkothm@jbltd.com)
Adnan Shafi (shafia@jbltd.com)

1

JOHNSON & BELL, LTD.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770