IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN A. GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-cv-06243 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| J. RODRIGUEZ, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court has reviewed plaintiff's motion for leave to take in excess of ten depositions [129], and defendants' response [132]. For the following reasons, plaintiff's motion [129] is granted.

To begin, unless otherwise stipulated by the parties, Federal Rule of Civil Procedure 30 requires leave of court for a party to take more than ten depositions. Fed.R.Civ.P. 30(a)(2)(A)(i). Such leave should be granted when consistent with Rule 26. *U.S. Sec. & Exch. Comm'n v. SBB Rsch. Grp., LLC*, No. 19 C 6473, 2023 WL 4205532, at *7 (N.D.Ill. June 27, 2023). In turn, Rule 26 "requires a court to consider the relevance of the proposed deponents' testimony and whether allowing additional depositions would be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Cutrone v. Allstate Corporation*, No. 20 C 6463, 2023 WL 3074677, at *1 (N.D.Ill. Apr. 25, 2023) (cleaned up). Fed.R.Civ.P. 26(b)(1). Rule 26 further requires the Court to limit discovery if it determines, among other reasons, that the discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed.R.Civ.P. 26(b)(2). Assessing these factors here weighs in favor of allowing the depositions of the four remaining named defendant officers (Contorno, Van Giesen, Krzeminski, and Filipiak) to proceed.

First, although these four officers were not in the elevator during the incident in question, plaintiff has alleged that all of the officers who failed to intervene were "in the vicinity" and could have heard the alleged assault because the "elevator door was open." (Dckt. #84 at 16). Plaintiff has also brought a *Monell* claim alleging that there is a practice of "officers beating detainees in elevators that lack security cameras." (*Id*. at 17). In light of these allegations, the four remaining defendant officers may certainly provide unique and non-

cumulative testimony regarding their recollections of the incident and at Cook County generally that proves relevant to plaintiff's claims.

Second, as plaintiff argues, the remaining four officers are named defendants and thus plaintiff cannot seek information from them outside of the formal discovery process. This too weighs in favor of allowing their depositions to proceed. *See Armour v. Santos*, No. 19-CV-678-RJD, 2022 WL 16572006, at *10 (S.D.Ill. Nov. 1, 2022) ("As parties to this action, Plaintiff cannot use other means to find out what Defendants know and, as such, Plaintiff must be allowed to depose each defendant."); *Farris v. Kohlrus*, No. 17-CV-3279, 2020 WL 10691950, at *5 (C.D.Ill. June 12, 2020) (allowing depositions of named defendants over the ten deposition limit).

Finally, the Court does not find — nor have the defendants identified — any unnecessary burden or expense they will face if the four depositions proceed. Indeed, plaintiff has agreed to limit the depositions to three hours each, thereby further limiting the burden on the defendant officers and their counsel.

For all of these reasons, and within the Court's broad discretion to manage discovery, *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013), plaintiff's motion [129] is granted. Plaintiff is granted leave to take the depositions of defendants Contorno, Van Giesen, Krzeminski, and Filipiak (not to exceed three hours each). On its own motion, the Court extends the fact discovery deadline from 10/24/24 to 11/22/24 to allow for the completion of these depositions on mutually agreeable dates and times. The 10/18/24 status report deadline stands.

**Date: October 7, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**