IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>JUSTO RODRIGUEZ (#17897), DAMIR RASIC (#17493), ALEN DUHARKIC (#18248), JOHN CHAVEZ (#16361), ANDREW SACUTA (#17496), JOHN CARDEN (#17367), ELIUD DURAN (#3214), STEVEN STROH (#17808), TIMOTHY BEYER (#17914), DOUGLAS CONTORNO (#17467), JUSTIN VAN GIESEN (#16527), MACIEJ KRZEMINSKI (#17738), WILLIAM FILIPIAK (#17770), SERGEANT SHEEHAN (#3234), THOMAS J. DART, and COOK COUNTY,<br><br>    Defendants. | No. 21 CV 6243<br><br>Hon. Jeffrey I. Cummings |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OR INSPECTION
OF GRIEVANCES IN RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Plaintiff Christian A. Gonzalez, by his undersigned appointed pro bono attorneys, hereby moves the Court pursuant to Federal Rules of Civil Procedure 34(a)(1) and 37(a)(1) to compel Defendants to produce or, alternatively, make available for inspection Cook County Jail grievances in response to Mr. Gonzalez's Request for Production No. 8 ("RFP 8") from his Second Set of Requests for Production. In support of his motion, Mr. Gonzalez states as follows.

**INTRODUCTION**

Mr. Gonzalez's RFP 8 seeks discovery of grievances relating to other incidents in which Cook County Jail detainees were, like him, assaulted in an elevator without a camera in Division 9 of Cook County Jail under Sheriff Dart's tenure. Such grievances go to the core of his *Monell* claim: that his injuries were caused by an unlawful policy or practice of maintaining the elevators

1

in Division 9 without cameras so that correctional officers may assault detainees in them without retribution. Defendants, however, take the position that Mr. Gonzalez is not entitled to discovery of *any* grievances whatsoever due to their own storage methods. Because grievances are stored in hardcopy format and cannot be electronically searched, Defendants assert it would be unduly burdensome to identify and produce responsive grievances, *and* it would be equally burdensome to accommodate an inspection of grievances by Mr. Gonzalez's representative. Courts have rightly rejected such objections under Rule 26, finding that similar burdens do not outweigh a *Monell* plaintiff's need for evidence regarding other inmates—especially where, as here, the asserted burdens owe entirely to a defendant's own decision to store grievances or other records in hardcopy format. Otherwise, Defendants could effectively immunize grievances from discovery, both in this case and in *any* case. Because the Federal Rules do not permit that result, the Court should compel production or, at the very least, inspection of grievances in response to RFP 8.

## BACKGROUND

    A.    **Mr. Gonzalez Alleges a *Monell* Claim Pertaining to a Lack of Cameras in Division 9 Elevators and Assaults on Detainees Therein.**

Mr. Gonzalez is a pretrial detainee at Cook County Jail who alleges that the Defendant officers violated his rights under the Fourth and Fourteenth Amendments by assaulting him in an elevator without a camera in Division 9 of Cook County Jail, or by failing to intervene in the assault, on May 7, 2020 (the "May 7, 2020 Incident"). *See* Am. Compl. ¶¶ 23-50, 57-72, ECF No. 84. Mr. Gonzalez also alleges a claim against Defendants Sheriff Dart and Cook County pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), based on a policy or practice of allowing the elevators in Division 9 to go without a camera so that officers can assault inmates inside them. *See* Am. Compl. ¶¶ 51-55, 73-77.

2

> **B.    Mr. Gonzalez Requests Discovery of Grievances Pertaining to Inmate Assaults in Division 9 Elevators, But Defendants Refuse to Produce Such Discovery.**

Mr. Gonzalez filed this action *pro se* on November 22, 2021. *See* Compl., ECF Nos. 1, 6. The Court appointed undersigned counsel to represent Mr. Gonzalez on April 12, 2023. *See* 04/12/23 Minute Order, ECF No. 70. On June 27, 2023, Mr. Gonzalez, through his appointed counsel, served Defendants with his Second Set of Requests for Production. *See* Ex. A. As relevant to this motion, Mr. Gonzalez's RFP 8 sought production of documents, and Defendants responded to RFP 8, as follows:

> **RFP #8**: All Documents and Communications related to complaints, reports, grievances, or claims involving allegations that a Cook County Department of Corrections officer assaulted an inmate in an elevator or elevator bank at the Cook County Jail that does not have a camera or has a malfunctioning camera.
>
> **Response**: Objection, this document requests is overburdensome (all), and vague (complaints, reports, grievances, or claims). Subject to and without waiving said objects please see Defendant's previously produced Bates000024-000185.

