# EXHIBIT B

353 N. CLARK STREET CHICAGO, IL 60654-3456

JENNER&BLOCK LLP

June 3, 2024

Andrew W. Vail
Tel +1 312 840 8688
Fax +1 312 840 8788
AVail@jenner.com

*VIA EMAIL*

Monica Burkoth
Samuel D. Branum
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
burkothm@jbltd.com
branums@jbltd.com

Re: *Gonzalez v. Rodriguez, et al.*, No. 21 CV 6243 (N.D. Ill.)

Dear Counsel:

We represent Mr. Gonzalez in the above-captioned matter. We write in connection with Defendants' responses to Plaintiff's Second Set of Requests for Production, which were served by Defendants' prior counsel on July 27, 2023, followed by a small production of video footage. Discovery was stayed shortly thereafter—first by agreement of the parties and subsequently by order of the Court. We write now to address several deficiencies in Defendants' responses to Mr. Gonzalez's RFPs and related production.

We are hopeful that Defendants will agree to correct the deficiencies in their production as set forth below. To the extent there is any disagreement, please let us know your earliest availability to meet and confer.

**RFP #2: All video footage, bodycam footage, and audio recordings related to the Incidents.**

Defendants objected to this RFP as vague as to the words "bodycam," "audio records," "Incidents," and "witness statements." We have defined the term "Incidents" in the RFPs (Definitions ¶ 7, RFPs) and, to the extent counsel requires any clarification of that term or others used in the RFP, please let us know as soon as possible so that we can clarify the RFP.

Defendants also objected to this RFP as "overburdensome," but have not provided any information to substantiate such a claim (*see* Instructions ¶¶ 3-4, RFPs) or otherwise provided any valid basis to withhold responsive materials. Such "generalized, kitchen-sink objections . . . . are tantamount to not making any objection at all." *Craigville Tel. Co. v. T-Mobile USA, Inc.*, 2022 WL 1499908, at *2 (N.D. Ill. May 12, 2022) (quotation omitted).

June 3, 2024
Page 2

To date, Defendants have not produced any video footage, bodycam footage, or audio recordings related to the Incident on May 5, 2020.  Please supplement Defendants' production accordingly.

In addition, it is Mr. Gonzalez's understanding that there is a stationary camera located in the hallway or area outside of the elevator in which Mr. Gonzalez was transported on May 7, 2020, as depicted at CCSAO GONZALEZ 001705.  Please produce all footage from that camera related to the May 7, 2020 Incident or confirm to us that no such camera or footage exists.

**RFP #3: All Communications with emergency medical services or other medical personnel related to the Incidents.**

Defendants objected to this RFP as "vague" with respect to the word "Incidents," which, as noted above, is defined in the RFPs.  Defendants' other objection, that the RFP is "overburdensome," is, as above, not substantiated.

To date, Defendants have not produced any responsive materials.  Defendants instead cited thousands of pages of Mr. Gonzalez's medical records.  Please produce all Communications with emergency medical services or other medical personnel related to the Incidents or advise that no such materials exist.

**RFP #4: All personnel and disciplinary files, including all job evaluations, audits, incident reports, or misconduct inquiries, for each of the Defendants, for the entire duration of their employment by the Cook County Department of Corrections.**

Defendants objected that this RFP is overbroad to the extent it requests all personnel files for the duration of each Defendant's employment by the Cook County Department of Corrections.  But each Defendant's personnel file and disciplinary file is directly relevant to the issues in this case, including any history of excessive force, regardless of when it occurred.

Defendants also objected that the RFP is "overburdensome," but have not provided any information that would permit us to evaluate any claim of burden.

In addition, to date, Defendants have not produced any responsive records for Defendant Rodriguez.  Please supplement Defendants' production accordingly.

With respect to the records that have been produced, those records provide only a high-level summary of Defendants' disciplinary histories.  The records do not provide any substantive detail regarding the incidents reflected in the summaries.  Please produce all underlying documents related to the conduct leading to the discipline listed in the summaries.

Note that Plaintiff has requested all the same records for Defendant Sheehan (who was not a defendant when Plaintiff served his Second Set of Requests for Production) as well in Request No. 14 in his Third Set of Requests for Production to Officer Defendants.

June 3, 2024
Page 3

**RFP #7: All Cook County Department of Corrections policies regarding video camera coverage of inmate transfers and transportation of inmates within the Cook County Jail, including, but not limited to:**

>   a. All Documents and Communications related to the installation of cameras in elevators or elevator banks at the Cook County Jail that are or may be used to transport inmates; and
>
>   b. All Documents and Communications related to a lack of cameras or malfunctioning cameras in elevators or elevator banks at the Cook County Jail that are or may be used to transport inmates.

Defendants objected to this RFP as "overburdensome," but have not substantiated any such claim. Defendants also objected to the RFP as "vague" as to the words "Documents" and "Communications," which are defined in the RFPs. (Definitions ¶¶ 1-2, RFPs.) Defendants objected to the RFP as "overbroad" as to "inmate transfers" and "transportation of inmates." But the core of Mr. Gonzalez's claims is that he was assaulted in an elevator used to transport inmates, while he was being transported within Cook County Jail, which makes the requested Documents and Communications directly relevant to this action. The RFP is not overbroad.

To date, Defendants have not produced any responsive materials. Defendants refer only to the previously produced policies regarding topics such as the use of force, inmate mail, and grievances. None of these policies pertains to video cameras and Defendants have not otherwise produced any responsive Documents or Communications. Please produce the requested materials.

**RFP #8: All Documents and Communications related to complaints, reports, grievances, or claims involving allegations that a Cook County Department of Corrections officer assaulted an inmate in an elevator or elevator bank at the Cook County Jail that does not have a camera or has a malfunctioning camera.**

For RFP 8, Defendants objected that the RFP is "overburdensome" and "vague." If there is a need for clarification, please let us know as soon as possible.

The documents Defendants have produced to date pertain only to Mr. Gonzalez. From public records, we are aware of multiple other complaints, reports, grievances, or claims involving allegations that a Cook County Department of Corrections officer assaulted an inmate in an elevator or elevator bank at the Cook County Jail that does not have a camera or has a malfunctioning camera, including, but not limited to, allegations in the following suits filed in the Northern District of Illinois: *Crossley v. Dart*, No. 19-cv-8263 (N.D. Ill.), *Jackson v. Stubenvoll*, No. 16-cv-05746 (N.D. Ill.), *Hudson v. Preckwinkle*, No. 13-c-8752 (N.D. Ill), and *Adkisson v. Dart*, No. 09-c-4660 (N.D. Ill.). These and other instances of violence in elevators or elevator banks without security cameras are all the more relevant today given that Mr. Gonzalez's Amended

June 3, 2024
Page 4

Complaint raises a *Monell* claim based on "a persistent and widespread practice at Cook County Jail of facilitating the practice of officers beating detainees in elevators that lack security cameras." (ECF No. 84 ¶ 75.) Accordingly, please produce all Documents and Communications related to the allegations in these cases, as well as any other allegations that a Cook County Department of Corrections officer assaulted an inmate in an elevator or elevator bank at the Cook County Jail that does not have a camera or has a malfunctioning camera.

\*    \*    \*

We reserve the right to raise other issues with Defendants' production as they emerge.

Sincerely,

/s/ *Andrew W. Vail*

Andrew W. Vail