# EXHIBIT C

353 N. CLARK STREET CHICAGO, IL 60654-3456

JENNER&BLOCK LLP

July 25, 2024

Kaitlin Leskovac
Tel +1 312 840 7407
KLeskovac@jenner.com

*VIA EMAIL*

Samuel Branum
Johnson & Bell
33 West Monroe Street, Suite 2700
Chicago, IL 60603
branums@jbltd.com

Re:     *Gonzalez v. Rodriguez et al.*, No. 21-cv-6243 (N.D. Ill.)

Dear Counsel:

We write to memorialize the parties' discussions at the meet and confer that took place on July 15, 2024.

At the outset of the meet and confer, the parties discussed your email dated July 12, 2024, in response to our request for deposition availability for each of your clients, citing the ten-deposition limit in Rule 30. We asked whether you were willing to stipulate to more than ten depositions, to allow for depositions of each of the individual officer Defendants. You stated that you would not do so.

Next, we discussed the deficiencies outlined in our June 3, 2024 letter regarding the responses to Plaintiff's Second Set of RFPs, which we served on June 27, 2023, before the stay of discovery was implemented. We noted that we did not receive any response to our letter and so, as a first step, we needed to understand your position on each issue. Our discussion confirmed that, between June 3, 2024 and July 15, 2024, you did not take any steps to address the issues outlined in the letter.

**RFP #2: All video footage, bodycam footage, and audio recordings related to the Incidents.**

We explained that, as stated in the June 3, 2024 letter, we requested all video and audio recordings regarding the May 5, 2020 Incident.[1] You stated that you would ask your clients about any footage of the May 5, 2020 Incident.

---

[1] Capitalized terms have the same meaning as in Plaintiff's Second Set of RFPs.

July 25, 2024
Page 2

We acknowledge receipt of your production of video footage on July 22, 2024. We are in the process of reviewing this footage and reserve all rights.

We also explained that, as stated in the June 3, 2024 letter, Mr. Gonzalez understands there to be another stationary camera located in the hallway or area outside of the elevator in which Mr. Gonzalez was transported on May 7, 2020. You stated that you would ask your clients about any additional footage of the May 7, 2020 Incident.

We acknowledge receipt of your production of video footage on July 22, 2024, along with the representation that the Sheriff's Office is not aware of any other video associated with the corresponding incident report. We are in the process of reviewing the footage and reserve all rights.

**RFP #3: All Communications with emergency medical services or other medical personnel related to the Incidents.**

We explained that, as stated in the June 3, 2024 letter, we have not received any materials responsive to this RFP. You stated that this RFP is overbroad because, for example, it potentially encompasses communications between Mr. Gonzalez's family/friends and any medical personnel from any day in the entire period in which Mr. Gonzalez has been incarcerated at Cook County Jail. You also stated that there is no way to look up the requested communications because Cook County Jail does not maintain a file of communications with EMS or other medical personnel related to Mr. Gonzalez. We stated that we disagreed with your characterization of the RFP, but in the interest of moving forward, we stated that we are interested in any communications between any personnel at Cook County Jail and EMS or medical personnel on May 7, 2020. We noted that, on May 7, 2020, an ambulance was summoned to transport Mr. Gonzalez to an outside hospital. We proposed that your client search for any responsive communications by date, May 7, 2020. You said that you could not agree to this request during the call.

**RFP #4: All personnel and disciplinary files, including all job evaluations, audits, incident reports, or misconduct inquiries, for each of the Defendants, for the entire duration of their employment by the Cook County Department of Corrections.**

We explained that, as stated in the June 3, 2024 letter, we have received only high level summaries of the officers' disciplinary histories and that these summaries provide no substantive detail regarding what was the underlying conduct leading to the discipline imposed and, as a result, are of no value. We also explained that, as stated in the June 3, 2024 letter, we have not received any responsive documents for Defendant Sheehan.

You agreed to produce a summary of Sheehan's disciplinary history like the documents that have been produced for the rest of your clients, and acknowledge receipt of this summary on July 24, 2024. Regarding our request for underlying documents sufficient to show the nature of the conduct

July 25, 2024
Page 3

leading to the discipline imposed, you stated that these documents are not relevant. We responded that Defendants did not timely raise a relevancy objection in response to this RFP. *E.g.*, *In re Caesars Entertainment Operating Co.*, 2018 WL 2431636, at *4 (N.D. Ill. May 29, 2018) (finding waived a party's relevancy objection argued in opposition to motion to compel but not asserted in the party's response to the document request). In addition, we stated that Defendants have already produced summaries of the disciplinary histories and we are simply requesting documents sufficient to understand the information contained within the summaries, which is relevant to the individual misconduct alleged in this case. You stated that you were not going to be able to speak to your clients about our request without additional information.

We reiterate our request for these underlying documents. Courts in this District have repeatedly held that "[t]he personnel files, including disciplinary histories, of law enforcement officials are relevant to assessing a claim of misconduct by such officials, and are, therefore, presumptively discoverable." *Terry v. Zernicke*, 1996 WL 5183, at *2 (N.D. Ill. Jan. 2, 1996); *see, e.g.*, *Smith v. Sharp*, 2013 WL 2298142, at *3 (N.D. Ill. May 24, 2013) (ordering production of the employment history and disciplinary records of individual officers accused of misconduct); *Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) (ordering production of individual defendant officers' personnel files and complaint histories).

