# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-6243 |
| ) | |
| JUSTO RODRIGUEZ (#17897), DAMIR ) | Honorable Jeffery I. Cummings |
| RASIC (#17493), ALEN DUHARKIC ) | |
| (#18248), JOHN CHAVEZ (#16361), ) | |
| ANDREW SACUTA (#17496), JOHN ) | |
| CARDEN (#17367), ELIUD DURAN ) | |
| (#3214), STEVEN STROH (#17808), ) | |
| TIMOTHY BEYER (#17914), ) | |
| DOUGLAS CONTORNO (#17467), ) | |
| JUSTIN VAN GIESEN (#16527), ) | |
| MACIEJ KRZEMINSKI (#17738), ) | |
| WILLIAM FILIPIAK (#17770), ) | |
| SERGEANT SHEEHAN (#3234), ) | |
| THOMAS J. DART, and COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

## UNOPPOSED MOTION TO DISMISS DEFENDANT JOHN CHAVEZ PURSUANT TO FED. R. CIV. P. 25(A)(1)

Defendant, John Chavez, by his attorney, Special State's Attorneys of Cook County, Illinois Tyler Roland of Reifers Holmes & Peters, LLC, pursuant to Federal Rule of Civil Procedure 25(a)(1), moves this court for an order dismissing Defendant from this matter:

On or about February 6, 2023, John Chavez, Jr. passed away. (*See* Cook County Sheriff's Office Employee Status Form, attached as Exhibit A). Counsel for Mr. Chavez was notified of Mr. Chavez death in August of 2024. On or about August 9, 2024, Counsel for Mr. Chavez advised the parties that Mr. Chavez had passed away and filed a Suggestion of Death upon confirmation of Mr. Chavez's death. (Doc. 126). Counsel for Mr. Chavez filed this Suggestion of Death, or

statement noting the death, pursuant to Federal Rule of Civil Procedure 25, Substitution of Parties, which relevantly states:

> (a) Death.
> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> (2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
> Fed. R. Civ. P. 25(a)(1)-(2)

Pursuant to Rule 25(a)(1), the motion for substitution must be made within 90 days after service of suggestion of death or the action against the decedent must be dismissed. *See also Russell v. City of Milwaukee*, 338 F.3d 662 (7th Cir. 2003); *Donovan v. Eagleson*, 484 F. Supp. 3d 552, 560 n. 6 (N.D. Ill. 2020). Here, Counsel for Mr. Chavez noted his death pursuant to FRCP 25(a)(1) on August 15, 2024. Thus, the 90-day period where any party could have moved for a substitution of the proper party began on August 15, 2024.

This 90-day period ended on November 13, 2024 and no party in this matter has moved to substitute Mr. Chavez for the proper party. Additionally, Counsel for Mr. Chavez has conducted a search of the Cook County Circuit Clerk's online probate docket and us unaware of an estate having been opened for Mr. Chavez. Moreover, Counsel for Mr. Chavez has forwarded a copy of the instant motion to Plaintiff, who does not object to it. Accordingly, Counsel for Mr. Chavez moves that the action against Mr. Chavez be dismissed, with prejudice.

WHEREFORE, Counsel for Mr. Chavez respectfully requests that Defendant's Motion to Dismiss Defendant John Chavez, with prejudice, from the above-entitled action be granted.

statement noting the death, pursuant to Federal Rule of Civil Procedure 25, Substitution of Parties, which relevantly states:

> (a) Death.
> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> (2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
> Fed. R. Civ. P. 25(a)(1)-(2)

Pursuant to Rule 25(a)(1), the motion for substitution must be made within 90 days after service of suggestion of death or the action against the decedent must be dismissed. *See also Russell v. City of Milwaukee*, 338 F.3d 662 (7th Cir. 2003); *Donovan v. Eagleson*, 484 F. Supp. 3d 552, 560 n. 6 (N.D. Ill. 2020). Here, Counsel for Mr. Chavez noted his death pursuant to FRCP 25(a)(1) on August 15, 2024. Thus, the 90-day period where any party could have moved for a substitution of the proper party began on August 15, 2024.

This 90-day period ended on November 13, 2024 and no party in this matter has moved to substitute Mr. Chavez for the proper party. Additionally, Counsel for Mr. Chavez has conducted a search of the Cook County Circuit Clerk's online probate docket and us unaware of an estate having been opened for Mr. Chavez. Moreover, Counsel for Mr. Chavez has forwarded a copy of the instant motion to Plaintiff, who does not object to it. Accordingly, Counsel for Mr. Chavez moves that the action against Mr. Chavez be dismissed, with prejudice.

WHEREFORE, Counsel for Mr. Chavez respectfully requests that Defendant's Motion to Dismiss Defendant John Chavez, with prejudice, from the above-entitled action be granted.

Respectfully submitted,

*/s/ Tyler Roland*
Tyler Roland
Reifers Holmes & Peters, LLC
1 North LaSalle Street, Suite 3800
Chicago, IL 60602
(312) 638-2090
troland@rhpfirm.com

***Counsel for Defendant
John Chavez, Jr.***

## **CERTIFICATE OF SERVICE**

I certify that on this 11th day of December, 2024, the foregoing document has been served via the courts CM/ECF filing system to the following counsel of record:

Christina T. Lopez
Andrew W. Vail
Kaitlin M. Leskovac
Jacob P. Wentzel
**Jenner & Block, LLP**
353 North Clark Street
Chicago, IL 60654
CLopez@jenner.com
Avail@jenner.com
Kleskovac@jenner.com
JWentzel@jenner.com

Jason E. DeVore
Zachary G. Stillman
DeVore Radunsky LLC
230 West Monroe, Suite 230
Chicago, IL 60606
jdevore@devoreadunsky.com
zstillman@devoreadunsky.com

Oliver Kassenbrock
Dortricia Penn
**Conflicts Counsel Unit**
**Cook County State's Attorney's Office**
50 W. Washington, Ste. 2760
Chicago, IL 60602
Oliver.kassenbrock@cookcountysao.org
Dortricia.penn@cookcountysao.org

Samuel D. Branum
Monica Burkoth
**Johnson & Bell, LTD**
33 West Monroe Street, Suite 2700
Chicago, IL 60603
burkothm@jbltd.com
branums@jbltd.com

                                          */s/ Tyler Roland*
                                          Tyler Roland