IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ, | ) |
| *Plaintiff,* | ) ) ) |
| -*vs*- | ) Case No. 21-cv-6243 ) |
| JUSTO RODRIGUEZ et al., | ) Judge Jeffrey I. Cummings ) Magistrate Judge Maria Valdez |
| *Defendants.* | ) ) ) |

**DEFENDANT SHERIFF DART'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OR INSPECTION OF GRIEVANCES**

Defendant, THOMAS J. DART, in his official capacity as Sheriff of Cook County, by his attorney, EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., responds to Plaintiff's motion to compel as follows:

Plaintiff seeks to compel the production of all "grievances since January 1, 2010 involving allegations of detainees being assaulted by correctional officers in elevators in Division 9 of Cook County Jail." (Pl.'s Mot. at 6, ECF No. 150.) This Court should deny Plaintiff's motion because the requested grievances (1) are not relevant to the claims or defenses in the case; (2) are not sufficiently limited in time; and (3) are not easily ascertainable, and a search for the grievances would impose a significant and undue burden on Defendant.

**ARGUMENT**

Rule 26 of the Federal Rules of Civil Procedure urges courts to consider appropriate limitations on the scope of discovery, permitting discovery only when it is both related to the claims and defenses of the parties and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

1

Rule 26 "empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.'" *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (quoting Fed. R. Civ. P. 26(b)(2)).

Despite the general breadth of discovery, a court may limit discovery where the burden or expense of the proposed discovery outweighs its likely benefits. *See* Fed. R. Civ. P. 26(b)(1). A court must consider the importance of the discovery in resolving the issues. *Id.* "[D]iscovery is not to be used as a fishing expedition." *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 637 (7th Cir. 2012) (quoting *EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971 (7th Cir. 1996)).

The proponent of a motion to compel "bears the initial burden to prove that the information sought is relevant." *PsyBio Therapeutics, Inc. v. Corbin*, No. 20 C 3340, 2021 U.S. Dist. LEXIS 186820, at *3 (N.D. Ill. Sep. 29, 2021).

In this case, Plaintiff has declined to narrow his request to a reasonable scope, despite being informed of the limited role of the detainee grievance process, the limited ability to search through documents that are not searchable by search terms (because grievances are handwritten, and therefore not subject to any type of optical character recognition, or OCR), and even being informed of the substantial burden of searching grievances for a fifteen-year period.

I. **This Court Should Deny Plaintiff's Motion to Compel Because the Grievances of Other Detainees Are Irrelevant to His Claims.**

Plaintiff has failed to establish how grievances from other inmates would establish a widespread practice of officers assaulting detainees in elevators in Division 9 of the Cook County Department of Corrections (CCDOC). Just because a detainee writes in a grievance that he was assaulted in an elevator does not mean that the alleged incident actually occurred. There are many

2

reasons why a detainee would file an untruthful grievance. For example, the detainee could have a personal grudge against the officer, the detainee could be making up an incident to file a federal lawsuit in pursuit of a large payout, the detainee could be seeking a change in housing assignment by falsely claiming staff misconduct, or any other reason the detainee can think up. Other detainees' unfounded allegations in grievances have no tendency to make it more probable than not that there is a widespread practice of officers assaulting detainees in elevators in Division 9 of CCDOC.

Plaintiff argues that he needs the grievances "to prove his *Monell* claim." (Pl.'s Mot. at 9.) Yet, Plaintiff offers only two insufficient reasons in support of his claimed "need" for the grievances. First, Plaintiff argues that the grievances may "show that policymakers at Cook County Jail were on notice of repeated complaints about correctional officers assaulting detainees in the camera-less elevators in Division." (*Id.* at 13–14.) Second, Plaintiff argues that the grievances may "contain non-hearsay admissions by a party opponent to the extent Cook County Jail officials substantiated or ratified the allegations." (*Id.* at 14.) For the reasons set forth below, Plaintiff has failed to meet his burden of proving that the grievances are relevant, *see PsyBio*, 2021 U.S. Dist. LEXIS 186820, at *3, and therefore, Plaintiff's motion must be denied.

