IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ,<br><br>   Plaintiff,<br><br> vs.<br><br>JUSTO RODRIGUEZ (#17897), DAMIR RASIC (#17493), ALEN DUHARKIC (#18248), JOHN CHAVEZ (#16361), ANDREW SACUTA (#17496), JOHN CARDEN (#17367), ELIUD DURAN (#3214), STEVEN STROH (#17808), TIMOTHY BEYER (#17914), DOUGLAS CONTORNO (#17467), JUSTIN VAN GIESEN (#16527), MACIEJ KRZEMINSKI (#17738), WILLIAM FILIPIAK (#17770), SERGEANT SHEEHAN (#3234), THOMAS J. DART, and COOK COUNTY,<br><br>   Defendant. | No. 21 CV 6243<br><br>Hon. Jeffrey I. Cummings |

**REPLY IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OR INSPECTION OF
GRIEVANCES IN RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

  Plaintiff Christian A. Gonzalez, by his undersigned appointed pro bono attorneys, replies to Defendant Sheriff Dart's opposition to his motion to compel (the "Motion") as follows. *See* ECF No. 156 ("Opp."); ECF No. 150 ("Mot.").

## INTRODUCTION

  Sheriff Dart's opposition fails to carry his burden to make a particularized showing that Mr. Gonzalez's narrowed version of Request for Production 8 from his Second Set of Requests for Production ("RFP 8") is disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Sheriff Dart asserts that it is unduly burdensome to search grievances because they are handwritten and stored in hardcopy format, but storing grievances in hardcopy format does not absolve Sheriff Dart of his obligation under the Federal Rules to produce relevant materials or to make such

1

materials available for inspection. *See Awalt v. Marketti*, 2012 WL 6568242, at *3-4, 6 (N.D. Ill. Dec. 17, 2012) (compelling production of paper records, including grievances, from Grundy County Jail relevant to *Monell* claim theory that Grundy County was on notice of repeated failures to provide adequate medical care and did nothing to correct those problems).

Sheriff Dart does not establish an undue burden and, indeed, for the first time in his opposition, Sheriff Dart reveals two facts that underscore why the Motion should be granted. First, Sheriff Dart represents that all grievances submitted prior to January 1, 2017 have been discarded, halving the burden searching grievances would entail. Second, Sheriff Dart explains that grievances alleging physical misconduct against a detainee are "forwarded" to the Office of Professional Review ("OPR")—thus creating, presumably, an electronic repository of some limited number of potentially relevant grievances. Sheriff Dart does not appear to have undertaken any search of this electronic repository, and does not explain why that repository could not be searched for grievances responsive to RFP 8.

Sheriff Dart also raises a few objections to the relevancy of the grievances, all of which he waived and, in any event, lack merit.

For each reason, the Motion should be granted.

## ARGUMENT

I. **Mr. Gonzalez's Request for Production or Inspection of Grievances Is Proportional to the Needs of the Case.**

As an initial matter, Sheriff Dart has waived his objection that RFP 8 is supposedly unduly burdensome. As noted in the Motion, Sheriff Dart's response to Mr. Gonzalez's RFP 8 merely states as follows: "Objection, this document requests [sic] is overburdensome (all), and vague (complaints, reports, grievances, or claims)." Mot. at 3 (citing Mot., Ex. A, ECF No. 150-1, at 2-3). It is well established that objections raised in this boilerplate fashion are waived. *See In re*

2

*Caesars Entertainment Operating Co.*, 2018 WL 2431636, at *3-4 (N.D. Ill. May 29, 2018) (collecting cases).

The objection also fails on the merits. Sheriff Dart does not dispute that *Monell* claims "require a *broad and substantial*"—and even "*burdensome*"—amount of discovery that would not be involved if the plaintiff sued only the individuals directly involved in the deprivation of his rights," as courts in this District have "routinely" observed. *Awalt*, 2012 WL 6568242, at *3, *7 (emphases added); *see also Green v. Meeks*, 2023 WL 1447817, at *8 (S.D. Ill. Feb. 1, 2023) (*Monell* plaintiffs are "allowed broad discovery into the treatment of other inmates"). To prevail on his *Monell* claim, Mr. Gonzalez *must* show that "other prisoners suffered from similar constitutional violations resulting from the same policy." *Green*, 2023 WL 1447817, at *8. When weighed against Mr. Gonzalez's substantial need for the discovery sought by his Motion, the purported burdens of RFP 8 do not outweigh the likely benefit of this discovery.

