IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTIAN A. GONZALEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 21-cv-06243 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| **JUSTO RODRIGUEZ #17897, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The Court has reviewed plaintiff's motion to compel, (Dckt. #150), and the briefs related thereto. For the reasons set forth below, by May 29, 2025, defendants shall file a supplemental memorandum and accompanying declaration including the information outlined below. The parties shall then meet and confer and file a joint status report as outlined below by June 12, 2025. The Court notes that the parties reported in their May 14, 2025 joint status report, (Dckt. #173), that excluding the discovery raised in the motion to compel, fact discovery is otherwise complete. The May 23, 2025 tracking status hearing is stricken and re-set to June 27, 2025 at 9:00 a.m. (to track the case only, no appearance is required).

## STATEMENT

Plaintiff Christian A. Gonzalez, a pretrial detainee at the Cook County Jail, brings this action pursuant to 42 U.S.C. §1983 against thirteen Cook County correctional officers, Sergeant Sheehan, Sheriff Thomas Dart, and Cook County for claims arising out of an incident on May 7, 2020, during which plaintiff was attacked in a Division 9 elevator containing no security camera. In his amended complaint, (Dckt. #84), plaintiff brings claims for: excessive force against the three officers that allegedly assaulted him in the elevator (Count I); failure to intervene against the remaining officers and Sergeant Sheehan (Count II); and a *Monell* claim against Sheriff Dart and Cook County alleging a widespread practice at Cook County Jail of officers beating detainees in elevators without security cameras (Count III).

The parties have been proceeding with fact discovery, which is nearing its end. Currently before the Court is plaintiff's motion to compel defendants to respond to Request for Production No. 8, in which plaintiff initially sought:

> All Documents and Communications related to complaints, reports, grievances, or claims involving allegations that a Cook County Department of Corrections officer assaulted an inmate in an elevator or elevator bank at the Cook County Jail that does not have a camera or has a malfunctioning camera.

(Dckt. #150 at 3). Through the parties' meet and confer efforts and subsequent briefing, plaintiff further limited its request in its motion to all grievances from 2010 through the present "involving allegations of detainees being assaulted by correctional officers in elevators in Division 9 of Cook County Jail." (*Id*. at 6).

In response to the motion, defendants argue that plaintiff's request for 15 years of grievances – which are "handwritten by detainees on paper – is unduly burdensome because, even though "the grievances are uploaded by image, and organized by detainee," those images are not fit for optical character recognition ("OCR") searches. (Dckt. #156 at 11). Moreover, "based on an estimation in another case" – which defendants do not identify – defendants maintain that the number of grievances per year at Cook County Jail was determined to be as follows:

- 2017: 20,579 grievances, hard copies, 17 boxes
- 2018: 15,670 grievances, hard copies, 17 boxes
- 2019: 13,667 grievances, hard copies, 14 boxes

(Dckt. #156 at 12).

Finally, defendants explain – for the first time according to plaintiff – that "[w]hen the Sheriff's Office receives a grievance from a detainee who alleges physical misconduct by staff, the grievance is forwarded to the Office of Professional Review (OPR)." (*Id*. at 6). As an example, defendants attach copies of plaintiff's own grievances that were forwarded in electronic format to OPR. (*See* Dckt. #156-1 at 3). In sum: the grievances sought by plaintiff in RFP No. 8 are presumably a subset of the grievances that the Sheriff's Office has forwarded to OPR and, as such, there is "presumably, an electronic repository of some limited number of potentially relevant grievances." (Dckt. #159 at 2).

Unfortunately, the briefing on plaintiff's motion leaves the Court with more questions than answers as to the actual burden defendants might face if the Court were to grant plaintiff's motion to compel in whole or in part. *See Whole Woman's Health All. v. Hill*, No. 118CV01904SEBMJD, 2019 WL 10886889, at *3 (S.D.Ind. Oct. 7, 2019) ("A party resisting discovery on the basis of undue burden must show with specificity that the discovery requests are issue are objectionable."). In particular, there is no indication as to whether defendants have searched the repository of grievances that were forwarded to OPR. Nor have defendants elaborated as to how searching OPR's more limited repository would be similarly as burdensome as searching tens of thousands of paper copies of *all* grievances. Nor have defendants explained for how long or how – e.g., by detainee, type of conduct, date, etc. – OPR maintains those grievances

It also does not appear that the parties have fully exhausted their meet and confer efforts regarding these questions. Accordingly, by May 29, 2025 defendants shall file a supplemental memorandum with the following information:

(1) The name of the other "case" from which the above yearly estimated grievance totals came;

2

(2) How and for how long OPR maintains the electronic repository of forwarded grievances alleging physical conduct against a detainee and, if available, the estimated yearly total of such grievances from 2018 through 2020;

(3) Defendants' argument, if any, as to why searching OPR's repository of responsive grievances would be unduly burdensome;

(4) Defendants' objection, if any, to plaintiff's request in his reply that defendants' production should be expanded to include the entirety of the OPR files related to any responsive grievances.

Defendants shall accompany their supplemental memorandum with a sworn declaration of an individual with knowledge regarding the information provided therein. *See Whole Woman's Health*, 2019 WL 10886889, at *3 (a specific showing of undue burden "typically requires affidavits or other evidence supporting a party's assertions of burden."); *Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2014 WL 3809763 at *2 (N.D. Ill. Aug. 4, 2014) ("What is required [to show undue burden] is affirmative proof in the form of affidavits or record evidence.")

After defendants file their supplement and accompanying declaration, the parties shall then fully exhaust their meet and confer efforts taking into consideration this Order and defendants' supplement. By June 12, 2025, the parties shall file a joint status report confirming the completion of their meet and confer efforts, indicating whether they have fully resolved or otherwise narrowed the dispute surrounding RFP No. 8, and (if their dispute is not fully resolved) stating their respective positions on the remaining issues in contest.

**Date: May 14, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**