**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTIAN A. GONZALEZ, | |
| Plaintiff, | |
| vs. | No. 21 CV 6243 |
| JUSTO RODRIGUEZ (#17897), DAMIR RASIC (#17493), ALEN DUHARKIC (#18248), JOHN CHAVEZ (#16361), ANDREW SACUTA (#17496), JOHN CARDEN (#17367), ELIUD DURAN (#3214), STEVEN STROH (#17808), TIMOTHY BEYER (#17914), DOUGLAS CONTORNO (#17467), JUSTIN VAN GIESEN (#16527), MACIEJ KRZEMINSKI (#17738), WILLIAM FILIPIAK (#17770), SERGEANT SHEEHAN (#3234), THOMAS J. DART, and COOK COUNTY, | Hon. Jeffrey I. Cummings |
| Defendants. | |

**JOINT STATUS REPORT**

Plaintiff, Christian A. Gonzalez, by his attorneys, and Defendants Thomas J. Dart, and Cook County, by their attorneys, report as follows pursuant to the Court's July 17, 2025 order (ECF No. 203).

1.      The parties have been attempting to resolve a discovery dispute regarding Plaintiff's RFP No. 8.  In response to Plaintiff's Motion to Compel (ECF No. 150), the Court ordered Defendants to file supplemental briefing with specific information and for the parties to continue meet and confer efforts.  (*See* ECF Nos. 174, 181.)  The parties have continued to exchange written proposals and confer telephonically in June and July 2025 (*E.g.,* ECF Nos. 201, 202), and the parties are now at impasse.  The parties present their respective positions as follows:

2.      ***Plaintiff's position.***  Eight months ago and after approximately four months of meeting and conferring, on November 22, 2024, Plaintiff moved to compel production, or make

available for inspection, all Cook County Jail grievances related to incidents in which detainees had alleged assault in an elevator in Division 9 of the Cook County Jail, for the period January 1, 2010 to the present. (ECF No. 150, at 1-8.) Over the course of meeting and conferring and in the Motion to Compel, Plaintiff reduced the scope of his original RFP No. 8, which sought a broader universe of documents, "[a]ll Documents and Communications related to complaints, reports, grievances, or claims involving allegations that a Cook County Department of Corrections officer assaulted an inmate in an elevator or elevator bank at the Cook County Jail that does not have a camera or has a malfunctioning camera." (*Id.* at 3.)

3.      In opposition to Plaintiff's Motion to Compel, Defendant Dart explained for the first time that any grievances alleging officer misconduct would be "forwarded" to OPR, identifying a narrowly tailored universe of grievances that are directly responsive to RFP No. 8. (*See* ECF No. 159 at 1-2.)

4.      On May 12, 2025, the Court issued an order concerning Plaintiff's Motion to Compel seeking supplemental information from Defendant Dart. (ECF No. 174.)

5.      In response, Defendant Dart served a supplemental filing that identified that there would be about 1,174 responsive Office of Professional Review ("OPR") files between 2018 and 2020 where the "investigations were initiated by detainee grievances that allege officer misconduct[.]" (ECF No. 181 at 1-2.)

6.      Following review of the supplemental filing (ECF No. 181), on June 17, 2025, Plaintiff proposed the following compromise:

> a.   That the Sheriff's Office review the 1,174 OPR investigative files identified in ECF No. 181 at 1-2 (where such investigations were initiated by detainee grievances that allege officer misconduct) and, to the extent the 2017 investigative files fall within the same volume range (less than 450 files), the Sheriff's Office will review those files as well. The Sheriff's Office shall then produce all OPR investigative files from the review set that are responsive to

plaintiff's RFP No. 8, i.e., which involve an allegation that a Cook County Department of Corrections officer assaulted an inmate in an elevator or elevator bank at Cook County Jail, Division 9, that does not have a camera or has a malfunctioning camera.

b. In the alternative, that the Sheriff's Office scan and produce the 1,174 OPR investigative files identified in ECF No. 181 at 1-2 (where such investigations were initiated by detainee grievances that allege officer misconduct) and, to the extent the 2017 investigative files fall within the same volume range (fewer than 450 files), we request that those investigative files are scanned and produced as well. Jenner will then conduct a review for responsive files. Files found to be non-responsive may then be clawed back and deemed not produced.

7.     On June 23, 2025, Defendant Dart offered to produce the grievances that were produced in *Henneberg v. Dart*, No. 19-cv-7380 (N.D. Ill.). Defendant Dart stated that this consisted of all grievances filed at Cook County Jail between 2017 and 2019 (approximately 50,000 total), which had been scanned electronically for production in *Henneberg*.

