IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | Case No. 21-cv-6243 |
| ) | |
| JUSTO RODRIGUEZ et al., ) | Judge Jeffrey I. Cummings |
| ) | Magistrate Judge Maria Valdez |
| *Defendants.* ) | |
| ) | |

## DEFENDANT SHERIFF DART'S POSITION FOR JOINT STATUS REPORT

Defendant, THOMAS J. DART, in his official capacity as Sheriff of Cook County, by his attorney, EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., submits his position for the joint status report filed on July 25, 2025, ECF No. 204, and in accordance with the Court's July 28, 2025, Order, ECF No. 205:

1. On November 22, 2024, Plaintiff moved to compel Defendant Sheriff Dart "to produce or, alternatively, make available for inspection Cook County Jail grievances." (Pl.'s Mot. to Compel at 1, ECF No. 150.)

2. In his motion, Plaintiff "acknowledge[d] the burdens of manually reviewing grievances for those responsive to RFP 8," but stated that "*such burdens do not outweigh his need for such grievances to prove his Monell* claim." (*Id.* at 11, emphasis added.)

3. From Plaintiff's standpoint, the burden of manually reviewing all Cook County Jail grievances is not that great because Plaintiff offered to inspect those grievances himself (through counsel). (*Id.* at 12.) Plaintiff requested access to the Jail to inspect all grievances stored by the Sheriff's Office. (*Id.*)

1

4. Defendant objected to Plaintiff inspecting grievances at the Jail because it would disrupt Jail operations and take time away from staff who must focus on the day-to-day operations of the Jail. (*Id.*)

5. However, through litigating this dispute, it is known that all grievances from 2017 to 2019 were electronically scanned in *Henneberg v. Dart*, 19-cv-7380 (N.D. Ill.). Defendant has agreed to produce, and has produced, these grievances to Plaintiff based on his request to manually review all Cook County Jail grievances. (Mot. to Compel at 12.)

6. Producing the electronically scanned grievances gives Plaintiff the information he requested while eliminating the need for Plaintiff to physically visit the Jail to inspect grievances, which also eliminates the disruption to Jail operations that such an inspection would entail.

7. In other words, Plaintiff did not consider it to be unduly burdensome to manually review all grievances when he filed his motion to compel, so Defendant agreed to produce the electronically scanned grievances for Plaintiff to inspect. Plaintiff cannot now shift gears and claim it would be too burdensome to manually review the same grievances he asked to inspect.

8. Plaintiff, however, now rejects his own request and wants the Sheriff's Office to instead scan and produce (or review internally) 1,174 OPR files for information that is already in his possession. (Status Report ¶ 6, ECF No. 204.)

9. Plaintiff's proposal would be *more* burdensome to the parties than reviewing the grievances Plaintiff already has. Plaintiff's OPR file is approximately 60 pages. Reviewing 1,174 OPR files that could each be around 60 pages equates to 70,440 pages that would need to be reviewed.

10. However, in addition to the time involved in reviewing 70,440 pages of OPR files, it would take an enormous amount of time to compile and produce all 1,174 OPR files because

most of the files are in paper format and not electronically stored. (Def's Suppl. Memo. at 2–3, ECF No. 181.) Producing the files would require pulling the physical files and conducting a paper review or scanning thousands of pages of documents. (*Id.*)

11. Further, Plaintiff does not need to read every electronically scanned grievance to find responsive grievances. Plaintiff can scroll through the grievances for the code "260," which is the code for "Misconduct (physical) by SWORN Staff." The specific grievances Plaintiff has requested could then be identified from this smaller subset of grievances (those coded "260").

12. This smaller subset of grievances would also be a much smaller subset of the 1,174 OPR files because many other types of grievances other than "Misconduct (physical) by SWORN Staff" are investigated by OPR, such as:

   a. Verbal insults/unbecoming behavior
   b. Threats
   c. Racial or other discrimination
   d. Refusing access to mail
   e. Refusing to allow dayroom time
   f. Refusing to call detainee for medication administration
   g. Refusing to enforce rules on the tier
   h. Failing to follow protocol of any kind
   i. Failing to arrange or allow laundry or bedding exchange
   j. Issues with meal service on tier
   k. Refusing to address conditions (temperature, facilities, water)

13. Instead of reviewing 1,174 OPR files, which would include grievances involving all the above issues, Plaintiff can isolate only those grievances alleging physical misconduct, i.e., those coded "260" (which Plaintiff's grievance was also coded).

WHEREFORE, Defendant Sheriff Dart respectfully requests that this Court find Plaintiff's Motion to Compel Production or Inspection of Grievances (ECF No. 150) moot because Plaintiff is already in possession of the grievances he seeks.

                                                Respectfully submitted,

                                                EILEEN O'NEILL BURKE
                                                State's Attorney of Cook County

Dated: July 29, 2025                             /s/ *Samuel D. Branum*
                                                Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770