# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Christian A. Gonzalez
                Plaintiff,

v.
                Case No.: 1:21−cv−06243
                Honorable Jeffrey I Cummings

J Rodriguez, et al.
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 30, 2025:

      MINUTE entry before the Honorable Jeffrey I Cummings: The Court has reviewed defendant Dart's supplemental memorandum [181] in opposition to plaintiff's motion to compel, the parties' joint status report [204], and defendant's supplemental status report [206] and orders as follows. Plaintiff's motion to compel [150] is denied to the extent he continues to seek a more narrowed production of grievances (or, at this stage, OPR files) from 2017−2019. Since the Court's May 14, 2025 Order [174], defendant has produced (albeit without agreement of plaintiff) all grievances from 2017 to 2019, which were electronically scanned in Henneberg v. Dart, 19−cv−7380 (N.D. Ill.). While that production is voluminous, plaintiff can review the documents for the relevant code reflecting physical officer misconduct, which will certainly prove less burdensome than plaintiff reviewing endless boxes of hard copies of grievances at the jail, as he previously offered as an option in his motion to compel. (See Dckt. #150 at 12 ("Defendants should at least be compelled to make Cook County Jail grievances available for Mr. Gonzalez to inspect himself (through his counsel).")). If plaintiff determines from his review of the Henneberg grievances that further narrowed requests for specific OPR files from 2017−2019 may be appropriate, the parties shall meet and confer in an attempt to agree regarding such supplemental production. Moreover, because the Henneberg grievances do not include grievances from 2020, and because defendant concedes that OPR files from 2020 are stored electronically, plaintiff's motion to compel is granted with respect to 2020 OPR files as follows. Defendant is directed to review and produce OPR files responsive to plaintiff's RFP No. 8 (as narrowed by plaintiff) from January 1, 2020 through May 7, 2020 (the date of the incident in this case). That production shall be completed by August 27, 2025. By September 17, 2025, the parties shall file a joint status report confirming the completion of this remaining fact discovery, providing an agreed expert discovery schedule, if required, and indicating whether the parties are mutually interested in participating in a settlement conference with the assigned Magistrate Judge. The August 18, 2025 tracking status hearing is stricken and re−set to October 3, 2025 at 9:00 a.m. (to track the case only, no appearance is required). Mailed notice. (kp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.