IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>JUSTO RODRIGUEZ (#17897), DAMIR RASIC (#17493), ALEN DUHARKIC (#18248), JOHN CHAVEZ (#16361), ANDREW SACUTA (#17496), JOHN CARDEN (#17367), ELIUD DURAN (#3214), STEVEN STROH (#17808), TIMOTHY BEYER (#17914), DOUGLAS CONTORNO (#17467), JUSTIN VAN GIESEN (#16527), MACIEJ KRZEMINSKI (#17738), WILLIAM FILIPIAK (#17770), SERGEANT SHEEHAN (#3234), THOMAS J. DART, and COOK COUNTY,<br><br>    Defendants. | No. 21 CV 6243<br><br>Hon. Jeffrey I. Cummings |

**JOINT STATUS REPORT**

    Plaintiff, Christian A. Gonzalez, by his attorneys, and Defendants Thomas J. Dart, and Cook County, by their attorneys, report as follows pursuant to the Court's July 30 and September 23, 2025 orders (ECF Nos. 207, 213).

    1.    Pursuant to the Court's July 30 order, Plaintiff's appointed, pro bono counsel undertook review of the detainee grievances electronically scanned in *Henneberg v. Dart*, 19−cv−7380 (N.D. Ill.) and produced by counsel for the Cook County Sheriff's Office. (*See* ECF No. 207). Plaintiff's counsel has now completed review of all the *Henneberg* grievances.

    2.    On September 9, 2025, Plaintiff's counsel requested the Office of Professional Review ("OPR") files from the Sheriff's Office for 14 grievances that involved or potentially involved allegations of correctional officers physically assaulting detainees in or around the Division 9 elevators of the Cook County Jail. (*See* ECF No. 207) ("If plaintiff determines from

1

his review of the *Henneberg* grievances that further narrowed requests for specific OPR files from 2017–2019 may be appropriate, the parties shall meet and confer in an attempt to agree regarding such supplemental production."). On September 30, 2025, after completing their review of all the *Henneberg* grievances, Plaintiff's counsel made a supplementary request for the OPR files for 20 additional grievances.

3. Responsive to Plaintiff's initial September 9 request, counsel for the Sheriff's Office furnished OPR files on October 7, 2025. Counsel for Plaintiff has begun reviewing that production, which totals approximately 490 pages.

4. Counsel for Defendant forwarded Plaintiff's September 30 request to the Sheriff's Office so it may assess the burden of producing the OPR files for 20 additional grievances. The Sheriff's Office expects to provide its position to Plaintiff within one week.

5. Plaintiff's counsel requires time to review Defendant's October 7 production of OPR files and address any issues. In addition, the parties require additional time to address Plaintiff's September 30 request for OPR files. Finally, the parties need to confer on a schedule for expert discovery. To facilitate this process, the parties respectfully request a three-week extension of the Court's October 8, 2025 deadline to file a joint status report confirming the completion of fact discovery, providing an agreed upon expert discovery schedule (if required), and indicating whether the parties are interested in a settlement conference with the assigned Magistrate Judge. (*See* ECF No. 213). On or before October 29, 2025, the parties will file another joint status report, which will include a proposal for an expert discovery schedule.

6. The parties disagree on the final point and set forth their respective positions as follows:

2

a. **Defendant's Statement.** In preparing this status report, defense counsel asked Plaintiff's counsel if they will be requesting OPR files for grievances above and beyond the 34 grievances already requested. Despite Plaintiff's counsel representing that they have completed their review of all the grievances, Plaintiff's counsel would not commit to a position. The Sheriff's Office objects to an open-ended or continuing request for OPR files. Plaintiff's counsel completed their review of the grievances and requested OPR files for some of them. No further requests should be allowed.

b. **Plaintiff's Statement.** In response to defense counsel's request that Plaintiff commit in the instant status report that he will not request any additional OPR files, Plaintiff advised that, while he does not intend to do so at this time, he is unable to make this broad commitment before completing his review of the Sheriff's Office's October 7 production or before receiving any of the OPR files he requested on September 30 or any commitment from the Sheriff's Office to produce the same. Plaintiff further noted that the Sheriff's Office's was free to object to any additional requests if made. Plaintiff reserves his right to request additional OPR files based on his ongoing review of the OPR files produced by the Sheriff's Office yesterday, October 7, and any additional OPR files produced in response to Plaintiff's September 30 request. Plaintiff further commits to meeting and conferring in good faith should any disputes around this issue ultimately materialize.

Dated: Oct. 8, 2025

By: */s/ Andrew W. Vail*
Andrew W. Vail
Kaitlin M. Leskovac
Jacob P. Wentzel
Christina T. Lopez

Respectfully submitted,

By: */s/ Samuel D. Branum*
Monica Burkoth
Samuel D. Branum
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700

3

| | |
|---|---|
| JENNER & BLOCK LLP<br>353 North Clark Street<br>Chicago, IL 60654<br>(312) 840-8688<br>AVail@jenner.com<br>KLeskovac@jenner.com<br>JWentzel@jenner.com<br>CLopez@jenner.com<br><br>*Attorneys for Plaintiff*<br>*Christian Gonzalez* | (312) 372-0770<br>burkothm@jbltd.com<br>branums@jbltd.com<br><br>*Attorneys for Defendants other than*<br>*Defendant Rodriguez and Defendant Beyer* |