IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ, | ) |
| *Plaintiff,* | ) ) ) |
| -*vs*- | ) ) Case No. 21-cv-6243 |
| JUSTO RODRIGUEZ et al., | ) ) Judge Jeffrey I. Cummings ) Magistrate Judge Maria Valdez |
| *Defendants.* | ) ) ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and MICHAEL SHEEHAN ("Defendants"), by their attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., submit the following memorandum of law in support of their motion for summary judgment against Plaintiff on all claims alleged against them. In support of their motion, Defendants state:

### INTRODUCTION

Plaintiff's claims against the Cook County Sheriff's Office[1] and Sergeant Michael Sheehan are barred by the statute of limitations. Plaintiff's claims arise from events that allegedly occurred on May 7, 2020, but Plaintiff did not name the Cook County Sheriff's Office and Sergeant Sheehan until filing an amended complaint on August 21, 2023—more than three years after the events in question and well beyond the two-year statute of limitations applicable to Plaintiff's claims. Furthermore, the amended complaint does not relate back to the original complaint under Federal

---

[1] Plaintiff's lawsuit against Thomas J. Dart, in his official capacity, is the same as a suit against the Cook County Sheriff's Office. *See DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 974 n.1 (7th Cir. 2000).

1

Rule of Civil Procedure 15(c), and no exception applies that would toll or extend the statute of limitations. Therefore, Defendants are entitled to summary judgment.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine issue of material fact "only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007) (citation omitted).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute through specific cites to admissible evidence or by showing that the nonmovant will "not be able to meet [its] burden of production at trial." *Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015). Once the moving party has carried its burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. *Id.* at 507.

## ARGUMENT

**I.  Plaintiff's Claims Against the Cook County Sheriff's Office and Sergeant Sheehan Are Barred by the Statute of Limitations.**

Plaintiff's claims against Defendants are barred by the applicable statute of limitations. The events giving rise to Plaintiff's claims allegedly occurred on May 7, 2020. (SOF ¶ 2.) The statute of limitations for claims brought under 42 U.S.C. § 1983, including *Monell* claims, is two years. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019); *see also Gonzalez v. Rodriguez*, No. 21-cv-06243, 2025 WL 1384289, 2025 U.S. Dist. LEXIS 90770, at *9 (N.D. Ill. May 13, 2025) ("Because *Monell* policy claims fall under the scope of Section 1983, they are also subject to the two-year statute of limitations in Illinois.")). Therefore, the deadline for filing claims related to the May 7, 2020 events was May 7, 2022.

Plaintiff submitted his complaint to the clerk of the court on November 22, 2021, and the complaint was subsequently filed on December 6, 2021. (SOF ¶ 1.) While the original complaint was filed within the limitations period, that complaint did not name the Cook County Sheriff's Office or Sergeant Sheehan as defendants. (SOF ¶ 3.) The Cook County Sheriff's Office (Sheriff Dart in his official capacity) and Sergeant Sheehan were not added as defendants until Plaintiff filed an amended complaint on August 21, 2023—more than three years after the events in question and well beyond the two-year statute of limitations. (SOF ¶¶ 4–5.)

When a plaintiff seeks to add new defendants through an amended complaint after the statute of limitations has expired, the claims against those new defendants are time-barred unless the amended complaint relates back to the original complaint under Federal Rule of Civil Procedure 15(c). *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). As demonstrated below, Plaintiff's amended complaint does not relate back to his original complaint.

**II.     The Amended Complaint Does Not Relate Back to the Original Complaint.**

Federal Rule of Civil Procedure 15(c) governs when an amended pleading relates back to the date of the original pleading. For an amended complaint that changes the party against whom a claim is asserted to relate back to the original complaint, three requirements must be satisfied: (1) the amendment must assert a claim arising out of the same conduct, transaction, or occurrence set out in the original pleading; (2) within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment must have received such notice of the action that it will not be prejudiced in defending on the merits; and (3) within that same period, the party to be brought in by amendment knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1); *see also Salley v. Parker*, No. 18-cv-5700, 2022 WL 2952818, 2022 U.S. Dist. LEXIS 132402, at *14–15 (N.D. Ill. July 26, 2022).

Plaintiff's amended complaint does not meet the second and third requirements. First, Plaintiff has no evidence that the Cook County Sheriff's Office or Sergeant Sheehan received notice of this lawsuit within the period provided by Rule 4(m) for serving the summons and complaint. *See* Fed. R. Civ. P. 15(c)(1)(C)(i); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (stating that a moving party need only point to an absence of evidence); *Irvin v. City of Chicago*, No. 07 C 1207, 2007 WL 3037051, 2007 U.S. Dist. LEXIS 77053, at *14 (N.D. Ill. Oct. 15, 2007) (stating that "it is the plaintiff's burden to demonstrate that an amendment relates back to a timely-filed complaint").

