IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>JUSTO RODRIGUEZ (#17897), DAMIR RASIC (#17493), ALEN DUHARKIC (#18248), JOHN CHAVEZ (#16361), ANDREW SACUTA (#17496), JOHN CARDEN (#17367), ELIUD DURAN (#3214), STEVEN STROH (#17808), TIMOTHY BEYER (#17914), DOUGLAS CONTORNO (#17467), JUSTIN VAN GIESEN (#16527), MACIEJ KRZEMINSKI (#17738), WILLIAM FILIPIAK (#17770), SERGEANT SHEEHAN (#3234), THOMAS J. DART, and COOK COUNTY,<br><br>    Defendants. | No. 21 CV 6243<br><br>Hon. Jeffrey I. Cummings |

**JOINT STATUS REPORT**

The parties, by and through their respective undersigned counsel, report as follows pursuant to the Court's October 15, 2025 order (ECF No. 215):

The Court ordered the parties to report on (1) "the status of the production and plaintiff's counsel's review of the recently requested OPR files"; (2) "whether plaintiff intends to request any additional OPR files"; and (3) a proposed expert discovery schedule. (*See* ECF No. 215). The parties address each part in order.

1. ***"[T]he status of the production and plaintiff's counsel's review of the recently requested OPR files."***

    a. **PLAINTIFF'S POSITION:** Plaintiff has not received the Office of Professional Review ("OPR") files he requested on September 30, 2025, and therefore has not yet begun his review of those files. The information provided

1

        below regarding the Sheriff's position was provided to Plaintiff for the first time today, October 29, and is the full extent of the information that has been provided to Plaintiff regarding the OPR files he requested on September 30 since the parties filed their last status report on October 8.

        Plaintiff has completed his review of the Sheriff's Office's October 7, 2025 production of OPR files responsive to Plaintiff's first, September 9, 2025 request. On October 29, 2025, counsel for Plaintiff informed counsel for the Sheriff's Office that Plaintiff was unable to identify within the October 7 production any OPR files that correspond to two of the grievances included in Plaintiff's September 9 request, and reiterated his request for production of these files.

    b. **SHERIFF'S POSITION:** The Sheriff's Office is completing its review of the grievances and OPR files requested by Plaintiff. Some of the grievances submitted by Plaintiff do not fall within the parameters of his production request and, therefore, any OPR files associated with those grievances are not responsive to his production request. The Sheriff's Office expects to complete its review and produce responsive OPR files by Friday, October 31, 2025.

2. *"[W]hether plaintiff intends to request any additional OPR files."*

    a. **PLAINTIFF'S POSITION:** Based on his review of the Sheriff's Office's October 7 production, on October 29, Plaintiff requested the production of one additional OPR file from the Sheriff's Office. This request is for the OPR file(s) associated with a use of force incident in the Division 9 elevator that is described in a document included in one of the OPR files in the October 7

2

production. As stated above, Plaintiff has not received and has not reviewed the OPR files he requested on September 30, and is therefore unable to determine at this time whether he intends to request any additional OPR files based on a review of those files.

b. **SHERIFF'S POSITION**: The Sheriff's Office reiterates its position in the previous status report that it objects to an open-ended or continuing request for OPR files. Plaintiff's counsel completed their review of the grievances and requested OPR files for some of them. No further requests should be allowed.

3. *Proposed expert discovery schedule.* The parties respectfully request additional time to propose an expert discovery schedule, pending resolution of the open fact discovery items discussed in paragraphs 1-2 of this report.

4. *The Sheriff's and Sergeant Sheehan's motion for summary judgment on their statute of limitations defense.*

a. **PLAINTIFF'S POSITION:** On October 29, Plaintiff received notice of the filing of the Sheriff's and Sergeant Sheehan's motion for summary judgment and is in the process of reviewing that motion. In the afternoon of October 29, counsel for Plaintiff advised counsel for the Sheriff and Sergeant Sheehan of Plaintiff's objection to the filing of the motion for summary judgment prematurely without having adequately responded to fact discovery, *supra* ¶¶ 1-2, and without complying with the Court's requirements for motions for summary judgment, including the "Off-the-record Telephonic Conference" procedure outlined on the Court's website. Plaintiff's counsel requested a meet and confer with counsel for the Sheriff and Sergeant Sheehan on this issue.

