IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JUSTO RODRIGUEZ (#17897), DAMIR RASIC (#17493), ALEN DUHARKIC (#18248), JOHN CHAVEZ (#16361), ANDREW SACUTA (#17496), JOHN CARDEN (#17367), ELIUD DURAN (#3214), STEVEN STROH (#17808), TIMOTHY BEYER (#17914), DOUGLAS CONTORNO (#17467), JUSTIN VAN GIESEN (#16527), MACIEJ KRZEMINSKI (#17738), WILLIAM FILIPIAK (#17770), SERGEANT SHEEHAN (#3234), THOMAS J. DART, and COOK COUNTY,<br><br>　　　　Defendants. | No. 21 CV 6243<br><br>Hon. Jeffrey I. Cummings |

## JOINT STATUS REPORT

The parties, by and through their respective undersigned counsel, report as follows pursuant to the Court's March 10, 2026 Order (ECF No. 230):

The Court ordered the parties to report (1) "confirming the completion of the remaining OPR−related discovery"; and (2) "indicating whether [the parties] are mutually interested in participating in a global settlement conference with the assigned Magistrate Judge."

*Settlement conference*

**Plaintiff's Position:**

Plaintiff is interested in participating in a global settlement conference with the assigned Magistrate Judge. Plaintiff believes the 60-day extension requested by Defendants to decide whether to participate in a settlement conference is too long a period of time, but defers to the Court on this matter. The reference to Plaintiff's counsel below concerns a conversation between

1

Plaintiff's counsel and defense counsel that occurred on February 20, 2026. (*See* ECF No. 229 at 1.)

**Defendants' Position:**

Defense counsel has been in communication with his clients and has provided information that was requested to be relayed to them by Plaintiff's counsel, as well as additional information in connection with Plaintiff's counsel's request. Defendants are continuing internal discussions on whether to proceed with a settlement conference, which includes different layers of review, multiple clients, and the consideration of issues unique to a global settlement conference. Defense counsel's clients have requested sixty days, until May 12, 2026, or as long as the Court will allow, to continue their internal review and discussions and to make a final decision on a global settlement conference.

*Office of Professional Review ("OPR")-related discovery*

**Plaintiff's Position:**

After email correspondence and a telephonic meet and confer on March 9, 2026, the parties are at an impasse on three follow-up requests from Plaintiff regarding the Sheriff's Office's OPR-related discovery: (i) the video footage pulled or reviewed by the Office of Professional Review in their investigations of 20 grievances; (ii) documents related to the Use of Force Review Unit's conclusion that a correctional officer's April 28, 2017 use of force against a detainee was reasonable, in response to a grievance filed by that detainee and for which, as Defendants have represented to Plaintiff, no OPR file exists; and (iii) investigatory files related to a different detainee's November 19, 2017 grievance alleging an assault by a correctional officer on the detainee in the Division 9 elevators, for which, as Defendants have represented to Plaintiff, no

OPR file exists. Plaintiff intends to file a motion to compel on these three issues within the next two weeks.

Plaintiff objects to Defendants' improper attempt to use this status report to essentially move the Court for extraordinary relief, *i.e.*, an order precluding Plaintiff from even filing a motion regarding issues on which the Court has not received any briefing. Plaintiff also disagrees with Defendants' characterizations and narrative below. As just one example, the characterization of the October 29, 2025 status report does not mention that, as of that date, Defendants had not produced a large portion of the OPR files Plaintiff requested, as Plaintiff specifically noted in his portions of the report. (ECF No. 219 at 1-3.) Defendants cite no authority for their extraordinary request, and it should be denied.

**Defendants' Position:**

The Sheriff's Office has produced all OPR files in its possession that are responsive to Plaintiff's request for OPR files as set forth in the Court's July 30, 2025, order. Dkt. 207. Defendants do not agree with Plaintiff's characterization of his request as a "follow-up" request. Plaintiff is seeking to reopen discovery long after fact discovery closed to request video and documents that were not the subject of Plaintiff's motion to compel or any court order.

Plaintiff filed his motion to compel grievances in November 2024, which was over a year ago. In his reply brief, Plaintiff requested only production of the OPR files, not video. Fact discovery closed on January 6, 2025. Dkt. 149. The Court ordered that "[t]his is a final extension absent a showing of good cause." *Id.* The Court allowed the parties to continue discovery on the Rule 30(b)(6) deposition and discovery requested in the motion to compel. Dkt. 163. The Sheriff's Office produced OPR files on January 31, 2025.

3

In the joint status report filed on May 14, 2025, Plaintiff agreed that all fact discovery was completed, with the sole exception being the discovery requested in the motion to compel. Dkt. 173. The Court adopted that representation in its order entered the same day. Dkt. 174. In the Court's July 30, 2025, order, the Court ordered, "If plaintiff determines from his review of the Henneberg grievances that further narrowed requests for specific OPR files from 2017-2019 may be appropriate, the parties shall meet and confer in an attempt to agree regarding such supplemental production." Dkt. 207. The Sheriff's Office produced additional OPR files on August 27, 2025, and October 7, 2025. As of October 7, 2025, the Sheriff's Office had produced eleven OPR files for Plaintiff's review.

In the joint status report filed on October 8, 2025, Plaintiff represented that he had begun reviewing the OPR files produced on October 7, 2025 (presumably, Plaintiff had already completed his review of the OPR files produced on January 31, 2025, and August 7, 2025). Dkt. 214. The parties requested a three-week extension of the status report to address any issues with the production of OPR files. *Id.* On October 29, 2025, the parties filed another joint status report. Plaintiff represented that he "completed his review of the Sheriff's Office's October 7, 2025 production of OPR files." Dkt. 219. The only outstanding issue raised by Plaintiff on those OPR files was that "Plaintiff was unable to identify within the October 7 production any OPR files that correspond to two of the grievances included in Plaintiff's September 9 request, and reiterated his request for production of these files." *Id.* On October 30, 2025, the Sheriff's Office completed its production of the OPR files, producing eleven more files.

As this history shows, at no time has production of video been contemplated. Plaintiff was in possession of OPR files as early as January 31, 2025, which was over one year ago. As late as October 29, 2025, Plaintiff did not identify production of video as being an outstanding issue. In

4

fact, the only issue Plaintiff identified was whether OPR files were produced in response to two grievances. Plaintiff made no reference to video as an outstanding discovery issue.

The first time Plaintiff requested video was a few weeks ago on February 6, 2026, which was more than one year after fact discovery closed. Plaintiff is also requesting, for the first time, documents beyond the OPR files that were requested in Plaintiff's reply brief to his motion to compel in December 2024. Plaintiff's request is too late, and discovery should not be reopened at this late stage for that purpose. This Court should not permit a motion to compel video and documents that are being requested for the first time over a year after fact discovery closed.

Dated: March 13, 2026 | Respectfully submitted,

By: /s/ Andrew W. Vail
Andrew W. Vail
Kaitlin M. Leskovac
Jacob P. Wentzel
Christina T. Lopez
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 840-8688
AVail@jenner.com
KLeskovac@jenner.com
JWentzel@jenner.com
CLopez@jenner.com

*Attorneys for Plaintiff*

By: /s/ Samuel D. Branum
Monica Burkoth
Samuel D. Branum
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
(312) 372-0770
burkothm@jbltd.com
branums@jbltd.com

*Attorneys for Defendants other than Defendant Rodriguez and Defendant Beyer*