# EXHIBIT B

| | |
|---|---|
| **From:** | Lopez, Christina T. |
| **Sent:** | Tuesday, March 3, 2026 8:24 PM |
| **To:** | Samuel D. Branum; Monica Burkoth; Oliver Kassenbrock (States Attorney); Ahmed Kosoko; Ibrahim Kosoko |
| **Cc:** | Vail, Andrew W.; Leskovac, Kaitlin M.; Wentzel, Jacob P.; Johnson, Charles J.; McDowell, Fallon P. |
| **Subject:** | RE: Gonzalez v. Rodriguez - OPR Discovery Follow-Up |

Sam,

Please let us know your availability to meet and confer later tomorrow afternoon or Thursday. Thanks.

---

**From:** Samuel D. Branum <branums@jbltd.com>
**Sent:** Monday, March 2, 2026 4:38 PM
**To:** Lopez, Christina T. <CLopez@jenner.com>; Monica Burkoth <burkothm@jbltd.com>; Oliver Kassenbrock (States Attorney) <oliver.kassenbrock@cookcountysao.org>; Ahmed Kosoko <akosoko@kosokolaw.com>; Ibrahim Kosoko <ikosoko@kosokolaw.com>
**Cc:** Vail, Andrew W. <AVail@jenner.com>; Leskovac, Kaitlin M. <KLeskovac@jenner.com>; Wentzel, Jacob P. <JWentzel@jenner.com>; Johnson, Charles J. <CJohnson@jenner.com>; McDowell, Fallon P. <FMcDowell@jenner.com>
**Subject:** RE: Gonzalez v. Rodriguez - OPR Discovery Follow-Up

**External Email - <u>Do Not Click</u> Links or Attachments Unless You Know They Are Safe**

Christina,

I write to address the requests in your email below. I apologize for the delayed response, but I needed time to review the history of discovery in this case. As you know, Plaintiff filed his motion to compel grievances in November 2024, which was over a year ago. In his reply brief, Plaintiff requested only production of the OPR files, not video.

Fact discovery closed on January 6, 2025. Dkt. 149. The Court ordered that "[t]his is a final extension absent a showing of good cause." *Id*. The Court allowed the parties to continue discovery on the Rule 30(b)(6) deposition and discovery requested in the motion to compel. Dkt. 163.

The Sheriff's Office produced OPR files on January 31, 2025.

In the joint status report filed on May 14, 2025, Plaintiff agreed that all fact discovery was completed, with the sole exception being the discovery requested in the motion to compel. Dkt. 173. The Court adopted that representation in its order entered the same day. Dkt. 174.

In the Court's July 30, 2025, order, the Court ordered, "If plaintiff determines from his review of the Henneberg grievances that further narrowed requests for specific OPR files from 2017-2019 may be appropriate, the parties shall meet and confer in an attempt to agree regarding such supplemental production." Dkt. 207.

The Sheriff's Office produced additional OPR files on August 7, 2025, and October 7, 2025.

In the joint status report filed on October 8, 2025, Plaintiff represented that he had begun reviewing the OPR files produced on October 7, 2025 (presumably, Plaintiff had already completed his review of the OPR files produced on January 31, 2025, and August 7, 2025). Dkt. 214. The parties requested a three-week extension of the status report to address any issues with the production of OPR files. *Id.* On October 29, 2025, the parties filed another joint status report. Plaintiff represented that he "completed his review of the Sheriff's Office's October 7, 2025 production of OPR files." Dkt. 219. The only outstanding issue raised by Plaintiff on those OPR files was that "Plaintiff was unable to identify within the October 7 production any OPR files that correspond to two of the grievances included in Plaintiff's September 9 request, and reiterated his request for production of these files." *Id.*

As this case history shows, at no time has production of video been contemplated. You write that "[o]ur request for video footage follows from our review of the OPR files," but Plaintiff was in possession of OPR files as early as January 31, 2025, which was over one year ago. As late as October 29, 2025, Plaintiff did not identify production of video as being an outstanding issue. In fact, the only issue Plaintiff identified was whether OPR files were produced in response to two grievances. Plaintiff made no reference to video as an outstanding discovery issue.

The first time Plaintiff requested video was on February 6, 2026, which was more than one year after fact discovery closed. Plaintiff's request is too late, and the Sheriff's Office will not agree to re-open discovery for that purpose.

Regarding your request for the ███████ OPR file, as previously stated, the email to OPR attached the grievance for ████████ so there is no OPR file for ███████.

