**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN A. GONZALEZ, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | Case No. 21-cv-6243 |
| | ) | |
| JUSTO RODRIGUEZ et al., | ) | Judge Jeffrey I. Cummings |
| | ) | Magistrate Judge Maria Valdez |
| *Defendants.* | ) | |
| | ) | |

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL</u>**

Defendant, THOMAS J. DART, in his official capacity as Sheriff of Cook County, by his attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., opposes Plaintiff's motion to compel as follows:

**INTRODUCTION**

Plaintiff seeks to compel production of two categories of discovery: (1) video footage related to eighteen incidents involving alleged assaults by correctional officers on detainees in Division 9 elevators that the Office of Professional Review (OPR) investigated and determined were unsubstantiated; and (2) documents related to investigations of two incidents for which no OPR files exist.

Plaintiff's motion should be denied for several independent and compelling reasons. First and foremost, Plaintiff's request is fundamentally untimely. Fact discovery closed on January 6, 2025, under a court order establishing this as a final extension. (ECF No. 149.) Plaintiff received OPR files as early as January 31, 2025—more than one year before requesting video footage on February 6, 2026. Under Federal Rule of Civil Procedure 16(b)(4), any modification to a

scheduling order requires a showing of good cause, with diligence being the central consideration. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Plaintiff has made no such showing. Indeed, Plaintiff represented in the May 14, 2025 joint status report that all fact discovery was completed, with the sole exception being discovery requested in the motion to compel. This Court adopted that representation. Most critically, in the October 29, 2025 joint status report, Plaintiff represented that he had completed his review of the OPR files produced on October 7, 2025, and identified only two missing OPR files as outstanding issues. Plaintiff made no reference to video footage as an outstanding discovery need. This silence is fatal to his current motion. A diligent party would have identified the need for video footage contemporaneously with its review of the OPR files, not months later. Plaintiff has waived any right to request video footage through his representations in multiple status reports that discovery was substantially complete except for identified OPR items.

Second, Plaintiff's request fails the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1). Plaintiff reviewed approximately 50,000 grievances and identified fewer than 40 responsive grievances—less than 0.1%. This minimal percentage undermines Plaintiff's assertion of a widespread practice and suggests that the discovery sought is not proportional to the needs of the case. The burden of locating, retrieving, and producing video footage from eighteen separate incidents, combined with the limited relevance of unsubstantiated allegations, substantially outweighs any benefit to Plaintiff's *Monell* claim. Video footage of incidents that OPR determined were unsubstantiated has limited, if any, relevance to Plaintiff's *Monell* claim. Plaintiff's speculation that OPR's conclusions are unreliable, based on a single data point from his own case, does not justify wholesale production of video footage for eighteen other incidents. The OPR is a professional investigative unit that reviewed evidence in each of these cases and reached

2

determinations. Plaintiff's disagreement with those determinations does not transform this into a proportional discovery request.

Third, Plaintiff's request for non-OPR investigative documents exceeds the scope of this Court's July 30, 2025 order, which directed production of OPR files, not alternative investigative documents. (ECF No. 207.) If no OPR file exists, there is nothing to produce under that order. Plaintiff cannot use a motion to compel as a vehicle to obtain entirely new categories of discovery that were never encompassed by the operative discovery requests litigated or prior court orders.

Finally, Defendant has already produced substantial discovery relevant to Plaintiff's claims, including approximately 145,051 pages of grievances, OPR files for over a dozen incidents, and video footage of Plaintiff's own incident. The marginal benefit of additional video footage is substantially outweighed by the burden of production and the cumulative nature of the discovery sought. For these reasons, Defendant respectfully requests that the Court deny Plaintiff's motion to compel in its entirety.

**FACTUAL BACKGROUND**

Plaintiff filed his motion to compel grievances in November 2024. In his reply brief, Plaintiff requested only production of the OPR files, not video. Fact discovery closed on January 6, 2025. (ECF No. 149.) The Court ordered that "[t]his is a final extension absent a showing of good cause." (*Id.*) The Court allowed the parties to continue discovery on the Rule 30(b)(6) deposition and discovery requested in the motion to compel. (ECF No. 163.) The Sheriff's Office produced OPR files on January 31, 2025. These OPR files described and referenced video footage related to the incidents.

In the joint status report filed on May 14, 2025, Plaintiff agreed that all fact discovery was completed, with the sole exception being the discovery requested in the motion to compel. (ECF

3

No. 173.) The Court adopted that representation in its order entered the same day. (ECF No. 174.) In the Court's July 30, 2025, order, the Court ordered, "If plaintiff determines from his review of the Henneberg grievances that further narrowed requests for specific OPR files from 2017-2019 may be appropriate, the parties shall meet and confer in an attempt to agree regarding such supplemental production." (ECF No. 207.) The Sheriff's Office produced additional OPR files on August 27, 2025, and October 7, 2025. As of October 7, 2025, the Sheriff's Office had produced eleven OPR files for Plaintiff's review.