Ex. A at 2-3. As of the filing of this motion, Defendants had not produced a single document responsive to RFP 8 besides the "previously produced" documents referred to in their response (Bates000024-000185), which consist solely of documents relating to Mr. Gonzalez's own grievance with respect to the May 7, 2020 Incident, despite tacitly conceding that grievances relating to other similar incidents are relevant to his *Monell* claim.

Shortly after Defendants responded to Mr. Gonzalez's Second Set of Requests for Production, Mr. Gonzalez was granted leave to file an Amended Complaint, *see* 08/21/23 Minute Order, ECF No. 83; Am. Compl., ECF No. 84; Defendants moved to stay the case pending resolution of certain criminal cases involving Mr. Gonzalez, *see* Defs.' Mot. Stay, ECF No. 85; the parties agreed to stay fact discovery pending a decision on that motion, *see* Joint Mot. Reset

3

Fact Discovery Deadline and Stay Fact Discovery, ECF No. 88; 09/25/23 Minute Order, ECF No. 91; the Court denied Defendants' motion to stay, *see* 11/17/23 Mem. Op. and Order, ECF No. 102; Defendants obtained new counsel, *see* Notice of Withdrawal and Substitution of Counsel, ECF No. 105;[1] and Defendants filed a motion to dismiss the Amended Complaint in part, which remains pending before the Court, *see* Defs.' Mot. Dismiss, ECF No. 110.

Thereafter, on June 3, 2024, Mr. Gonzalez sent a letter to Defendants regarding their responses and objections to several requests in his Second Set of Requests for Production, including RFP 8. *See* Ex. B. Defendants never responded to the letter, so Mr. Gonzalez followed up requesting to meet and confer. The first of several meet and confers relevant to this motion occurred on July 15, 2024. Defendants maintained that RFP 8 is overbroad during the meet and confer, including because it would require Defendants to search Google, PACER, and other public sources for documents about similar incidents. *See* Ex. C at 4. Counsel for Mr. Gonzalez reiterated that the requests are obviously limited to documents in Defendants' possession, custody, or control, consistent with the Federal Rules. *See* Fed. R. Civ. P. 34(a)(1). Mr. Gonzalez also offered to work with Defendants to craft search parameters for identifying responsive documents, suggesting that Defendants, as a starting point, inquire as to how complaints, grievances, reports, or claims are logged and maintained at Cook County Jail. *See* Ex. C at 4. Defendants, however, appeared to refuse that suggestion, and Defendants did not agree to search for or produce any documents in response to RFP 8. *See id.*

At Mr. Gonzalez's behest, the parties tried again to reach a compromise on production criteria at a second meet and confer on August 9, 2024. This time, Mr. Gonzalez offered to narrow

---

[1] Three officer Defendants—Officers Rodriguez, Chavez, and Beyer—have each subsequently obtained separate counsel. *See* ECF Nos. 118-19, 124, 141-42.

4

the scope of documents he was seeking by RFP 8 to grievances involving allegations that a Cook County Department of Corrections officer assaulted an inmate in an elevator or elevator bank at the Cook County Jail that does not have a camera, or has a malfunctioning camera, as opposed to any other complaints, reports, claims, documents, or communications. For their part, Defendants agreed to look into whether there were any ways to search the archive for grievances meeting that description other than by manually reviewing each grievance one by one.

On September 5, 2024, Defendants sent "confirmation that grievances are handwritten and cannot be searched." Ex. D at 1. Defendants did not identify any ways in which grievances could be searched or propose any effort to search for responsive grievances, maintaining that they had no obligation to search for grievances because the Cook County Sheriff's Office does not maintain them in an electronically searchable system.