**RFP #7: All Cook County Department of Corrections policies regarding video camera coverage of inmate transfers and transportation of inmates within the Cook County Jail, including, but not limited to:**

   a. **All Documents and Communications related to the installation of cameras in elevators or elevator banks at the Cook County Jail that are or may be used to transport inmates; and**

   b. **All Documents and Communications related to a lack of cameras or malfunctioning cameras in elevators or elevator banks at the Cook County Jail that are or may be used to transport inmates.**

You stated your position that this RFP is overbroad because it requests policies, Documents, and Communications. We responded that we have alleged a *Monell* claim based on a widespread practice at Cook County Jail of officers using elevators that lack security cameras (or functioning cameras) to assault inmates, and are entitled to investigate the lack of cameras or functioning cameras in certain parts of Cook County Jail. We also stated that subparts (a) and (b), which request Documents and Communications, expand on the request for policies and that each part of the RFP concerns video coverage at Cook County Jail.

You stated that this request is overbroad because it would encompass, for example, materials from the 1980s, when cameras were first installed at Cook County Jail, including information such as work orders and contractors. We stated that we are not interested in those types of documents.

July 25, 2024
Page 4

We stated that, as a starting point, we were willing to work with you on specific parameters, including, for example, a five-year time period and for materials related to the particular elevator in Division 9 in which Mr. Gonzalez was transported on May 7, 2020, while reserving rights to seek additional information. As part of the discussion, you stated that this RFP would require you to speak with every employee at Cook County Jail and to investigate every possible responsive document. We responded that this is not what the RFP or Federal Rules require and is not a basis to decline to conduct any investigation regarding potentially responsive materials. We stated that we are willing to work with you on a custodian list, but we do not have access to information that would enable us to identify custodians in the first instance. You indicated that you are not willing to work with us on a custodian list, effectively taking the position that Defendants have no obligation to identify any responsive documents or sources of responsive documents subject to an overbreadth objection.

**RFP #8: All Documents and Communications related to complaints, reports, grievances, or claims involving allegations that a Cook County Department of Corrections officer assaulted an inmate in an elevator or elevator bank at the Cook County Jail that does not have a camera or has a malfunctioning camera.**

We explained that, as stated in our June 3 letter, we have not received any responsive documents other than documents related to Mr. Gonzalez. We stated that we have alleged a *Monell* claim based on a widespread practice at Cook County Jail of officers using elevators that lack security cameras (or functioning cameras) to assault inmates, and are entitled to investigate other instances in which inmates alleged they were assaulted in an elevator or elevator bank at Cook County Jail that does not have a camera or does not have a functioning camera.

You stated that this RFP is overbroad because, for example, it would require you to search on PACER for any complaint with responsive allegations and then pull all of the records from that litigation, and also to search on Google for any responsive reports. We responded that this is not what the request states or requires—the RFP is for documents in your clients' possession, not publicly available documents. We stated that we would expect that, as a starting point, you would inquire with your clients as to how grievances, investigations, and reports are logged and maintained at Cook County Jail and requested that you make this inquiry. For example, are grievances logged and maintained in a searchable database and, if so, for what years and what are the searchable fields. We stated that we were willing to work with you to craft search parameters but were not able to do so without any basic information about the location and nature of any potentially responsive materials. You stated that you were not willing to agree while on the call to take these preliminary investigatory steps with your client, reiterating your position that Defendants have no obligation to undertake any investigation of responsive documents subject to an overbreadth objection.

As part of the discussion related to RFP 8, we stated that it is our understanding, based on the information we've received to date, that there is no camera in the elevator in which Mr. Gonzalez

July 25, 2024
Page 5

was transported on May 7, 2020. You stated in response that you do not know if there is a camera in that elevator and have not investigated this issue.

Toward the end of the meet and confer, we asked about the status of the outstanding discovery responses of Officers Van Giesen, Chavez, and Beyer to Plaintiff's Third Set of RFPs, which were due on July 3, 2024. Regarding Van Giesen, you stated that he returns from leave sometime in August. We asked for a date in August when Van Giesen returns from leave and you stated that you do not know. With respect to Chavez, you stated that Chavez is getting new counsel. We asked when Chavez's new counsel will enter an appearance; you said you do not know. Regarding Beyer, you stated that you have not been able to connect with Beyer. We asked if you have inquired if Beyer is still employed at Cook County Jail, whether he is reporting for work, or if he is on leave. You stated that you did not have this information. We requested that you keep us updated on your efforts to get in contact with Van Giesen, Chavez, and Beyer, and you agreed to do so. Please provide us with an update as to these individuals.

Please let us know promptly if any of the above does not comport with your understanding of our discussions. Plaintiff reserves all rights.

Sincerely,

*/s/ Kaitlin Leskovac*

Kaitlin Leskovac