      A.      **The grievances of other detainees are inadmissible hearsay.**

Grievances are inadmissible hearsay. They are written complaints made by detainees outside the courtroom setting. They are not made under oath or subject to cross-examination at the time they are created, which is a fundamental requirement for ensuring the reliability of evidence. *See Kubsch v. Neal*, 838 F.3d 845, 855 (7th Cir. 2016).

Plaintiff seeks to offer the grievances to prove the truth of the matter asserted within them, namely, that other detainees were assaulted by officers in elevators. As such, the grievances are

3

inadmissible hearsay. *See Knights v. Williams*, No. 02 C 5017, 2005 U.S. Dist. LEXIS 15526, at *11 (N.D. Ill. July 28, 2005) (stating that grievances are inadmissible hearsay when being offered for the truth of the matters asserted). Because Plaintiff seeks inadmissible evidence, the requested discovery is neither relevant to Plaintiff's claims nor proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

In ruling on Plaintiff's motion to compel, this Court must consider "the importance of the discovery in resolving the issues." *See id.* Even if Defendant went through the considerable time and expense of manually reviewing tens of thousands of handwritten grievances to find responsive grievances, Plaintiff would not be able to rely on the grievances to prove a widespread practice of officers assaulting detainees in elevators. Plaintiff would not be able to rely on the grievances because any allegations of assault in the grievances would be inadmissible hearsay. Because Plaintiff cannot use the grievances to prove a widespread practice, the grievances have no importance in resolving any issue in this case. Therefore, Plaintiff's request exceeds the permissible scope of discovery. *See id.*

      **B.    The grievances of other detainees do not provide notice to Defendant of constitutional violations.**

Plaintiff argues that the grievances may be used for a "non-hearsay" purpose. (Pl.'s Mot. at 13–14.) Plaintiff argues that the grievances may show notice to policymakers of a widespread practice of officers assaulting detainees in elevators. (*Id.*) Plaintiff is incorrect. The grievances do not provide notice of anything, other than that a detainee made an allegation, not under oath, which could be false.

Even if the grievances provide notice to Defendant that detainees made unfounded *allegations*, the grievances do not provide notice of *constitutional violations*. Even "the existence of other lawsuits, without more, does not shed much light on the underlying facts." *Arquero v.*

4

*Dart*, 587 F. Supp. 3d 721, 730 (N.D. Ill. 2022). "A lawsuit is an allegation. So pointing to other lawsuits simply establishes that other people have made accusations against [the defendant]." *Id.* (citing *Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, 2021 U.S. Dist. LEXIS 36408, 2021 WL 767619, at *11 (N.D. Ill. 2021) ("The existence of another lawsuit is not enough to state a claim that a defendant maintains a widespread practice.")); *see also Wells v. City of Chicago*, No. 09 C 1198, 2012 U.S. Dist. LEXIS 4749, at *35 (N.D. Ill. Jan. 16, 2012) ("The simple fact that a lawsuit was filed and then settled without an admission of liability has little or no probative value in this context [that the city had a widespread practice of violating individual's constitutional rights].").

If lawsuits, complete with all the safeguards of Rule 11, do not provide notice of a widespread practice of constitutional violations, then it is even more clear-cut that grievances, which are not under oath, are not subject to Rule 11 or other safeguards, and have no indicia of reliability, likewise do not provide notice of constitutional violations. *See id.* Even if Defendant went through the considerable time and expense of manually reviewing tens of thousands of handwritten grievances to find responsive grievances, the grievances would not show notice of constitutional violations. They would only show that "other people have made accusations against [Defendant]." *Arquero*, 587 F. Supp. 3d at 730. These accusations have no probative value to show that Defendant had a widespread practice of violating detainees' constitutional rights. *See Wells*, 2012 U.S. Dist. LEXIS 4749, at *35.

Because the requested grievances do not provide notice of actual constitutional violations, the grievances are not relevant, have no importance in resolving any issue in this case, and are not proportional to the needs of the case. Plaintiff's request therefore exceeds the permissible scope of discovery. *See* Fed. R. Civ. P. 26(b)(1).