**A. Sheriff Dart Fails to Show Producing Grievances Would Be Unduly Burdensome.**

Sheriff Dart argues that producing grievances would be unduly burdensome because grievances "are *handwritten* by detainees *on paper*." Opp. at 10-12. But Sheriff Dart ignores Plaintiff's authority demonstrating that courts considering similar document requests have concluded that a government entity's burden in searching a limited set of paper records is outweighed by the "Plaintiff's need for the records to establish his *Monell* claim and the relevance of the records to that claim, together with the public's interest in ascertaining the scope of any alleged wrongs." *Fairfield v. Waukesha Cnty.*, 2024 WL 1637493, at *7 (E.D. Wis. Apr. 16, 2024); *see also Awalt*, 2012 WL 6568242, at *5 (discovery should not "leave the requesting party at the mercy of how comfortably its claims align with the producing party's document filing system"). Remarkably, however, Sheriff Dart *does not even respond* to these authorities. The opposition cites *Awalt* only with respect to the timeframe of Mr. Gonzalez's request, Opp. at 9-10, and it does

3

not cite *Fairfield* at all. Sheriff Dart has therefore waived any counter to Mr. Gonzalez's cited authority that "the need for the records to establish his *Monell* claim and the relevance of the records to that claim, together with the public's interest in ascertaining the scope of any alleged wrongs" overrules Sheriff Dart's undue burden objection. Mot. at 9-12; *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Additionally, Sheriff Dart reveals—for the first time in the opposition, despite multiple lengthy meet and confers preceding the filing of the Motion—two facts that undercut his own undue burden objections. First, Sheriff Dart represents that grievances predating January 1, 2017, no longer exist. Opp. at 8. If that is the case, it cuts in half the amount of hard-copy grievances that would need to be searched to respond to Mr. Gonzalez's request—Mr. Gonzalez had been seeking grievances since January 1, 2010. Mot. at 6 (citing Mot., Ex. E, ECF No. 150-5, at 1).

Second, Sheriff Dart explains that "[w]hen the Sheriff's Office receives a grievance from a detainee who alleges physical misconduct by staff, the grievance is forwarded to the [OPR]." Opp. at 6. Sheriff Dart raises this fact to support an argument that grievances do not ratify detainees' allegations, but ignores that it suggests there is a repository of electronic copies of exactly the sort of grievances that Mr. Gonzalez seeks in response to RFP 8 (and this repository, may include electronic copies of grievances *prior to* 2017). While Sheriff Dart does not explain what this process entails, the term "forwarded" invokes transmission of an electronic version of a grievance. And, as Sheriff Dart acknowledges in the Opposition, Sheriff Dart has produced OPR records indicating that some grievance-related information is available in electronic format. *See* Opp. at 8. If grievances alleging "physical misconduct by staff" are forwarded to OPR, it is all the more puzzling why Sheriff Dart has not—and could not—search the universe of forwarded grievances for those responsive to RFP 8.

In fact, given this belated revelation of computerized OPR files encompassing the exact grievances Mr. Gonzalez seeks, the Court should compel Sheriff Dart to produce the complete OPR file for each grievance alleging a detainee was assaulted by a correctional office in a Division 9 elevator (including the grievance). The complete OPR files are squarely responsive to RFP 8. *See* Mot. at 3. Yet, Sheriff Dart never mentioned OPR files during the parties' meet and confers, nor made any effort to identify searchable sources of responsive documents. Because Sheriff Dart appears to have now divulged a method to electronically identify grievances and other documents responsive to RFP 8—OPR files—Sheriff Dart should be compelled to produce responsive OPR files.

### B. Sheriff Dart Fails to Show That Allowing Mr. Gonzalez to Inspect Grievances in the Alternative Would Be Unduly Burdensome.

Alternatively, even if Sheriff Dart could avoid the burden of producing grievances (or OPR files) imposed by Sheriff Dart's own storage methods, Mr. Gonzalez has proposed an alternative that largely relieves Sheriff Dart of that burden: his counsel will search the paper grievances on his behalf, pursuant to Federal Rule of Civil Procedure 34(a)(1). Mot. at 5, 12-13.[1] To defeat that request, as Mr. Gonzalez observed in his Motion, Sheriff Dart "must make a *particularized showing* of undue burden, danger, or other reason for blocking the inspection." *Menendez v. Wal-Mart Stores E. L.P.*, 2012 WL 2155268, at *2 (N.D. Ind. June 13, 2012) (emphasis added). Sheriff Dart does not present the Court with specific facts showing *any* burden, much less a particularized showing of burden. *See* Opp. at 11-12. The opposition's entire discussion of burden consists of a single sentence asserting that an inspection would require the Sheriff's Office "to expend

---

[1] To the extent it would lessen Sheriff Dart's alleged inspection burden, Plaintiff would, in the alternative, be willing to inspect the OPR files where the grievances alleging staff assault were "forwarded." (In theory, this would be a more limited subset of documents.) To the extent the OPR files are maintained in electronic format, Sheriff Dart should be able to conduct such searches using standard ESI discovery methods.