8.     On June 25, 2025, Plaintiff rejected Defendant Dart's proposal. Plaintiff explained that the grievances numbered 50,000 in total, and Defendant Dart's filings indicate that there are OPR files concerning investigations initiated by grievances that allege officer misconduct, which is a much smaller subset of grievances that is more responsive to Plaintiff's RFP No. 8. Plaintiff also noted that Defendant Dart's filings indicate that there are 415 files for 2018; 362 for 2019; 397 for 2020; and presumably a similar number for 2017. Plaintiff also understood from Defendant Dart's filings that the OPR files for 2020 are stored electronically.

9.     The parties met and conferred via phone on June 26, 2025.

10.    Thereafter, on July 10, 2025, Plaintiff reiterated his proposal from June 17, 2025, *supra* ¶ 6. Plaintiff stated his position that production of the 50,000 grievances, which are not organized in any way and contain grievances from all Divisions on any and all subject matters, does not comply with Defendant Dart's discovery obligation under the Federal Rules of Civil

Procedure, including where there is a significantly smaller set of grievances (within the OPR files) that are more responsive to RFP No. 8.

11.     Having received no response, Plaintiff followed up on July 23, 2025, seeking Defendant Dart's position.  Rather than respond to the substance of Plaintiff's proposal, at 9:43 p.m. on July 24, 2025, Defendant Dart produced the grievances from *Henneberg*—a proposal which Plaintiff had already rejected.  Defendant Dart produced additional files on July 25.

12.     Defendant Dart's production includes approximately 142,500 .tiff files, or 142,500 unique images of individual grievance pages.  This production was not organized or labeled—the files are not grouped into individual grievances, and it is not readily apparent where a given grievance begins or ends.  Although Defendant Dart indicated in the cover email for the production that grievances involving alleged officer assaults could be isolated by identifying grievances that have been given specific three-number code, Plaintiff would have to review each of the approximately 142,500 files for that code.  Furthermore, as Defendant Dart indicated in his response to the Motion to Compel, the "grievances are handwritten, and therefore not subject to any type of optical character recognition, or OCR."  (ECF No. 156 at 2.)

13.     The parties conferred telephonically today, July 25, 2025, to determine whether Defendant Dart was rejecting Plaintiff's request, which was confirmed.

14.     Plaintiff views his proposal as a significant compromise, and as well-considered, reasonable, and consistent with Defendant Dart's discovery obligations under the Federal Rules of Civil Procedure.

15.     At this Court's discretion and convenience, Plaintiff is prepared to appear for a telephonic or in-person hearing or conference, or to file supplemental briefing.

**Defendant Sheriff Dart's Position**

On July 24, 2025, Defendant Sheriff Dart produced the grievances that were electronically scanned in the *Henneberg* case. Plaintiff is now in possession of the grievances he seeks.

On July 25, 2025, at around 2:53pm, Plaintiff's counsel called defense counsel to discuss the production of grievances. Defense counsel explained that the grievances could quickly be scanned for the code "260," which is the code for "Misconduct (physical) by SWORN Staff." The grievances Plaintiff has requested could then be identified from this smaller subset of grievances (those coded "260"). Plaintiff's counsel stated they would not be reviewing the grievances.

After the phone call, defense counsel worked to set up a call with his client to discuss Plaintiff's position but was unable to coordinate a call on a Friday afternoon. At 7:33pm, Plaintiff's counsel sent a first draft of this status report to defense counsel.

Defense counsel would like the opportunity to discuss Plaintiff's position in this status report with his client and respectfully requests until Tuesday, July 29, 2025, to file Defendant's position to the status report.

Dated: July 25, 2025

Respectfully submitted,

By*: /s/ Andrew W. Vail*
Andrew W. Vail
Kaitlin M. Leskovac
Jacob P. Wentzel
Christina T. Lopez
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 840-8688
AVail@jenner.com
KLeskovac@jenner.com
JWentzel@jenner.com

By: */s/ Samuel D. Branum*
Monica Burkoth
Samuel D. Branum
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
(312) 372-0770
burkothm@jbltd.com
branums@jbltd.com

*Attorneys for Defendants other than*
*Defendant Rodriguez and Defendant Beyer*

5

CLopez@jenner.com

*Attorneys for Plaintiff*
*Christian Gonzalez*