Second, Plaintiff did not mistake any defendant's identity when filing the original complaint. "The text of the Rule expressly requires a case of mistaken identity." *Salley*, 2022 WL 2952818, 2022 U.S. Dist. LEXIS 132402, at *15–16 (citation omitted). An amended complaint does not relate back to an earlier complaint simply because of an oversight or a tactical mistake. *Id.*; *see also McMurtry v. Wexford Health Sources, Inc.*, No. 18-cv-02176, 2021 WL 1165102, 2021 U.S. Dist. LEXIS 58748, at *33 (N.D. Ill. Mar. 26, 2021) ("Changing one's mind about who to sue—or making a tactical decision to expand the boundaries of the lawsuit to add new defendants—does not qualify as mistaken identity."). An amended complaint also does not relate back when a plaintiff "simply changed his mind about who he wanted to sue." *Webb v. Fillipitch*, No. 20 C 5828, 2022 WL 267907, 2022 U.S. Dist. LEXIS 15811, at *13–14 (N.D. Ill. Jan. 28, 2022).

Relation back is permitted "to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued." *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (citation omitted). "But a new defendant cannot normally be substituted or added by amendment after the statute of limitations

4

has run." *Id.* (citation omitted). Where a plaintiff's failure to name a defendant within the statute of limitations is "due to a lack of knowledge as to their identity, and not a mistake in their names," the plaintiff may not avail himself of the relation back doctrine. *Id.* at 1257; *see also King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (holding that the plaintiff could not rely on the relation back doctrine because he "did not mistakenly sue the wrong party," nor did he "mistakenly sue the BOP instead of suing an individual BOP officer," but rather, he had "a simple lack of knowledge of the identity of the proper party").

In the present case, Plaintiff did not mistake any defendant's identity when filing the original complaint. Plaintiff sued only certain defendants initially and then later decided to add the Cook County Sheriff's Office and Sergeant Sheehan as defendants. This is not a case of mistaken identity that would permit relation back. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii).

### III. No Exception to the Statute of Limitations Applies.

There are no exceptional circumstances in this case that would justify tolling or extending the statute of limitations. When state law supplies the period of limitations, as in this case, state tolling rules govern. *Moore v. Burge*, 771 F.3d 444, 447 (7th Cir. 2014).

Equitable tolling may apply "if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016) (quoting *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000)). A plaintiff must also act diligently in asserting his rights. *See id.*; *see also Moore*, 771 F.3d at 447 (stating that a plaintiff who invokes a tolling doctrine "must show that he pursued his rights diligently"). Equitable tolling "does not reset the statute of limitations; instead, the doctrine requires that the plaintiff get the litigation under way promptly after the circumstance justifying delay is no longer present." *Rosado*, 832 F.3d at 717 (quoting *Ashafa v. City of Chicago*, 146 F.3d 459, 464 (7th Cir. 1998) (internal quotation marks omitted)).

The circumstances surrounding the filing of Plaintiff's complaint are not exceptional. The events giving rise to Plaintiff's claims allegedly occurred on May 7, 2020 (SOF ¶ 2), making May 7, 2022, the deadline for adding new defendants under the two-year statute of limitations. *See Lewis*, 914 F.3d at 478. Plaintiff waited *one and a half years*, until November 22, 2021, to submit his complaint to the clerk of the court. (SOF ¶ 1.) When Plaintiff filed his complaint, less than six months remained on the statute of limitations. Yet, over the next six months, Plaintiff did not take any action to pursue his rights. *See Celotex*, 477 U.S. at 322–23 (stating that a moving party need only point to an absence of evidence); *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (stating that it is the plaintiff's burden to show he diligently pursued his rights and that extraordinary circumstances prevented him from filing a timely claim).

No exceptional circumstances prevented Plaintiff from naming the Cook County Sheriff's Office and Sergeant Sheehan as defendants within the statute of limitations, and Plaintiff did not diligently pursue his rights. Accordingly, Plaintiff is not entitled to equitable tolling.

## CONCLUSION

For the foregoing reasons, Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and MICHAEL SHEEHAN, respectfully request that this Honorable Court grant their motion for summary judgment, enter judgment in their favor and against Plaintiff on all aspects of his amended complaint, award fees and costs in their favor and against Plaintiff for defending this action, and grant such other relief that this Court deems just and appropriate.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: October 29, 2025

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770