3

Counsel for the Sheriff and Sergeant Sheehan did not respond to Plaintiff's counsel request for a meet and confer, stating their position that they are not required to comply with this procedure based on the Court's statement in its Order denying the motion to dismiss that "resolution of [the statute of limitations defense] must wait for summary judgment or trial." (ECF No. 172 at 8.) And following the close of business, counsel for the Sheriff and Sergeant Sheehan requested the inclusion of a briefing schedule on the motion for summary judgment as part of the instant report. Without waiving Plaintiff's objections to the filing of the motion for summary judgment and subject to the Court's preferences, if the Court wishes to set a briefing schedule on the motion for summary judgment at this time, Plaintiff respectfully requests a brief period of time to confer internally and with counsel for the Sheriff and Sergeant Sheehan, so that the parties may propose an agreed briefing schedule to the Court.

b. **SHERIFF'S POSITION:** Plaintiff misrepresents the parties' communications the "afternoon" of October 29, 2025. Plaintiff sent his position for the draft status report to Defendants at 1:42pm the day it was due and then sent a revised draft at 4:29pm, so all the parties' communications were in the afternoon. The Sheriff provided its position as soon as possible, at 5:19pm, which Plaintiff faults the Sheriff as being after "the close of business," despite the Sheriff receiving the revised draft less than an hour before. At no time did the Sheriff and Sergeant Sheehan state that "they are not required to comply" with the Court's orders. On May 13, 2025, the Court denied the Sheriff's and Sergeant

4

Sheehan's motion to dismiss based on their statute of limitations defense. (Memo. Op. & Order at 6–8, ECF No. 172.) The Court stated that "resolution of this issue must wait for summary judgment or trial." (*Id.*) Based on the Court's ruling, Defendants Sheriff's Office and Sergeant Sheehan filed a motion for summary judgment so the Court may address their statute of limitations defense that it could not address on a motion to dismiss. The outstanding discovery Plaintiff references (OPR files) has no bearing on Defendants' targeted motion for summary judgment on the discrete issue of their statute of limitations defense. Defendants are of course willing to meet and confer with Plaintiff on this issue and never stated otherwise. Defendants propose submitting an updated status report within ten days to update the Court on all the above issues.

Dated: October 29, 2025

Respectfully submitted,

By: */s/ Andrew W. Vail*
Andrew W. Vail
Kaitlin M. Leskovac
Jacob P. Wentzel
Christina T. Lopez
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 840-8688
AVail@jenner.com
KLeskovac@jenner.com
JWentzel@jenner.com
CLopez@jenner.com

*Attorneys for Plaintiff*

By: */s/ Samuel D. Branum*
Monica Burkoth
Samuel D. Branum
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
(312) 372-0770
burkothm@jbltd.com
branums@jbltd.com

*Attorneys for Defendants other than Defendant Rodriguez and Defendant Beyer*

By: */s/ Oliver Kassenbrock*
Oliver Kassenbrock
Conflicts Counsel Unit
COOK COUNTY STATE'S ATTORNEY'S OFFICE
50 West Washington Street, Suite 2760

5

Chicago, IL 60602
(312) 603-1426
Oliver.kassenbrock@cookcountysao.org

*Attorneys for Defendant Rodriguez*

By: */s/ Ahmed A. Kosoko*
Ahmed A. Kosoko
KOSOKO LAW GROUP
77 West Wacker Drive, Suite 4500
Chicago IL 60601
(312) 855-1690
akosoko@kosokolaw.com

*Attorneys for Defendant Beyer*

6