Regarding your request for the ██████ OPR file, as previously stated, the Sheriff's Office did not find an OPR file for ██████ relating to Incident DIV9-2017-7082.

Thank you,
Sam

---

**From:** Lopez, Christina T. <CLopez@jenner.com>
**Sent:** Tuesday, February 17, 2026 5:12 PM
**To:** Samuel D. Branum <branums@jbltd.com>; Monica Burkoth <burkothm@jbltd.com>; Oliver Kassenbrock (States Attorney) <oliver.kassenbrock@cookcountysao.org>; Ahmed Kosoko <akosoko@kosokolaw.com>; Ibrahim Kosoko <ikosoko@kosokolaw.com>
**Cc:** Vail, Andrew W. <AVail@jenner.com>; Leskovac, Kaitlin M. <KLeskovac@jenner.com>; Wentzel, Jacob P. <JWentzel@jenner.com>; Johnson, Charles J. <CJohnson@jenner.com>; McDowell, Fallon P. <FMcDowell@jenner.com>
**Subject:** RE: Gonzalez v. Rodriguez - OPR Discovery Follow-Up

Hi Sam,

Please find our responses below.

**1. ████████████████████████:**
We understand that ██████ grievance (#2017x18828) was forwarded to OPR for investigation in lieu of ██████ grievance (#2017x18833). OPR investigated ██████ grievance and you have sent us that OPR file, which is not responsive. However, that does not resolve the issue as it relates to ██████ grievance, which is responsive. Did OPR investigate ██████ alleged assault by an officer on 11/19/2017, as reflected in his grievance #2017x18833? If they did, please send us this OPR file immediately. If OPR did not investigate, please explain why not. (Page 3 of the PDF you sent indicates that the Department of Inmate Services informed ██████ that his grievance #2017x18833 was forwarded to OPR and the Divisional Superintendent for review and/or investigation and includes a copy of that relevant Code 260 grievance.)

**2.** ▮▮▮▮▮▮▮ **OPR File:**
Please produce all documents (including video footage) related to the Use of Force Review Unit's conclusion that the use of force on ▮▮▮▮▮ was reasonable by March 2, 2026.

**3. Video Footage:**
Fact discovery is not closed.

OPR-related fact discovery has been explicitly held open given the months-long delays and gamesmanship that preceded our access to these files. (E.g., ECF No. 150 at 3-7; ECF No. 159 at 2, 4-5. *See generally* ECF No. 174.) Following our review of roughly 50,000 grievances, we requested the OPR files associated with fewer than 40 grievances. Our request for video footage follows from our review of the OPR files. We have requested the video footage associated with 20 of the OPR files/incidents. The video footage relied upon by OPR is incorporated by reference in those files and is thus a core part of the investigation.

In short, we have made reasonable and targeted requests. Please produce the requested video footage by March 2, 2026.

--
If your client will not produce any of the above items as requested, please provide your available to meet and confer this week so that, if we cannot reach agreement, we can raise these issues with the Court.

Thanks,

Christina

**From:** Samuel D. Branum <branums@jbltd.com>
**Sent:** Thursday, February 12, 2026 5:02 PM
**To:** Lopez, Christina T. <CLopez@jenner.com>; Monica Burkoth <burkothm@jbltd.com>; Oliver Kassenbrock (States Attorney) <oliver.kassenbrock@cookcountysao.org>; Ahmed Kosoko <akosoko@kosokolaw.com>; Ibrahim Kosoko <ikosoko@kosokolaw.com>
**Cc:** Vail, Andrew W. <AVail@jenner.com>; Leskovac, Kaitlin M. <KLeskovac@jenner.com>; Wentzel, Jacob P. <JWentzel@jenner.com>; Johnson, Charles J. <CJohnson@jenner.com>; McDowell, Fallon P. <FMcDowell@jenner.com>
**Subject:** RE: Gonzalez v. Rodriguez - OPR Discovery Follow-Up

<mark>External Email - **Do Not Click** Links or Attachments Unless You Know They Are Safe</mark>
My responses:
1. The Department of Inmate Services sent an email to OPR for "▮▮▮▮▮▮ 2017x18833," but attached to the email was the grievance for "11-30-2017 ▮▮▮▮▮▮▮ 2017x18828.pdf." See page 2 of the attached grievance. We produced the OPR file for the grievance that was sent to OPR.
2. The use of force was deemed reasonable by the Use of Force Review Unit. The Sheriff's Office did not find an OPR file for Incident DIV9-2017-7082.
3. Fact discovery closed a long time ago. Can you please explain why you waited so long to request video footage discussed in the OPR files?