In the joint status report filed on October 8, 2025, Plaintiff represented that he had begun reviewing the OPR files produced on October 7, 2025 (presumably, Plaintiff had already completed his review of the OPR files produced on January 31, 2025, and August 7, 2025). (ECF No. 214.) The parties requested a three-week extension of the status report to address any issues with the production of OPR files. (*Id.*) On October 29, 2025, the parties filed another joint status report. Plaintiff represented that he "completed his review of the Sheriff's Office's October 7, 2025 production of OPR files." (ECF No. 219.) The only outstanding issue raised by Plaintiff on those OPR files was that "Plaintiff was unable to identify within the October 7 production any OPR files that correspond to two of the grievances included in Plaintiff's September 9 request, and reiterated his request for production of these files." (*Id.*) Notably, Plaintiff did not identify video footage as an outstanding discovery issue. On October 30, 2025, the Sheriff's Office completed its production of the OPR files, producing eleven more files.

Plaintiff did not request video footage until February 6, 2026—more than one year after receiving the initial OPR files on January 31, 2025, and more than thirteen months after the January 6, 2025 fact discovery deadline. Plaintiff requested video footage related to eighteen incidents involving alleged assaults in Division 9 elevators. (ECF No. 236-2 at 3–5.) Plaintiff also requested

4

documents related to investigations of two incidents for which no OPR files exist. Defendant responded on February 12, 2026, indicating that fact discovery had closed and questioning why Plaintiff had waited so long to request video footage discussed in the OPR files. (*Id.* at 3.)

The eighteen incidents for which Plaintiff seeks video footage are incidents that OPR investigated and determined were unsubstantiated. According to Plaintiff's motion, OPR reviewed video footage in connection with its investigations of these incidents and concluded that the allegations of assault were not supported by the evidence. Plaintiff now seeks the same video footage that OPR reviewed, apparently to conduct his own assessment of whether OPR's conclusions were correct.

For two incidents, Plaintiff requested OPR files, but Defendant could not locate OPR files responsive to those requests. Plaintiff now seeks documents related to those investigations, including video footage, despite the fact that the Court's prior order was limited to OPR files.

**ARGUMENT**

I.     **Plaintiff's Motion Should Be Denied Because He Failed to Demonstrate Good Cause to Modify the Scheduling Order.**

Plaintiff's motion to compel seeks to reopen and expand fact discovery nearly fourteen months after the discovery deadline of January 6, 2025. Under Rule 16, a party seeking to modify a scheduling order after the expiration of the deadline must first show good cause for modifying the scheduling order. Fed. R. Civ. P. 16(b)(4). Only after satisfying this threshold requirement may a court consider the merits of the underlying discovery request under the applicable discovery rules. *See id.*

The Seventh Circuit has consistently held that the central consideration in assessing whether good cause exists is the diligence of the party seeking to modify the schedule. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021); *Arora v.*

5

*Midland Credit Mgmt.*, No. 15 C 6109, 2021 U.S. Dist. LEXIS 159176, at *2–3 (N.D. Ill. Aug. 23, 2021). A party that presents an insufficiently robust explanation of why it was diligent has failed to establish good cause. *Alioto*, 651 F.3d at 720.

Here, Plaintiff had access to OPR files and knowledge of video referenced in the files long before February 2026. Plaintiff received OPR productions at multiple points during discovery, including January 31, 2025 and again in October 2025. These OPR files referenced video footage. Despite this early and repeated access to materials that identified video as potentially relevant, Plaintiff did not request video until February 6, 2026—more than thirteen months after the January 6, 2025 discovery deadline had passed. This delay is fatal to any claim of diligence. Plaintiff had ample opportunity to identify and request video during the discovery period. The fact that Plaintiff possessed the OPR files containing references to video, yet waited over a year to seek the video itself, demonstrates a lack of the diligence required under Rule 16(b)(4).

Critically, Plaintiff's representations in the parties' joint status reports confirm lack of diligence. In the October 29, 2025 joint status report, Plaintiff did not identify video as an outstanding discovery issue. (ECF No. 219.) This omission is particularly significant because it occurred after Plaintiff had received the January 31, 2025, and October 7, 2025 OPR productions. Plaintiff's failure to flag video as an outstanding issue in the status report demonstrates that Plaintiff did not diligently pursue this discovery. Had Plaintiff been diligent, he would have raised video as an outstanding issue in the October 2025 status report. Instead, Plaintiff waited until February 2026 to request video footage.

Plaintiff has offered no explanation—let alone a robust one—for why he waited more than a year to request video. Plaintiff's argument that OPR-related fact discovery has been explicitly held open is not supported by the Court's orders. The July 30, 2025 order directed production of

OPR files and directed the parties to meet and confer regarding further narrowed requests for OPR files. The order did not hold discovery open indefinitely or authorize requests for entirely new categories of discovery such as video footage. The absence of any justification for this delay further undermines any claim of good cause.