In response to this confirmation, Mr. Gonzalez requested on September 17, 2024 that Defendants make the grievances available to his counsel for inspection pursuant to Rule 34, thereby offering to undertake the burden of manually reviewing grievances himself (through counsel). Ex. E at 3. After multiple follow ups, Defendants responded ambiguously on October 9, 2024, that Mr. Gonzalez's "request for 'all' grievances . . . is overbroad," adding that if Mr. Gonzalez "propose[d] a narrowed request, [Defendants] will consider that request." *Id*.

Mr. Gonzalez responded by requesting to meet and confer once again, which occurred on November 1, 2024. During that meet and confer, Defendants clarified that they categorically objected to ***any*** inspection of grievances, notwithstanding the scope of the inspection, asserting that it would purportedly be at least equally burdensome to supervise an inspection as to manually review each grievance themselves. Defendants, therefore, would not agree to an inspection under any circumstances. At the same time, Defendants curiously asked Mr. Gonzalez to delineate the

5

universe of grievances he was seeking and agreed to investigate whether there was any way to search for those specific grievances, despite previously "confirm[ing]" that grievances "cannot be searched," which was the reason Mr. Gonzalez had requested an inspection in the first place. Mr. Gonzalez specified the following parameters, which remain the only documents at issue in this motion: grievances since January 1, 2010 involving allegations of detainees being assaulted by correctional officers in elevators in Division 9 of Cook County Jail.[2] *Id.* at 1.

Defendants never responded to Mr. Gonzalez's email confirming these parameters or to multiple follow-up emails. Instead, at a meet and confer called to discuss Mr. Gonzalez's Rule 30(b)(6) deposition notice nearly two weeks later, on November 13, 2024, Defendants again confirmed that grievances could not be searched in any way other than by manual review; maintained that Defendants did not agree to manually search for any grievances themselves on the ground of undue burden; and maintained that they also did not agree to any inspection by Mr. Gonzalez on the ground of undue burden. Defendants also suggested for the first time during their November 13 meet and confer that grievances are undiscoverable because they are supposedly hearsay, and also (in connection with the parties' discussion of Mr. Gonzalez's Rule 30(b)(6) deposition notice) that grievances dated prior to the two-year statute of limitations on Mr. Gonzalez's claims, *i.e.*, November 22, 2019, are categorically irrelevant.

In other words, Defendants have staked out the position that Cook County Jail grievances are categorically undiscoverable under the Federal Rules of Civil Procedure because they are maintained in hardcopy archives that can only be searched manually, and it would therefore be too burdensome to identify responsive grievances, regardless of which party undertakes the burden of manually reviewing the grievances. Because the parties are now at an impasse on RFP 8, Mr.

---

[2] For reference, Sheriff Dart's tenure began in 2006.

6

Gonzalez brings this motion to compel. Mr. Gonzalez submits that the above-described efforts to resolve the parties' dispute regarding RFP 8 through four meet-and-confers and significant follow-up correspondence satisfy the meet-and-confer requirements of Local Rule 37.2.

    **C.    Meanwhile, Defendants Testify During Their Depositions That Assaults in Elevators Are a "Common Grievance."**

To be sure, there is good reason to believe grievances alleging other instances in which Cook County Jail detainees were assaulted in an elevator in Division 9 not only exist, but are common. Indeed, multiple Defendants have testified as much during depositions that occurred during the parties' four-month-long meet and confer process pertaining to RFP 8.

Sergeant Michael Sheehan, one of Defendants' supervisors at the time of the events alleged in the Amended Complaint, testified under oath as follows on August 23, 2024:

> Q: Are you aware of any instances where inmates have alleged that they were assaulted in the elevator in Division 9 besides the alleged assault in this case?
>
> A: Yes.
>
> Q: What instances have you heard of besides the one alleged in this case?
>
> A: There is -- it is a known blind spot, and it is well known within the inmate population in Division 9. ***It is a common grievance***.

Ex. F at 25:04-13 (emphasis added). Officer Steven Stroh corroborated Sergeant Sheehan's testimony, testifying on October 24, 2024: "Everywhere there's not cameras, a [detainee] puts in grievances of this person did something just because there's no cameras there[.]" Ex. G at 145:02-146:19. Another Defendant, Officer John Carden, testified that he had heard allegations by inmates in Division 9 that they had been assaulted in elevators by correctional officers and that he or his partner had reported any such allegations to their supervisor. Ex. H at 60:03-63:21.