5

  **C.** **The grievances do not contain statements that substantiate or ratify the detainees' allegations.**

Plaintiff speculates that the grievances may contain "admissions by a party opponent to the extent Cook County Jail officials substantiated or ratified the allegations." (Pl.'s Mot. at 14.) Plaintiff has no basis to support his speculation, and he is seeking to impose a considerable time commitment and substantial cost on Defendant to locate and produce grievances for a pure fishing expedition. A party is not "entitled to expansive discovery when it has only [a] mere speculative allegation." *Cent. States*, 674 F.3d at 637. "[D]iscovery is not to be used as a fishing expedition." *Id.* (citation omitted).

When the Sheriff's Office receives a grievance from a detainee who alleges physical misconduct by staff, the grievance is forwarded to the Office of Professional Review (OPR). (Ex. A, Grievances at 4, 12, 16, showing Plaintiff's grievances alleging physical misconduct by staff were forwarded to OPR.) Sheriff's employees cannot respond to a detainee's grievance and substantiate or ratify the allegations when that is the purview of OPR. Plaintiff's request for grievances in the hopes that a Sheriff employee "substantiated or ratified the allegations" is nothing more than pure speculation and an impermissible fishing expedition. *See Cent. States*, 674 F.3d at 637.

  **D.** **The grievances are not relevant to Plaintiff's claims.**

Plaintiff makes a series of unfounded allegations against the Sheriff's Office. Plaintiff claims that the Sheriff's Office "facilitate[es] the practice of officers beating detainees in elevators that lack security cameras." (Am. Compl. ¶ 75, ECF No. 84.) Plaintiff alleges that the Sheriff's Office facilitates "officers beating detainees" by not implementing policies, by turning a blind eye to allegations of incidents involving officers beating detainees in elevators that lack security

6

cameras, by failing to investigate or discipline officers, and by failing to properly train and supervise officers. (*Id.*)

Plaintiff's claims are without merit, and the hearsay grievances he has requested will not get him any closer to proving his claims. All allegations of officer misconduct are investigated by the Sheriff's Office, but these investigations do not occur at the detainee grievance level. In other words, the CRWs who collect the grievances, and the Individual In Custody Services Department ("IIC Services"), to which the CRWs report, do not collect or record information about the outcomes of the individual detainee grievances alleging officer misconduct. As with Plaintiff's grievances, such complaints are referred to OPR. (Ex. A, Grievances at 4, 12, 16.) IIC Services plays no role in this process, as the grievance process is separate and distinct from OPR's process. (Ex. B, Grievance Procedure 701.4(j).) Therefore, the text of any similar grievances, even if they could be easily located, does not tend to prove or disprove Plaintiff's allegations that the Sheriff's Office turned a blind eye to allegations of incidents involving officers beatings detainees in elevators, failed to investigate or discipline officers who reportedly beat detainees in elevators that lack security cameras, failed to implement policies, or failed to properly train and supervise officers.

The dispute in this case is not really whether other detainees have ever complained of officer misconduct, either of this kind, or of any other. The unfortunate reality is that there are always such complaints in corrections and law enforcement, regardless of the veracity of those complaints, which are not submitted under oath. Rather, the dispute is whether the Sheriff's Office ignored such complaints, failed to investigate such complaints, or failed to implement policies or train officers to address such occurrences. Defendant submits that the parties need to progress to substantive discovery concerning the OPR process, training, and policies, rather than spending

7

months reviewing paper grievances, which are not intended to contain any indication of OPR's investigations, for many years during which Plaintiff was not in custody. More to the point, there is no dispute that Plaintiff's grievance regarding the incident in this case was referred for investigation, and that OPR's file relating to the grievance has been produced. There is no logic behind Plaintiff's contention that reviewing tens of thousands of pages of detainee grievances will prove his claims.