5

substantial time and resources." Opp. at 12. Such a conclusory assertion, "not supported by a particular and specific demonstration of fact," is insufficient to defeat Mr. Gonzalez's request for production under Rule 34(a)(1). *Green*, 2023 WL 1447817, at *9 (internal citation omitted). Sheriff Dart makes no effort to quantify the expenditure of time and resources or even explain what it would entail. Sheriff Dart cites no authority in support of his opposition to the request for inspection. And Sheriff Dart fails to respond to Mr. Gonzalez's authority showing that courts have overruled objections based on such basic burdens as having to reassign staff to accommodate an inspection—a burden Sheriff Dart does not even demonstrate here. *See Blanchard v. Hyatte*, 2023 WL 1961572, at *9-10 (N.D. Ind. Feb. 10, 2023).

Accordingly, Sheriff Dart should at a minimum be compelled to permit Mr. Gonzalez to inspect (through his counsel) grievances (or OPR files) for those responsive to RFP 8.

## II. Sheriff Dart's Remaining Objections Are Meritless.

Unable to show undue burden, Sheriff Dart resorts to a series of other objections, including that the grievances are inadmissible hearsay and are not relevant to Mr. Gonzalez's *Monell* claim. Opp. at 2-8.

Once again, Sheriff Dart waived these objections. As noted above, the only objections Sheriff Dart raised in response to RFP 8 are that the request is "overburdensome" and "vague." Mot. at 3 (citing Mot., Ex. A, at 2-3). Sheriff Dart did not raise any relevancy or hearsay objections. These objections are therefore also waived. *See In re Caesars*, 2018 WL 2431636, at *3-4; *supra*, at 2-3.

Even if Sheriff Dart had not waived these objections, each objection fails on the merits. *First*, Sheriff Dart asserts that grievances are undiscoverable because they are likely hearsay. Opp. at 3-4. But Mr. Gonzalez already refuted this point in his Motion. Mot. at 13-14. As Mr. Gonzalez

6

explained, it is well-established that information does not need to be *admissible* to be *discoverable*. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."); *Prince v. Kato*, 2022 WL 21306676, at *2 (N.D. Ill. Mar. 28, 2022) ("[R]eliance on the admissibility of [evidence] at this stage of discovery is misplaced because information 'need not be admissible in evidence to be discoverable.'"). Sheriff Dart simply ignores this elementary principle in reiterating this baseless objection to RFP 8. Further, Sheriff Dart's assertion that Mr. Gonzalez seeks to introduce grievances for the truth of the matter asserted, Opp. at 3-4, ignores Mr. Gonzalez's argument in the Motion that grievances related to other detainees being assaulted in elevators are relevant to show that Sheriff Dart had *notice* of the policy failures underlying his *Monell* claim. *See* Mot. at 13-14; *Awalt*, 2012 WL 6568242, at *4 (holding that grievances constituted "[e]vidence that policymakers [at a jail] are on notice of systematically inadequate medical treatment"). The production of these grievances may also lead to witnesses who can provide non-hearsay testimony about other assaults in the Division 9 elevators. Thus, for a host of reasons, Sheriff Dart's hearsay objections are meritless.

**Second**, Sheriff Dart asserts that the grievances are not relevant to Mr. Gonzalez's *Monell* claim because grievances do not, in and of themselves, prove that a constitutional violation took place or substantiate the alleged incident. Opp. at 4-7. This argument is untethered to any binding authority. Sheriff Dart cites no case law suggesting that evidence is not relevant to a *Monell* claim unless it conclusively establishes another violation. On the contrary, courts routinely permit discovery of grievances alleging other violations as relevant to show notice and identify witnesses, as noted above. *See, e.g.*, *Awalt*, 2012 WL 6568242, at *4. Sheriff Dart's cited cases are inapposite and do not show otherwise. Sheriff Dart cites two cases holding, at the motion to dismiss stage, that allegations of other *lawsuits* alone are insufficient to state a claim. *See Arquero v. Dart*, 587