**From:** Lopez, Christina T. <CLopez@jenner.com>
**Sent:** Friday, February 6, 2026 4:15 PM
**To:** Samuel D. Branum <branums@jbltd.com>; Monica Burkoth <burkothm@jbltd.com>; Oliver Kassenbrock (States Attorney) <oliver.kassenbrock@cookcountysao.org>; Ahmed Kosoko <akosoko@kosokolaw.com>; Ibrahim Kosoko

<ikosoko@kosokolaw.com>
**Cc:** Vail, Andrew W. <AVail@jenner.com>; Leskovac, Kaitlin M. <KLeskovac@jenner.com>; Wentzel, Jacob P. <JWentzel@jenner.com>; Johnson, Charles J. <CJohnson@jenner.com>; McDowell, Fallon P. <FMcDowell@jenner.com>
**Subject:** Gonzalez v. Rodriguez - OPR Discovery Follow-Up

Hi Sam,

We have three issues on the OPR Court-ordered discovery we wanted to follow up with your client on:

1. **The ██████████ n OPR File**: We have requested the OPR file for ██████████ multiple times. We received an OPR file for a theft grievance filed by a woman, ██████████, rather than ██████████ Code 260 grievance. You stated that you sent us the OPR file for Ms. ██████████ grievance (which is not responsive), rather than the OPR file for ██████████ grievance "because that is the grievance that was forwarded to OPR." We do not understand this response. Please confirm you will produce the ██████████ file by Friday, February 13.

2. **The ██████████ OPR File:** We first requested the ████ OPR file on 10/29/2025. On 12/19/2025, you stated that the Sheriff's Office was looking into this request. Seven additional weeks have passed, and the Sheriff's Office has had over three months to locate and produce one file. Please confirm that you will produce the ████ OPR file by Friday, February 13.

3. **Video Footage Pulled/Reviewed for OPR Investigations and Discussed in OPR Files.** We request that the Sheriff's Office produce all video footage related to and discussed in the following OPR investigations/files:
   a. ██████████ (*e.g.*, Cook County Defs 005044-45, 5060);
   b. ██████████ (*e.g.*, Cook County Defs 005103);
   c. ██████████ (*e.g.*, Cook County Defs 004840);
   d. ██████████ (*e.g.*, Cook County Defs 005075, Cook County DEFs 005078);
   e. ██████████ (*e.g.*, Cook County DEFs 005080);
   f. ██████████ (*e.g.*, Cook County Defs 005095);
   g. ██████████ (*e.g.*, Cook County Defs 004894);
   h. ██████████ (*e.g.*, Cook County Defs 004964, 5000);
   i. ██████████ (*e.g.*, Cook County Defs 004356-59; Cook County Defs 004369);
   j. ██████████ (April 10 and April 27, 2017 incidents) (*e.g.*, Cook County Defs 004481-85);
   k. ██████████ (March 28, 2017 incident);
   l. ██████████ (*e.g.*, Cook County Defs 004638-39);
   m. ██████████ (*e.g.*, Cook County Defs 004776);
   n. ██████████ (*e.g.*, Cook County Defs 004793, -98);
   o. ██████████ (*e.g.*, Cook County Defs 004807, -4811, -4820);
   p. ██████████ (*e.g.*, Cook County Defs 004212-13, -4222, -4294);
   q. ██████████ (*e.g.*, Cook County Defs 004318-20)
   r. ██████████ (*e.g.*, Cook County Defs 004050, 4058);
   s. ██████████ and
   t. ██████████

Please confirm you will produce these video files from the individual OPR files by Friday, February 13. Please produce all video files by February 27.

4

We are happy to meet and confer on any of the above issues next week if that would be helpful.  In the event we cannot reach agreement on these items, we reserve all rights to seek relief from the Court.

Thanks,

Christina

---

**Christina T. Lopez**

**Jenner & Block LLP**
353 North Clark Street
Chicago, IL 60654-3456   |   jenner.com
+1 312 840 7411   |   Tel
+1 773 456 9701   |   Mobile
Pronouns : She / Her
CLopez@jenner.com
Download V-Card   |   View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

---

Samuel D. Branum, Attorney at Law



33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
**D: (312) 984-0272**
branums@jbltd.com | www.johnsonandbell.com

_____

All contents of this e-mail and any attachment are private & confidential. If received or viewed by anyone other than the intended recipient, neither this e-mail nor any attachments, or anything derived from these, may be used or passed on for any purpose whatsoever, and all materials must be destroyed and the sender notified immediately.