A motion to compel discovery under Rule 37 is not a mechanism to circumvent or evade court-imposed discovery deadlines. Discovery must be pursued within the schedule established by the Court's scheduling order. When a party fails to pursue discovery within the set timeframe, it cannot use a motion to compel as an end-run around the scheduling order. The discovery deadline in this case was firm: January 6, 2025. Plaintiff's attempt to compel production of video that was first requested more than thirteen months after that deadline is precisely the type of dilatory conduct that scheduling orders are designed to prevent.

## II. Even If the Court Reaches the Merits, Plaintiff's Request Should Be Denied Because It Is Disproportionate to the Needs of the Case.

Even assuming the Court were to find good cause to modify the scheduling order—which Defendant submits is not warranted—Plaintiff's motion should still be denied. Plaintiff's request for eighteen videos and alternative investigative files of two incidents is not proportional to his *Monell* claim. Defendant has produced extensive grievances and OPR files relating to these incidents. OPR, as the investigating body, has already reviewed the video and other evidence in each of these eighteen cases and made determinations regarding the incidents. Plaintiff's disagreement with OPR's characterization of video in his own case does not justify production of eighteen additional videos from closed, unsubstantiated investigations. Plaintiff's implicit premise is that OPR is unreliable in its video characterization. However, this premise rests on speculation based on a single incident involving Plaintiff's own case. Wholesale production of eighteen

7

additional videos to verify OPR's work across unrelated, closed investigations is precisely the type of discovery overreach that Rule 26(b)(2)(C) is designed to prevent.

Plaintiff's attempt to re-litigate these unsubstantiated incidents by obtaining the underlying video is not proportional to this case. Plaintiff reviewed approximately 50,000 grievances and identified fewer than 40 responsive grievances—less than 0.1%. This minimal percentage undermines Plaintiff's assertion of a widespread practice necessary for *Monell* liability. The marginal benefit of video footage for eighteen unsubstantiated allegations is substantially outweighed by the burden of production, and Plaintiff's motion should be denied.

### III. Plaintiff's Request for Non-OPR Investigative Documents Exceeds the Scope of Prior Court Orders.

Plaintiff's motion seeks not only video footage but also non-OPR investigative materials for incidents for which no OPR file exists. This request falls outside the scope of both Plaintiff's operative discovery requests as litigated and the Court's prior discovery orders.

Plaintiff's earlier motion to compel addressed grievances and OPR files. (ECF No. 150; ECF No. 159 at 9–10.) The Court's July 30, 2025 order resolved that motion by ordering production of OPR files. (ECF No. 207.) Notably, the Court's order did not address video or non-OPR investigative materials. Following the Court's order, the parties submitted joint status reports on discovery progress. Plaintiff did not identify in those status reports video or non-OPR investigative materials as outstanding discovery issues. Had Plaintiff believed video discovery or non-OPR investigative materials were necessary, Plaintiff had multiple opportunities to raise the issue: during the earlier motion to compel, in the meet-and-confer process regarding OPR-file requests, or in the joint status reports. Plaintiff's failure to do so constitutes a waiver of any claim that video or non-OPR investigative materials remained outstanding issues under the Court's prior orders.

Rule 37 does not permit discovery of entirely new categories not encompassed by prior requests or orders. Rather, Rule 37 provides a mechanism for compelling responses to discovery requests that have already been served and to which a party has failed to respond adequately. A party seeking discovery may move for an order compelling production only if the discovery sought falls within the scope of a prior request or order. Plaintiff's motion does not fit this requirement. Plaintiff seeks video and non-OPR investigative materials that were never the subject of a discovery request litigated before this Court. A motion to compel is not a vehicle for obtaining entirely new categories of discovery that fall outside the scope of the operative discovery requests and prior court orders.

The July 30, 2025 order specifically directed production of OPR files responsive to Plaintiff's Request for Production No. 8 from January 1, 2020 through May 7, 2020. (ECF No. 207.) For the two incidents where no OPR file exists, Plaintiff now seeks documents related to investigations through the Use of Force Review Unit or otherwise. This request goes beyond the scope of the Court's order, which was limited to OPR files. Plaintiff's argument that Defendant should produce alternative investigative documents where no OPR file exists is not supported by the Court's order. Defendant fully complied with the Court's order by producing the OPR files as directed. Plaintiff's attempt to use a Rule 37 motion to compel as a vehicle for expanding discovery beyond what the Court ordered represents an improper end-run around the discovery process.

### CONCLUSION

WHEREFORE, Defendant Sheriff Dart respectfully requests that this Honorable Court deny Plaintiff's motion to compel and provide any other relief that this Honorable Court deems equitable and just.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: May 1, 2026

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770

10