7

Defendants have also produced records of Office of Personnel Review investigations suggesting that grievances alleging similar elevator assaults have been investigated. And even before receiving the discovery described above, Mr. Gonzalez identified multiple other lawsuits and news articles raising similar allegations. Am. Compl. ¶¶ 52-53.

Despite this sworn testimony and other evidence supporting the existence of a substantial number of grievances responsive to RFP 8, Defendants have not indicated any efforts to search for responsive grievances, nor withdrawn their objection to producing any responsive grievances.

## **LEGAL STANDARD**

"The Federal Rules of Civil Procedure require that parties have access to all relevant information in advance of trial so that they and the trier of fact can arrive at soundly based judgments. *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017). Under Rule 26, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible to be discoverable." *Id.* "The party opposing discovery bears the burden of showing why it should be disallowed." *Belcastro v. United Airlines, Inc.*, 2019 WL 1651709, at *4 (N.D. Ill. Apr. 17, 2019). That burden "is not satisfied by the invocation of routinized boilerplate objections rather than actually showing why a discovery request is improper." *BankDirect*, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017). Pursuant to Rule 37(a), "[a] party may file a motion to compel . . . whenever another party fails to respond to a discovery request or when its response is insufficient." *Yorktown Indus., Inc. v. Aster Graphics, Inc.*, 2023 WL 6541317, at *1 (N.D. Ill. Oct. 5, 2023) (Cummings, M.J.). "Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules." *Id.*

8

**ARGUMENT**

Defendants should be compelled to produce grievances alleging other instances in which Cook County Jail detainees were allegedly assaulted by correctional officers in elevators in Division 9 under Sheriff Dart since January 1, 2010. Simply put, Mr. Gonzalez's need for such discovery to prove his *Monell* claim outweighs any burden on Defendants to search (or let Mr. Gonzalez inspect) the grievances. That is especially so given that those burdens are a product of Defendants' own storage methods, which may not be used to immunize grievances from discovery.

There is no dispute that grievances relating to other incidents in which Cook County Jail correctional officers allegedly assaulted detainees in the camera-less elevators in Division 9 are relevant to Mr. Gonzalez's *Monell* claim. And indeed, such records are *highly* relevant. To prevail on his *Monell* claim, it is not enough for Mr. Gonzalez to prove that he was assaulted in the elevator in Division 9; he must show that "other prisoners suffered from similar constitutional violations resulting from the same policy." *Green v. Meeks*, 2023 WL 1447817, at *8 (S.D. Ill. Feb. 1, 2023). "To make this showing," *Monell* plaintiffs "must be allowed broad discovery into the treatment of other inmates." *Id.* That includes discovery of grievances alleging similar incidents, as district courts in the Seventh Circuit have repeatedly held. *See, e.g., Awalt v. Marketti*, 2012 WL 6568242, at *3-8 (N.D. Ill. Dec. 17, 2012) (granting motion to compel production of grievances and other records alleging inadequate medical care in context of *Monell* claim alleging policy or practice of failing to correct these problems at Grundy County Jail); *Green*, 2023 WL 1447817, at *8-9 (same with respect to *Monell* claim relating to Menard Correctional Center).

Defendants' assertion that grievances nonetheless are categorically undiscoverable because it would be unduly burdensome to search for responsive grievances should be rejected. "Due to the fact that *Monell* claims implicate a potentially large number of events taking place in an

9

organization over a period of time, they naturally, and necessarily require extensive and often burdensome discovery." *Awalt*, 2012 WL 6568242, at *7. Such burdens are not "*undue*," however, given the centrality of such evidence to Mr. Gonzalez's *Monell* claims. *Id.*; *see also Fairfield v. Waukesha Cnty.*, 2024 WL 1637493, at *7 (E.D. Wis. Apr. 16, 2024).

The specific basis for Defendants' burden objections—that Cook County Jail grievances are maintained only in hardcopy format and cannot be electronically searched—does not change the calculus, for two reasons. First, Defendants have not substantiated the extent of the burden they would purportedly incur in manually reviewing grievances. Despite repeated inquiries from Mr. Gonzalez, Defendants have provided *no* information as to how the grievances are physically arranged or organized; whether the grievances are segregated as to date, division, or any other relevant criteria that would allow Defendants to narrow the search universe; or how many grievances Defendants would actually be required to search. Given Defendants' failure to provide any details substantiating the extent of the burden, they have not met their burden to show why the discovery sought by Mr. Gonzalez should be disallowed.