II. **This Court Should Deny Plaintiff's Motion to Compel Because the Requested Timeframe of the Grievances Exceeds the Scope of Permissible Discovery.**

Plaintiff asks the Court to compel Defendant to produce grievances for a *fifteen-year period*, from January 1, 2010, to the present. (Pl.'s Mot. at 6.) This request is grossly overbroad. First, grievances prior to 2017 have been disposed of pursuant to the Sheriff's Office's records retention policies, so they no longer exist and cannot be produced. *See Lowe v. CVS Pharmacy, Inc.*, No. 14 C 3687, 2016 U.S. Dist. LEXIS 189609, at *10 (N.D. Ill. May 23, 2016) (stating that parties "cannot be required to produce information they do not have").

Second, Plaintiff requests grievances up to the present, but he alleges the incident occurred more than four years ago on May 7, 2020. (*Id.* at 2.) Any conduct attributable to Defendants after May 7, 2020, is irrelevant to Plaintiff's claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident."). As such, Plaintiff's request for grievances after May 7, 2020, is plainly overbroad and not proportional to the needs of the case.

Third, Plaintiff requests grievances going back many years, but allegations made many years before the incident in this case are irrelevant and stale. Just as the justification for statutes of

8

limitations is to protect defendants from defending against claims when "evidence has been lost, memories have faded, and witnesses have disappeared," *see Stephan v. Goldinger*, 325 F.3d 874, 876 (7th Cir. 2003), so too is the justification for denying requests for stale discovery. *See Riley v. Dart*, No. 15 C 8221, 2018 U.S. Dist. LEXIS 162381, at *16 (N.D. Ill. Sep. 24, 2018) (pointing out that just because a report described certain events occurring at CCDOC in 2008, this did not mean it represented the state of affairs in 2014). Plaintiff's request for grievances beyond the two-year statute of limitations is overbroad because allegations of officers assaulting detainees from that long ago, even if they were true, would not represent the state of affairs during the alleged incident involving Plaintiff on May 7, 2020. *See id.*

Plaintiff cites *Green v. Meeks*, No. 20-cv-00463-SPM, 2023 U.S. Dist. LEXIS 17092, at *27 (S.D. Ill. Feb. 1, 2023), for the proposition that a defendant may be compelled to produce documents dating back to 2011 for a case filed in 2020. (Pl.'s Mot. at 14.) *Green* is inapposite. In that case, the court ordered production of documents for an extensive period of time because the plaintiff "was under the care of Defendants since 2012. He was diagnosed with sclerosing cholangitis in 2011, while in custody and Cook County Jail, and was transferred to IDOC custody in 2012." *Id.* Unlike the plaintiff in *Green*, Plaintiff has no connection to events occurring fifteen years ago. Plaintiff was booked into CCDOC on June 2, 2019. (Ex. C, Booking Card.) He alleges the incident occurred on May 7, 2020. (Pl.'s Mot. at 2.) He was not transferred to Defendant's custody fifteen years ago, and he was not diagnosed with any medical condition fifteen years ago. *Green* does not support Plaintiff's position.

Plaintiff also cites *Awalt v. Marketti*, No. 11 C 6142, 2012 U.S. Dist. LEXIS 177933, at *19 (N.D. Ill. Dec. 17, 2012), for the proposition that a defendant may be compelled to produce documents "dating back to September 14, 2005." (Pl.'s Mot. at 14.) However, even in *Awalt*, the

9

court ordered production of a five-year period and not a *fifteen-year period* as Plaintiff requests. Moreover, the court noted that "decisions to allow or disallow discovery requests involve many fact-specific determinations." *Awalt*, 2012 U.S. Dist. LEXIS 177933, at *19. In *Awalt*, the claim involved the death of the plaintiff's husband. *Id.* at 18. Under the proportionality requirement of Rule 26, courts must take into account "the importance of the issues at stake in the action" and "the amount in controversy." Fed. R. Civ. P. 26(b)(1). Under the "fact-specific determinations" the court made in *Awalt*, ordering production of documents for a five-year period was proportional in a death case. 2012 U.S. Dist. LEXIS 177933, at *19. The present case, on the other hand, is not a death case, so the "fact-specific determinations" are different. Based on the allegations in this case, Plaintiff's request for grievances for a fifteen-year period is not proportional to the needs of the case. *Awalt* does not support Plaintiff's position.