F. Supp. 3d 721, 730-31 (N.D. Ill. 2022); *Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, 2021 WL 767619, at *10 (N.D. Ill. 2021). Sheriff Dart's third case, *Wells v. City of Chicago*, concerned the admissibility of evidence under Federal Rule of Evidence 403 at summary judgment stage, not its discoverability. 2012 WL 116040 at *1, 12 (N.D. Ill. Jan. 16, 2012). Again, as noted above, evidence does not need to admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). None of these cases supports the conclusion that grievances are irrelevant simply because the face of a grievance may not substantiate its allegations.[2]

***Third***, Sheriff Dart argues that grievances dated *after* the May 7, 2020 incident at issue are undiscoverable because "[a]ny conduct attributable to Sheriff Dart after May 7, 2020, is irrelevant to Plaintiff's claim," citing *Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994). Opp. at 8. This misreads the Seventh Circuit's decision in *Calusinski*. As explained in *Gabor v. Dozier*, *Calusinski* holds only that a "single incident of unconstitutional misconduct similar but subsequent to that suffered by the plaintiff cannot prove that a municipality had notice of a widespread practice at the time of the earlier incident." 2021 WL 5882205, at *9 n.3 (N.D. Ill. Dec. 13, 2021). "[I]t does not follow" from this "that similar subsequent incidents are never probative and material of what policies, practices, or customs existed at the time of a *Monell* plaintiff's deprivation of constitutional rights." *Id.* (quotations omitted and alterations adopted). On the contrary, post-deprivation conduct *is* typically "relevant "to the existence of a custom." *Id.* (emphasis added) (quotations omitted). "And if the custom or practice is sufficiently pervasive, the Court may infer that municipal policymakers had notice of it." *Id.* (citing *Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016)). Here, Mr. Gonzalez has alleged multiple instances of similar violations

---

[2] Sheriff Dart's discussion of OPR files, Opp. at 6-7, only underscores that Sheriff Dart should be compelled to produce those files in addition to the underlying grievances in response to RFP 8. *See supra*, at 4-5.

8

predating the May 7, 2020 allegation at issue in this case. Am. Compl., ECF No. 84, ¶¶ 52-53. Thus, additional incidents subsequent to May 7, 2020 violation are relevant to establishing the pervasiveness of the alleged unconstitutional policy, practice, or custom.

***Fourth***, Sheriff Dart asserts that grievances dated more than two years *before* the May 7, 2020 assault would be "irrelevant and stale" because they extend beyond the statute of limitations for Mr. Gonzalez's *Monell* claim. Opp. at 8-9. This is incorrect. Courts routinely grant discovery of *Monell* claims going back well before the two-year statute of limitations, as Mr. Gonzalez established in his Motion. *See Green*, 2023 WL 1447817, at *9 (granting motion to compel documents dating back to January 1, 2011, for case filed in 2020); *Awalt*, 2012 WL 6568242, at *6 (granting motion to compel documents dating back to September 14, 2005 for case filed in 2011). Once again, Sheriff Dart's cases are inapposite and do not show otherwise. The Seventh Circuit's decision in *Stephan v. Goldinger* involved neither a *Monell* claim nor a discovery dispute, but rather equitable tolling of a fraud claim. 325 F.3d 874, 876 (7th Cir. 2003). And *Riley v. Dart* held merely that, on summary judgment, a plaintiff's reliance on a single Department of Justice report pertaining to inadequate medical care at Cermak—the medical facility at the Cook County Jail—six years before the plaintiff's own treatment was insufficient to create a triable issue of fact where the plaintiff had no evidence connecting that report to the current "state of affairs." 2018 WL 4563077, at *5 (N.D. Ill. Sept. 24, 2018). Neither case supports Sheriff Dart's blanket objection to the relevancy of grievances dated more than two years prior to the May 7, 2020 incident at issue in this case.

## CONCLUSION

For the foregoing reasons and those stated in his Motion, Mr. Gonzalez respectfully requests that the Court enter an order compelling Sheriff Dart to produce the complete OPR files

for grievances alleging that a detainee was assaulted by a correctional officer in a Division 9 elevator, or alternatively, to produce or permit Mr. Gonzalez to inspect such files.

Dated: December 20, 2024

CHRISTIAN A. GONZALEZ

By: /s/ *Andrew W. Vail*
Andrew W. Vail
Kaitlin M. Leskovac
Jacob P. Wentzel
Christina T. Lopez
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
AVail@jenner.com
(312) 840-8688

*Attorneys for Plaintiff*