Even assuming it would be substantially burdensome to manually review grievances for those responsive to RFP 8, Defendants should not be spared from burdens that owe entirely to their own decisions about how to store Cook County Jail grievances. *Awalt* is instructive on this point. In *Awalt*, a detainee at Grundy County Jail sought grievances, intake screening forms, and other records pertaining to allegations of inadequate medical care to support his *Monell* claim based on an alleged policy or practice of failing to correct such problems. 2012 WL 6568242, at *1-2. Defendants objected that the request was unduly burdensome, including because all inmate and medical files at Grundy County Jail were "filed alphabetically and in paper form only." *See id.* at *1, *5. The court overruled this objection, reasoning that discovery should not "leave the

requesting party at the mercy of how comfortably its claims align with the producing party's document filing system." *Id.* at *5. Therefore, the court ordered the defendants to produce "any documents reflecting detainees' medical issues, including grievances and complaints, screening forms, patient charts and notes, MARs, prescription drug ordering and shipping information, and any correspondences relating to detainee health issues." *Id.* at *5, *8.

Similarly, in *Fairfield*, an inmate at Waukesha County Jail sought production of intake forms for inmates who identified themselves as taking prescribed methadone to support a *Monell* claim based on an alleged policy or practice of deliberate indifference to such inmates' medical needs. 2024 WL 1637493, at *2-3. The defendants objected that the request was unduly burdensome because the relevant intake files "were not stored in an electronic, searchable format," but rather "maintained alphabetically in paper form only," without any "effective or efficient way to search the records for medications disclosed at intake." *Id.* at *7. Thus, to collect the requested documents, the defendant asserted that "someone would need to pull and review every intake file (estimated at 18,000 intakes) to determine if the inmate identified him/herself as being prescribed [m]ethadone." *Id.* at *7. While "appreciat[ing]" these concerns, the court found that the plaintiff's "[c]ountervailing . . . need for the records to establish his *Monell* claim . . . together with the public's interest in ascertaining the scope of any alleged wrongs" outweighed the burden of manually reviewing the intake forms. *Id.* at *7-8. In overruling the defendants' burden objection, the court also reasoned that, "but for the storage and archiving methods utilized by the . . . [d]efendants, [the plaintiff's] request would not be burdensome." *Id.* at *7.

The same conclusion follows in this case. While Mr. Gonzalez acknowledges the burdens of manually reviewing grievances for those responsive to RFP 8, such burdens do not outweigh his need for such grievances to prove his *Monell* claim. That is especially so given that Defendants

11

themselves elected to store Cook County Jail grievances in hardcopy format without any effective or efficient means of searching them. Were that enough to forestall discovery of grievances in this case, Defendants could immunize grievances (or any other records for that matter) from discovery in any case simply by storing them as inefficiently as possible. Accordingly, the proportionality principle of Rule 26 requires Defendants to undertake the burden of searching for responsive grievances. *See Fairfield*, 2024 WL 1637493, at *7.

To the extent the Court does find that Defendants need not undertake the burden of manually reviewing grievances, despite those burdens being attributable to Defendants' own storage choices, Defendants should at least be compelled to make Cook County Jail grievances available for Mr. Gonzalez to inspect himself (through his counsel). Under Rule 34, a producing party may "permit the requesting party or its representative to inspect" documents within the producing party's control in lieu of searching for and producing responsive documents. Fed. R. Civ. P. 34(a)(1). This method is commonly used in circumstances like those present here, where potentially responsive documents are numerous or available in hardcopy format only. *See, e.g.*, *Apex Colors, Inc. v. Chemworld Int'l Ltd., Inc.*, 2017 WL 2274683, at *14 (N.D. Ind. May 25, 2017) (granting motion to compel and ordering producing party to make responsive paper documents "available for inspection" by the requesting party).