For all these reasons, Plaintiff's request for grievances for a fifteen-year period is overbroad and not proportional to the needs of the case.

**III.     This Court Should Deny Plaintiff's Motion to Compel Because Plaintiff's Request Imposes a Significant and Undue Burden on Defendant.**

Plaintiff's request for other inmates' grievances from January 1, 2010, to the present that involve allegations of detainees being assaulted by correctional officers in elevators in Division 9 would impose a significant and undue burden on Defendant. Such a request would require Defendant to manually review tens of thousands of handwritten grievances and identify whether the detainee is making such an allegation in the grievance. This request is far too burdensome, and the burden is not outweighed by any benefit.

As Plaintiff is aware from his time in custody, detainee grievances are handwritten documents, on which each detainee writes his or her complaints. (Ex. A, Grievances.) A correctional rehabilitation worker (social worker), known as a CRW, collects the grievances and

10

facilitates responses from various departments depending on the subject matter of the grievance. (Ex. D, Inmate Grievances Policy 808.3.) Although the grievances are uploaded by image, and organized by detainee, there is no way to search grievances to find complaints about elevators or assaults in elevators. These document images are not fit for optical character recognition (OCR) because they largely contain the handwriting of several different persons. It is possible to retrieve all grievances for a particular detainee from 2017 to the present, and Defendant has produced Plaintiff's grievances, but it is not realistically possible to search through tens of thousands of handwritten grievances to identify specific complaints.

Without any basis, Plaintiff argues that the burdens of producing the grievances "are a product of Defendants' own storage methods." (Pl.'s Mot. at 9.) This is not true. The problem, as Defendant has repeatedly explained to Plaintiff, is largely due to the fact that grievances are *handwritten* by detainees on *paper*. There is no way to run a keyword search on the grievances like there is with some types of electronically stored information. Images of grievances, much like photographs, are generally not text searchable, and Plaintiff has not disputed the basic limitation of OCR technology.

The burden that is involved in searching handwritten grievances is enormous. Based on an estimation in another case, the number of grievances was determined to be as follows:

- 2017: 20,579 grievances, hard copies, 17 boxes
- 2018: 15,670 grievances, hard copies, 17 boxes
- 2019: 13,667 grievances, hard copies, 14 boxes

Even if Defendant went through the effort of putting together boxes for two years or pulling employees away from their duties to monitor Plaintiff's counsel as they inspect the grievances, the grievances will not prove anything. All they will show is that a detainee made an unfounded allegation, not under oath, that has no indicia of reliability. The grievances of other detainees

11

simply have no evidentiary value in this case. Defendant should not be compelled to expend substantial time and resources on a request that imposes such a substantial burden with no benefit to Plaintiff.

The two reasons Plaintiff offers are not compelling. Plaintiff argues the grievances will show notice to Defendant, but the notice they will show (notice of unfounded allegations) is not the notice that is necessary for a *Monell* claim (notice of constitutional violations). *See Wells*, 2012 U.S. Dist. LEXIS 4749, at *35 (stating that even allegations in a complaint filed in federal court do not provide notice of a constitutional violation); *Arquero*, 587 F. Supp. 3d at 730 (same). Plaintiff also argues that an employee could have "substantiated" a detainee's allegation, but this is pure speculation. Regardless, the grievance response informs detainees that their allegations are being forwarded to OPR for investigation; they do not substantiate the detainees' allegations. (Ex. A, Grievances.) Plaintiff has not justified imposing such a substantial burden and cost on Defendant to manually review tens of thousands of grievances over a fifteen-year period. For these reasons, Plaintiff's motion should be denied.

## CONCLUSION

WHEREFORE, Defendant Sheriff Dart respectfully requests that this Honorable Court deny Plaintiff's motion to compel the production of grievances and for any other relief that this Honorable Court deems equitable and just.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: December 13, 2024                 /s/ *Samuel D. Branum*
                                         Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770