Defendants' objection that making grievances available for Mr. Gonzalez to review himself would be equally burdensome to Defendants is unavailing. To defeat a request for inspection under Rule 34, "the inspectee must make a particularized showing of undue burden, danger, or other reason for blocking the inspection." *Menendez v. Wal-Mart Stores E. L.P.*, 2012 WL 2155268, at *2 (N.D. Ind. June 13, 2012). Defendants have not carried that burden here. Their objection rests on the premise that someone at Cook County Jail would need to closely supervise

12

the inspection from start to finish, requiring the same resources as if Defendants were reviewing the grievances themselves. But Defendants have not explained why such supervision would be necessary or why Mr. Gonzalez's proposal—that someone could supervise the inspection from a distance while performing his or her normal work duties as much as possible—is not feasible. Nor have Defendants explained why one of their many attorneys could not supervise the inspection to the extent necessary without burdening Cook County officials. Even assuming that a county official would need to supervise the inspection, courts have found that such burdens do not outweigh the value of inspecting highly relevant documents, especially where, as here, the requesting party has offered to accommodate the producing party's operations as much as possible. *See, e.g.*, *Blanchard v. Hyatte*, 2023 WL 1961572, at *9-10 (N.D. Ind. Feb. 10, 2023) (overruling objection that inspection would be unduly burdensome because the defendants "would be required to suspend normal operations in the RHU and would have to reassign correctional staff to accommodate the inspection"). Defendants cannot avoid all discovery of grievances on the grounds that it would be unduly burdensome *either* for themselves *or* for Mr. Gonzalez to search.

Defendants' remaining objections from the parties' final meet and confer are equally meritless. Defendants objected that RFP 8 is improper because grievances are inadmissible hearsay, but this objection fails for multiple reasons. Rule 26 expressly provides that "[i]nformation within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see, e.g.*, *Prince v. Kato*, 2022 WL 21306676, at *2 (N.D. Ill. Mar. 28, 2022) (overruling inadmissibility objection). It also is not necessarily the case that the grievances sought by RFP 8 are categorically hearsay. For one thing, such grievances would be admissible to show that policymakers at Cook County Jail were on notice of repeated complaints about correctional officers assaulting detainees in the camera-less elevators in Division

13

9, which is itself relevant to Mr. Gonzalez's *Monell* claim. *See, e.g.*, *Awalt*, 2012 WL 6568242, at *4 (evidence that policymakers at Grundy County Jail "were on notice of repeated failures to provide adequate medical care and did nothing to correct those problems," including through grievances, was relevant to *Monell* claim). For another, the grievances may contain non-hearsay admissions by a party opponent to the extent Cook County Jail officials substantiated or ratified the allegations. *See* Fed. R. Evid. 801(2)(A)-(D).

Defendants also objected that their production should be limited to grievances dated November 22, 2019 or later because evidence prior to the two-year statute of limitations on Mr. Gonzalez's *Monell* claim is categorically irrelevant. This is completely incorrect. The statute of limitations governs the amount of time in which Mr. Gonzalez had to bring an action to recover for the injuries he suffered on May 7, 2020, not the amount of time for which evidence is relevant to establishing that an unconstitutional policy or practice caused his injuries. *See, e.g.*, *Cook v. City of Chi.*, 2008 WL 1883437, at *2 (N.D. Ill. Apr. 25, 2008). Given that *Monell* claims entail an especially broad scope of relevant evidence, courts routinely grant discovery of documents relevant to *Monell* claims going back well more than two years before the filing of the complaint. *See, e.g.*, *Green*, 2023 WL 1447817, at *9 (granting motion to compel documents dating back to January 1, 2011 for case filed in 2020); *Awalt*, 2012 WL 6568242, at *6 (granting motion to compel documents dating back to September 14, 2005). The statute of limitations thus has no bearing on the scope of discoverable information relevant to Mr. Gonzalez's *Monell* claim.

## CONCLUSION

For the foregoing reasons, Mr. Gonzalez respectfully requests that the Court enter an order compelling Defendants to produce grievances responsive to RFP 8, or to permit inspection of grievances so that Mr. Gonzalez may identify responsive grievances on his own.

Dated: November 22, 2024

CHRISTIAN A. GONZALEZ

By: /s/ *Andrew W. Vail*
Andrew W. Vail
Kaitlin M. Leskovac
Jacob P. Wentzel
Christina T. Lopez
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
AVail@jenner.com
(312) 840-8688

*Attorneys for Plaintiff*